## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on )
behalf of all others similarly situated, ) Removed from: Superior Court Department
) Essex County, Massachusetts
Plaintiff, )
) Case No.
vs. ) 05 11594 WGY
) Honorable _____ RCL
PRESIDENT AND FELLOWS OF HARVARD )
COLLEGE, BAYVIEW CREMATORY, LLC, )
a New Hampshire Limited Liability Company ) RECEIPT # 65934
LINDA STOKES, Trustee of the Dekes Realty ) AMOUNT $ 250.00
Trust of 107 South Broadway, Lawrence, ) SUMMONS ISSUED N/A
Massachusetts, and JOHN J. GENTILE ) LOCAL RULE 4.1 ___
) WAIVER FORM ___
) MCF ISSUED ___
MAGISTRATE JUDGE 360 Defendants ) BY DPTY. CLK. MP
MBB ) DATE 1/29/2005
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to the provisions of Class Action Fairness Act, Pub. L. No. 109-2, the

undersigned Defendant, President and Fellows of Harvard College ("Harvard"), by its attorneys

and pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, files this Notice of Removal for the

action captioned *Geraldine Favaloro, et al. v. President and Fellows of Harvard College,*

*Bayview Crematory, LLC, Linda Stokes and John J. Gentile*, Civil Action No. 2005-01144, from

the Massachusetts Superior Court in Essex County. The basis for removal is as follows:

1. Plaintiff, Geraldine Favaloro filed her Complaint in Massachusetts Superior Court

on June 30, 2005.

2. Defendant, Harvard received service of the Summons and Complaint on July 8,

2005. Copies of the Summons and Complaint are attached hereto as Exhibit A.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a putative class action in which plaintiff seeks class-wide relief in excess of $5,000,000 and at least one member of the proposed class of plaintiffs is a citizen of a different state from at least one defendant.

4. The named plaintiff in this putative class action is a citizen of Massachusetts. Ex. A, Compl. ¶ 1. She brings this suit on behalf of herself and a proposed class of "all next of kin, family members and/or loved ones of donors to Harvard Medical School Anatomical Gifts Program whose decedent/donor directed cremation of his or her anatomical remains and return of those remains to their next of kin, family members and/or loved ones that were cremated at Bayview Crematory at the direction of Harvard through its agents, within the applicable limitations period." Ex. A, Compl. ¶ 37.

5. The proposed class consists of plaintiffs who are citizens of Massachusetts and plaintiffs who are citizens of other states. According to the Complaint, defendant Bayview Crematory, LLC is a citizen of New Hampshire, and all other defendants are citizens of Massachusetts. Because both the proposed class and the named defendants include parties who are citizens of multiple states, this case meets the diversity requirements for class actions set forth in 28 U.S.C. § 1332(d)(2)(A).

6. Pursuant to § 1332, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Plaintiff seeks an award of damages for three counts of negligence, negligent infliction of emotional distress and reckless and/or intentional infliction of emotional distress for a proposed class of hundreds of persons. *See* Ex. A, Compl. ¶¶ 50-99. The plaintiff, in her civil action coversheet, has claimed

2

an amount of damages for the named plaintiff which, when multiplied by the likely number of class members, exceeds the amount of \$5,000,000.

7. The exception to this Court's jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(A) does not apply to this matter because at least two other class action lawsuits asserting the same or similar factual allegations against defendants Bayview Crematory, LLC and Linda Stokes have been filed during the 3 year period preceding the filing of this proposed class action. The other class actions are *Hunt, et al. v. Bayview Crematory, LLC, et al.,* United States District Court for the District of Massachusetts, Civil Action No. 05-11140 RCL (filed June 2, 2005), and *Anzalone, et al. v. Bayview Crematory, LLC, Linda Stokes, et al.*, Massachusetts Superior Court, Essex County, Civil Action No. 2005-00789 (filed May 12, 2005). Counsel for Plaintiff in this matter is also counsel for the plaintiff in *Anzalone v. Bayview Crematory, et al.* The allegations in the complaints are very similar, and some are identical.

8. The exception to this Court's jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(B) also does not apply to this case. Bayview Crematory, LLC, a New Hampshire citizen, is a primary defendant in this action. The crux of this case is the alleged "unauthorized and illegal operation of the Bayview Crematory, as well as its improper, offensive, and mortifying method of operation, together with its deficient and/or non-existent record-keeping practices." Ex. A, Compl. ¶ 42. The Complaint characterizes the allegations against Bayview Crematory as "the core issues in this case." Ex. A, Compl. ¶ 42. Bayview Crematory's alleged conduct forms the basis for all claims in this matter, and Bayview Crematory, LLC therefore is a primary defendant in this litigation. Because one of the primary defendants is not a citizen of Massachusetts, this case does not fall within the exception to jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(B).

3

9.      Pursuant to 28 U.S.C. § 1453(b), this putative class action may be removed to this Court in accordance with 28 U.S.C. § 1446 without regard to whether the removing defendant is a citizen of Massachusetts. Further, Harvard may remove this action without the consent of all defendants. *Id.*

10.     Harvard files this Notice with the Court within 30 days after service of the Complaint on July 8, 2005.

11.     Written notice of this filing will be provided to the plaintiff promptly after the filing of this Notice as required by 28 U.S.C. § 1446(d).

12.     A copy of this Notice will be filed with the Clerk of the Massachusetts Superior Court, Essex County, promptly after this Notice is filed, as required by 28 U.S.C. § 1446(d).

13.     By filing this Notice of Removal, Harvard does not waive any jurisdictional objection or any other defense that is or may be available to it, including but not limited to the defense of charitable immunity.

WHEREFORE, the President and Fellows of Harvard College remove the subject action, Civil Action No. 2005-01144, from the Superior Court in Essex County, Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By: _____

Donald R. Frederico (BBO # 178220)
Melissa L. Nott (BBO #654546)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: July 29, 2005

4

Assented to by:

JOHN J. GENTILE

By: Douglas Robertson /mln

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
617-227-3240 ext. 315
drobertson@mmmk.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2005, a true and correct copy of this Notice of Removal was served on all counsel of record in this matter.

### By Hand Delivery
Lisa DeBrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, Massachusetts 02110
617-854-3740
617-854-3743 (facsimile)

### By United States Mail
David H. Charlip, Esq.
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954-921-2131
954-921-2191 (facsimile)

### By Electronic Mail and United States Mail
Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
617-227-3240 ext. 315
drobertson@mmmk.com
*Counsel for John J. Gentile*

I also certify that courtesy copies were served on the following counsel:

### By Electronic Mail
Andrew R. Schulman, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, New Hampshire 03110
603-634-4300
Aschulman@gstss.com
*Counsel for Bayview Crematory, LLC*

6

**By United States Mail**
William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, Massachusetts 02360
508-746-6100
*Counsel for Bayview Crematory, LLC*

**By Electronic Mail**
William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Suite 401
Cambridge, Massachusetts 02142
wahern@chelaw.com
mhanneke@chelaw.com
*Counsel for Linda Stokes*

Melissa Mott

7

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 051144 | LAWRENCE SUP COURT | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|---|

PLAINTIFF(S)

Geraldine Favoloro

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Lisa D. Brosse Johnson
Pilot House at Lewis Wharf, Boston, Ma  02110
Board of Bar Oversees number:  632928

DEFENDANT(S) Pres. + Fellows of Harvard College,
Linda Stoless, Th., Bayview Cremalory,
ATTORNEY (if known)  John Gontile

McDermott, Will + Emary (Harvard)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BO4 | Class action / Art | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................. $..........
   2. Total Doctor expenses ................................................... $..........
   3. Total chiropractic expenses .............................................. $..........
   4. Total physical therapy expenses .......................................... $..........
   5. Total other expenses (describe) .......................................... $..........
                                                              Subtotal $..........
B. Documented lost wages and compensation to date ............................... $..........
C. Documented property damages to date ......................................... $..........
D. Reasonably anticipated future medical and hospital expenses .................... $..........
E. Reasonably anticipated lost wages .......................................... $..........
F. Other documented items of damages (describe)
                                                              $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) Ms. Favolora +
   other similarly situated sustained severe emotional distress resulting
   in physical manifestation and in some cases requires treatment     $ 8,750,000
                                                         TOTAL $ $ 750,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                         TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT Anzelone v. Bayview et al. / Essex (Lawrence Ctrm 1) CV 2005-00789

"I hereby certify that I have complied with the requirements of Rule 6 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 6/29/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS



ESSEX,       SS.

TRIAL COURT
SUPERIOR COURT DEPT.
CIVIL NO.



GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

Defendants.

## CLASS REPRESENTATION COMPLAINT

Plaintiff, Geraldine Favaloro **("Ms. Favaloro" or sometimes "Putative Class
Representative")**, sues the Defendants, President and Fellows of Harvard College **("Harvard")**,
Bayview Crematory, LLC, a New Hampshire Limited Liability Company **("Bayview")**, Linda
Stokes, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts
**("Stokes, Trustee")**; and John J. Gentile **("Gentile")(Harvard, Bayview, Stokes, Trustee, and
Gentile are sometimes referred to collectively as the "Defendants")** and alleges:

1

## The Parties

1.      Ms. Favaloro is *sui* juris and a resident of Gloucester, Massachusetts.

2.      Harvard is an educational entity organized and existing under the laws of the Commonwealth of Massachusetts, maintaining its principal place of business in Cambridge, Massachusetts. Harvard has a Medical School that includes an Office of Anatomical Resources.

3.      Bayview is a duly organized and existing limited liability company in the State of New Hampshire, maintaining its principal place of business in Seabrook, New Hampshire.

4.      Stokes, Trustee is the Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, the fee title holder to the real property and improvements constituting the Bayview Crematory.

5.      Gentile is a licensed funeral director in the Commonwealth of Massachusetts, maintaining his principal place of business in Maulden, Massachusetts.

## Jurisdiction and Venue

6.      Harvard is subject to the jurisdiction of this Court in that it is an entity maintaining its principal place of business in Cambridge, Massachusetts.

7.      Bayview is subject to the jurisdiction of this Court pursuant to Massachusetts General Laws, Chapter 223A, § 3 in that it transacts business in this Commonwealth in its dealings with Gentile; contracts to supply services in this Commonwealth in the form of removal of decedents to Bayview's crematory in New Hampshire and the ensuing return of their remains to Harvard and Gentile in this Commonwealth; caused tortious injury to citizens of this Commonwealth both

2

in and outside of this Commonwealth while engaging in regular business and engaging in a persistent course of conduct and deriving substantial revenue for services rendered.

8.        Stokes is subject to the jurisdiction of this Court pursuant to Massachusetts General Laws, Chapter 223A, § 3 by virtue of having caused tortious injury by an act or omission in this Commonwealth and causing tortious injury in this Commonwealth by an act or omission outside of this Commonwealth by virtue of a persistent course of conduct.

9.        Gentile is subject to the jurisdiction of this Court in that he is a citizen and resident of the Commonwealth of Massachusetts. As a licensed and designated funeral director in the Commonwealth of Massachusetts he arranges with Harvard for the transportation of decedents' anatomical remains from Harvard's Medical School to Bayview for cremation and the ensuing return of those purported anatomical remains to Harvard for further disposition in accordance with the directions given to Harvard.

10.       Pursuant to 28 U.S.C. § 1332 (d)(4)(A), greater than two-thirds, if not all, of the members of the proposed Class in the aggregate, as set forth herein below, are citizens of the Commonwealth of Massachusetts. The majority of the Defendants from whom significant relief is sought by the members of the Class and whose conduct forms a significant basis for those claims are citizens of the Commonwealth of Massachusetts. Further, the principal injuries occurring to Ms. Favaloro and the members of the Class occurred in the Commonwealth of Massachusetts. In the three (3) years preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against any of the Defendants on behalf of the same persons.

11.      Additionally, and upon information and belief, pursuant to 28 U.S.C. § 1332
(d)(4)(B) two-thirds (2/3) or more of the members of the proposed Class in the aggregate, and
the primary defendants, are citizens of the Commonwealth of Massachusetts.

## Preliminary Allegations

12.      On February 12, 2004, Betty L. Frontiero ("**Ms. Frontiero**"), a resident of
Gloucester, Essex County, Massachusetts died in Gloucester, Massachusetts.

13.      Ms. Favaloro is the daughter of Ms. Frontiero.

14.      Prior to her death, Ms. Frontiero expressed an interest in participating in Harvard
Medical School's Anatomical Gifts Program (the "Anatomical Gifts Program"). In response to
Ms. Frontiero's inquiry for information relating to the Anatomical Gifts Program, Madelaine
Claire Weiss, Associate Director of Harvard's Anatomical Gifts Program, wrote a letter to Ms.
Fronitero dated February 3, 2004. A true and correct copy of the February 3, 2004 letter is
attached hereto, marked Exhibit "A" and made a part hereof.

15.      Ms. Weiss' February 3, 2004 letter was accompanied by a brochure **(the
"Brochure")** and a set of forms, all prepared by Harvard, for making an anatomical donation.
The Brochure describes the method and procedure for the donation of a body. The Brochure
also provides citations to "Religious Support" for anatomical donation, including "Cardinal
Law" that:

> *"The gift of one's body for the purpose of legitimate medical
> research is an act of charity and respect for life. In appreciation
> of such a gift, the school assures the reverent disposition of the
> remains."*

(Emphasis added). A true and correct copy of the Brochure accompanying Ms. Weiss' letter is
attached hereto, marked Exhibit "B" and made a part hereof.

4

16.      Additionally, the Brochure states that at the conclusion of the studies, *"the school will comply with the donor's instructions regarding the disposition of the body as elected on the Instrument of Anatomical Gift."* (Emphasis added). Among the options available to the donor in the Brochure is cremation *"at the expense of the school."* (Emphasis added).

17.      In fact, Harvard is statutorily required to dispose of any body that is the subject of an anatomical gift to Harvard "in accordance with the terms specified by the donor" pursuant to Massachusetts General Laws, Chapter 113, § 13(a).

18.      Ms. Frontiero made a decision to donate her body to Harvard. Ms. Frontiero executed Harvard's forms respectively entitled "Instrument by which I register my wish to make an Anatomical Gift to a Massachusetts Medical School" designated as Harvard Medical School, a "Disposition of Anatomical Remains", and a "Donor Data Sheet". True and correct copies of the Instrument, Disposition, and Donor Data Sheet are attached hereto, marked respectively as Exhibits "C", "D", and "E", and made a part hereof.

19.      Ms. Frontiero's "Disposition of Anatomical Remains" form clearly stated "terms specified" (Massachusetts General Laws, Chapter 113, § 13(a)) by her to have Harvard dispose of her body by cremating and the return of her anatomical remains to her daughter, Ms. Favaloro. The instructions did not authorize or approve the embalming of her body.

20.      After Ms. Frontiero's death on February 12, 2004, her body was taken to the Greeley Funeral Home in Gloucester, Massachusetts.

21.      On February 12, 2004, at 5:20 P.M., Ms. Frontiero's body was receipted for by a designated representative of Harvard Medical School Anatomical Gifts Program. A true and correct copy of Harvard's receipt for Ms. Frontiero's body is attached hereto, marked Exhibit "F" and made a part hereof.

5

22.      On February 13, 2004, while Ms. Frontiero's body was in the care, custody, and control of Harvard, it was embalmed.

23.      On November 2, 2004, nine (9) months after Ms. Frontiero's death, and after Harvard's studies using Ms. Frontiero's body were completed, Harvard Medical School's Anatomical Gifts Program delivered the anatomical remains of Ms. Frontiero to its agent, John J. Gentile.  A true and correct copy of Gentile's receipt for Ms. Frontiero's remains is attached hereto, marked Exhibit "G" and made a part hereof.

24.      Pursuant to Ms. Frontiero's specified terms to Harvard, as set forth on Harvard's Disposition of Anatomical Remains form, Harvard provided Gentile with a "Cremation Route Sheet" and attached authorization and directions that "After cremation place in an individual container clearly marked with donor's name and return remains to Harvard Medical School for . . . return to HMS (for family or other agent by U.S. Mail)".  A true and correct copy of Harvard's Cremation Route Sheet is attached hereto, marked Exhibit "H" and made a part hereof.

25.      Ms. Frontiero's anatomical remains were ostensibly cremated at Bayview on November 9, 2004.  A true and correct copy of Bayview's Cremation Certificate for Ms. Frontiero's purported anatomical remains is attached hereto, marked Exhibit "I" and made a part hereof.

26.      On November 16, 2004, Harvard Medical School's Anatomical Gifts Program receipted for the purported cremated anatomical remains of Ms. Frontiero from Bayview.  A true and correct copy of Harvard's Receipt of Cremated Remains and Release of Liability for Ms. Frontiero's remains is attached hereto, marked Exhibit "J" and made a part hereof.

27.      The purported cremated anatomical remains of Ms. Frontiero were ultimately delivered to Ms. Favaloro thereafter.

6

28.     On or about October 08, 1999, Stokes became the owner, as trustee, of certain real property and improvements located in Rockingham County, New Hampshire. The real property and improvements are known as the Bayview Crematory.

29.     At all times material hereto, and particularly at the time of the acquisition of the real property and improvements known as the Bayview Crematory, Derek A. Wallace was the sole beneficiary of the "Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts".

30.     At all times material hereto, Derek A. Wallace was the individual in control of the day to day operations of the Bayview Crematory acting by and through his trustee, Stokes.

31.     At all times material hereto, Stokes not only knew of the existence and operation of the Bayview Crematory on the real property she held as trustee for Derek A. Wallace, but also aided and assisted Derek A. Wallace in her capacity of titleholder to the subject property in the operation of the Bayview Crematory. Stokes is the mother of Derek A. Wallace.

32.     At all times material hereto, Stokes was fully cognizant and aware of the fact that Bayview was not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America. Further, Stokes was fully cognizant and aware that Bayview Crematory had no authority or approval to conduct business in this Commonwealth, but had and maintained business relations with funeral homes and funeral directors, including Gentile. Stokes permitted Bayview to improperly operate its unauthorized and unapproved business with full knowledge of the foreseeable consequences and likely effect on Favaloro and the Class.

33.     Upon information and belief, in each and every instance, the cremation of a donor of anatomical gifts to Harvard Medical School Anatomical Gifts Program that elected cremation

7

and return of the cremated anatomical remains to his or her family members or other loved ones was performed and carried out by Bayview at its crematory in Seabrook, New Hampshire, for compensation, at the request and direction of Gentile as the agent of Harvard.

34.     Upon information and belief, Bayview was the exclusive crematory for all cremations provided by Harvard through its agent, Gentile, as part of its obligation to the decedent/donors and its statutory duty to *"comply with the donor's instructions"*, as stated in the Brochure and as required by Massachusetts General Laws, Chapter 113, § 13(a).

35.     Bayview was and is not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America.

36.     Bayview's operation of its crematory was not only unauthorized and illegal, it was not in compliance with and did not observe the standards deemed ordinary and proper for the handling and cremation of decedents. Particularly, Bayview performed multiple cremations simultaneously; left bodies to decompose in non-refrigerated containers; generally failed to properly handle the bodies of decedents; and failed to prepare, keep and maintain accurate and proper records of its business. This caused Bayview to return to Harvard and ultimately the families of Ms Favaloro and other Class members, tainted and contaminated remains, or remains that were not consistent with the unique identity of the decedent/donor.

## Class Action Allegations

### Numerosity

37.     The Class sought to be certified is defined as:

8

> All next of kin, family members and/or loved ones of donors to
> Harvard Medical School Anatomical Gifts Program whose
> decedent/donor directed cremation of his or her anatomical
> remains and return of those remains to their next of kin, family
> members and/or loved ones that were cremated at Bayview
> Crematory at the direction of Harvard through its agents, within
> the applicable limitations period.

(collectively, the "Class").

38.      The members of the Class are so numerous that separate joinder of each member is

impracticable.  Upon information and belief, and pending completion of class discovery, the

Class has members in the hundreds, if not thousands, who had next of kin, family members or

loved ones that were donors to Harvard Medical School Anatomical Gifts Program.  These

decedent/donors were cremated as part of the decedent/donor's election and direction to Harvard.

Harvard, through its agent, Gentile, selected Bayview Crematory for the cremation as part of

Harvard's obligation to *"comply with the donor's instructions"*, as stated in the Brochure and as

statutorily required of Harvard by Massachusetts General Laws, Chapter 113, § 13(a).

39.      Harvard, Bayview, Stokes, Trustee and Gentile, as well as any officers, directors or

any person or other entity related to, affiliated with, or employed by any of them are excluded

from membership in the Class.


## Commonality

40.      There are numerous questions of law and fact that are common to the claims of Ms.

Favaloro and the Class members.  Among these common questions of law and fact are the

following:

        a.      Whether the Class members' decedent/donors made an anatomical gift to

        Harvard School of Medicine;

9

b.      Whether the decedent/donors' gift directed cremation and return of the cremated anatomical remains to their next of kin;

c.      Whether Harvard assured the Class members of a reverent disposition of the remains of the decedent/donor;

d.      Whether Harvard complied with the decedent/donor's instructions regarding disposition of his or her anatomical remains;

e.      Whether Harvard complied with Massachusetts General Laws, Chapter 113, § 13(a) in the disposition of the body of the decedent/donors;

f.      Whether the Class members' decedent/donors bodies were obtained by Harvard directly or through its agents, servants, or employees;

g.      Whether Gentile was an agent, servant, or employee of Harvard;

h.      Whether the Class members' decedent/donors bodies were used by Harvard as part of the teaching, studies, investigation, and experimentation of its Medical School;

i.      Whether at the conclusion of Harvard's studies of the Class members' decedents/donors' bodies, the anatomical remains were delivered to Gentile or other funeral home or director;

j.      Whether the anatomical remains of the Class members' decedents were properly cremated at Bayview;

k.      Whether Harvard knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

l.      Whether in light of its plainly stated intent to assure the reverent disposition of the decedents' anatomical remains and to comply with the

10

decedents' instructions, Harvard was charged with the responsibility of determining that the facilities used by its agent, Gentile, were properly authorized and approved as a crematory.

m.     Whether Gentile knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

n.     Whether in light of his principal's plainly stated intent to assure the reverent disposition of the decedents' anatomical remains and to comply with the decedents' instructions, Gentile was charged with the responsibility of determining that Bayview was properly authorized and approved as a crematory.

o.     Whether Gentile knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

p.     Whether Harvard had a duty to the Class members to determine that Bayview was properly authorized and approved as a crematory.

q.     Whether Gentile had a duty to the Class members to determine that the facilities used by Bayview were properly authorized and approved as a crematory.

r.     Whether Harvard complied with Massachusetts General Laws, Chapter 113, § 13(a) in the disposition of the bodies of Ms. Frontiero and the decedent/donors of the Class members.

s.     Whether Harvard's acts of commission or omission resulted in damages to Favaloro and the Class members; and

t.     Whether Gentile's acts of commission or omission resulted in damages to Favaloro and the Class members.

11

## Typicality

41.    The claims of Ms. Favaloro are typical of the claims of the members of the Class in that each class member was to receive the cremated anatomical remains of their respective decedent/donor, after Harvard had completed its studies. The body of the decedent/donor of each member of the Class was, according to Harvard, assured of a reverent disposition, in accordance with the instructions of the decedent.

42.    The unauthorized and illegal operation of the Bayview Crematory, as well as its improper, offensive, and mortifying method of operation, together with its deficient and/or non-existent record-keeping practices, as well as the failure of Harvard and Gentile to make even the slightest investigation or determination of Bayview's authorization to conduct business as a crematory, all resulted in an offensively irreverent disposition of the anatomical remains of the class members' decedent/donors and resulting damage to Ms. Favaloro and the members of the Class. These are the core issues in this case which present issues of fact and law that predominate over all other issues in this matter.

43.    Ms. Favaloro. as well as the members of the Class, have all had their deceased loved ones cremated at an illegal, unauthorized and improper facility, as part of the obligations assumed, promised and agreed to by Harvard and its agents, servants, and employees in exchange for *"the gift of one's body"* and  as part of *"the moral imperative to offer and use our lives for the enablement of each other"*. Upon information and belief, there has never been a prior lawsuit certified for class treatment in Massachusetts on behalf of Ms. Favaloro or members of the Class.

## Adequacy of Representation

44.     Ms. Favaloro is an adequate representative of the members of the Class and will fairly and adequately protect the interests of the respective class members. She is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature to represent them. There is no hostility of interest between Ms. Favaloro and the unnamed members of the Class.

45.     Ms. Favaloro anticipates no difficulty in the management of this litigation as a Class action. To prosecute this case, Ms. Favaloro has chosen Charlip Law Group, LC and Lisa Debrosse Johnson, Esq. The Charlip Law Group has significant experience, not only in complex litigation and class action litigation, but also mass claims relating to issues and claims similar to those presented in this action. These firms are litigating similar cases in Massachusetts, Maine, and New Hampshire against the same or some of the same Defendants. These firms have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

## Requirements of Rule 23(b)

46.     The decedents of Ms. Favaloro and the members of the Class all were donors to Harvard's Anatomical Gifts Program and were cremated at Bayview.

47.     The basic questions of law and fact common to the claims of Ms. Favaloro and the members of the Class predominate over any question of law and fact affecting any individual member of the Class and class representation is superior to other available methods to the fair and efficient adjudication of the controversy. There are no particular and overriding interests of

13

any member of any of the Class in individually controlling the prosecution of separate claims. Upon information and belief, there is no pending litigation to which any member of any of the Class is a party and in which any question of law or fact presented or controverted in this action is or will be adjudicated. Moreover, there are no difficulties likely to be encountered in the management of the claims on behalf of the members of the Class.

48.      This action is properly maintained as a class action inasmuch as the basic core of operative fact, including but not limited to issues relating to liability, arise from a similar, if not identical underlying factual scenario. A class action is superior to other available methods for the fair and efficient adjudication of the controversy by avoiding a multiplicity of identical suits creating a drain of a time and judicial resources of the Clerk and the Courts.

49.      The defenses asserted by the Defendants will be very similar, if not identical, as to Ms. Favaloro and the members of the Class. It would be impractical to assert and adjudicate these claims and defenses in separate litigation.

## Count I
## Negligence – Bayview

50.      Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

51.      This is an action for damages arising from the negligence of Bayview.

52.      At all times material hereto, Derek A. Wallace was the individual in control of the day-to-day operations of the Bayview Crematory, acting by and through his mother and trustee, Linda Stokes. Further, the actions of Bayview were conducted and carried out by its various representatives, agents, servants, and employees.

14

53.     Derek A. Wallace, Stokes, and other agents of Bayview were fully cognizant and aware of the fact that Bayview was not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America.

54.     Further, Derek A. Wallace, Stokes, and other agents of Bayview were fully cognizant and aware that Bayview Crematory had no authority or approval to conduct business as a crematory or to represent itself as such to Gentile, as well as other funeral homes and directors. Notwithstanding, Bayview initiated and maintained business relations with Gentile, as well as other funeral homes and directors that were for the ostensible benefit of Ms. Favaloro and the Class members. Derek A. Wallace, as the primary operator of Bayview and the sole beneficiary of the trust that held title to the land upon which Bayview was situated, permitted Bayview to operate its unauthorized and unapproved business with full knowledge of the effect on Ms. Favaloro and the Class members.

55.     Bayview had an affirmative duty to assure that the premises would not be used in an unauthorized and unapproved manner. Further, and regardless of its legal status as a crematory, Bayview had an affirmative duty to operate the crematory in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry. These duties included an obligation to assure Ms. Favaloro and the Class members that such use did not create a condition or situation where illegal, improper or unauthorized operation could forseeably cause psychic and/or physical injury to Ms. Favaloro and the Class members.

56.     Bayview's failure to obtain the appropriate authorization and approval for operation of a crematory and Bayview's failure to operate the crematory in a manner consistent with the standard

15

of care and regard for the handling and disposition of dead bodies customary and accepted in the industry constitutes negligence.

57. As a direct and proximate cause of Bayview's negligent acts of omission and commission, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the negligence of Bayview.

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of each Class demand damages against Bayview, together with the costs of this action and such other relief as this Court may deem proper.

## Count II
## Negligence – Harvard

58. Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

59. This is an action for damages arising from the negligence of Harvard.

60. By virtue of Harvard's standard instruments for donation and as mandated by statute, Harvard had an obligation and affirmative duty to the decedent/donors to its Medical School's Anatomical Gifts Program to determine that the facilities used for cremation were authorized and approved, as well as operated properly and in accordance with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

61. Harvard and its agent, Gentile, did not conduct any investigation into the authorization and approval for the operation of the Bayview crematory.

16

62.     Harvard and its agent, Gentile, failed to conduct any investigation into whether the Bayview crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

63.     Harvard and its agent, Gentile, failed to observe the recommendations of national industry associations with regard to the due diligence required of a funeral home and funeral director in determining the licensing, status and operation of a crematory.

64.     Harvard failed to dispose of the bodies of the decedent/donors in accordance with the "terms specified by the donor".

65.     The above-described acts of commission and omission constituted a breach of Harvard's duties to the family members and next of kin of Ms. Frontiero and Class members' decedent/donors.

66.     But for the negligence of Harvard and its agent, Gentile, the unauthorized and unapproved operation of the Bayview crematory would have been discovered; the fact that Bayview was not operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry would have been determined; and the due diligence required of a funeral home and funeral director in determining the licensing, status, and operation of a crematory would have been performed with regard to the Bayview crematory.

67.     As a direct and proximate result of Harvard's negligence, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission and commission of Harvard, its agents and employees.

17

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the Class members demand damages against Harvard, together with the costs of this action and such other relief as this Court may deem proper.

### Count III
### Negligence – Gentile

68.     Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

69.     This is an action for damages arising from the negligence of Gentile.

70.     At all times material hereto, Gentile was a licensed and designated funeral director engaged in a regular course of business that included arranging, as the agent of Harvard, for the cremation of bodies donated to Harvard Medical School's Anatomical Gifts Program.

71.     Gentile charged and was compensated by Harvard for his services.

72.     The instances where Gentile used the Bayview Crematory in the furtherance of the services to be provided for Harvard to Ms. Favaloro and the Class members were not isolated and unique. Rather, Gentile usually and regularly hired, retained, paid, or otherwise made use of the Bayview Crematory in the performance of his duties for Harvard.

73.     Gentile had a duty to determine that the Bayview Crematory was a properly authorized and approved facility. Further, Gentile had a duty to assure that the Bayview Crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry. Also, Gentile had a duty to observe the recommendations of national industry associations with regard to the due diligence required of him in determining the licensing, status and operation of the Bayview crematory.

74.     Gentile had a duty to conduct at least the most minimal investigation and determination into business the practices, procedures, and protocols being conducted on the Bayview Crematory premises.    Had Gentile observed the due diligence requirements recommended by his industry's associations, he would have determined the problems existing at the Bayview Crematory.

75.     Gentile failed to conduct any investigation into the authorization and approval for the operation of the Bayview crematory.

76.     Gentile failed to conduct any investigation into whether the Bayview crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

77.     Gentile failed to observe the recommendations of national industry associations with regard to the due diligence required of a funeral director in determining the licensing, status and operation of a crematory.

78.     Gentile's failure to determine the authorization and propriety of the use of the Bayview premises as a crematory, to assure that the Bayview Crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry, and to observe the recommendations of national industry associations with regard to the due diligence required of a funeral director in determining the licensing, status and operation of a crematory constitutes a breach of the duties owed to Ms. Favaloro and the Class members and was negligent.

79.     As a direct and proximate result of Gentile's negligence, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission and commission of Gentile.

19

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of each Class demand damages against Gentile, together with the costs of this action and such other relief as this Court may deem proper.

## Count IV
## Negligent Infliction of Emotional Distress
## All Defendants

80.     Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

81.     This is an action for negligent infliction of emotional distress resulting from tortious interference with a dead body.

82.     Ms. Favaloro and each of the Class members is a family member, loved one, and/or person related to a decedent/donor.

83.     The Defendants each were responsible for the proper handling of the remains of the decedent/donor related to Ms. Favaloro and the Class members.

84.     At all times material to these claims, Bayview was an unauthorized crematory, illegally and improperly receiving, handling, maintaining and cremating dead bodies, including those decedents of Ms. Favaloro and the Class members. The Defendants' handling of dead bodies were wantonly disrespectful and wholly disregarded of the feelings of Ms. Favaloro and the Class members by virtue of their neglect and inattention, ultimately leaving Ms. Favaloro and the Class members with the knowledge, belief and stigma that the remains of a deceased loved one and/or family member were not disposed of as desired.

20

85.        The acts of commission and omission of the Defendants were so devoid of propriety, that the remains of the deceased loved ones of Ms. Favaloro and the Class members are tainted and contaminated.

86.        The Defendants actions were a violation of the duty they owed to Ms. Favaloro and the Class members. This duty was heightened by virtue of the nature of the stated and recognized service to humanity that was being rendered and the knowledge that Ms. Favaloro and members of the Class were relying upon them for the proper treatment and preservation of the remains of their deceased loved ones and/or family members, in accordance with stated, specified terms.

87.        The Defendants negligent acts constituted a seminal failure so consequential to the emotional well-being of Ms. Favaloro and the Class members, that the resulting horrendous acceptance, handling, treatment and disposition of the loved one and/or family member of each Putative Class Representative and member of the Classes, rose to the level of mutilation and desecration of the body, occasioning indescribable mental pain and suffering to Ms. Favaloro and the Class members, also manifesting itself through significant physical consequences.

88.        The various acts of omission and commission by the Defendants described above constitute at a minimum a reckless and negligent interference with a dead body.

89.        As a direct and proximate result of the reckless and negligent conduct of the Defendants, Ms. Favaloro and the Class members have suffered extreme emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning for which they all claim damages against the Defendants.

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the Class members demand damages against the Defendants, together with the costs of this action and such other relief as this Court may deem proper.

## Count V
## Reckless and/or Intentional Infliction of Emotional Distress
## All Defendants

90.     Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

91.     This is an action for reckless and/or intentional infliction of emotional distress resulting from tortious interference with a dead body.

92.     Ms. Favaloro and each of the Class members is a family member, loved one, and/or person authorized by law to handle the disposition of their respective decedent's remains.

93.     The Defendants intentionally mishandled the remains of the deceased loved one of Ms. Favaloro and/or the Class members.

94.     At all times material to these claims, Bayview was an unauthorized crematory, illegally and improperly receiving, handling, maintaining and cremating dead bodies, including those decedents of Ms. Favaloro and the Class members. The Defendants' handling of dead bodies were wantonly disrespectful and wholly disregarded of the feelings of Ms. Favaloro and the Class members by virtue of their intentional neglect and inattention, ultimately leaving Ms. Favaloro and the Class members with the knowledge, suspicion or belief that the remains of a deceased loved one and/or family member have not been preserved as desired.

95.     The intentional acts of the Defendants were so devoid of propriety, that the anatomical remains of the deceased loved ones of Ms. Favaloro and the Class members are tainted and contaminated.

96.     The Defendants' intentional actions were a violation of the duties they owed to Ms. Favaloro and the Class members. This duty was heightened by virtue of the nature of the stated and

22

recognized service to humanity that was being rendered and the knowledge that Ms. Favaloro and members of the Class were relying upon them for the proper treatment and preservation of the remains of their deceased loved ones and/or family members, in accordance with stated, specified terms.

97.     The Defendants intentional acts constituted a seminal failure so consequential to the emotional well-being of Ms. Favaloro and the Class members, that the resulting horrendous acceptance, handling, treatment and disposition of the loved one and/or family member of each Putative Class Representative and member of the Classes, rose to the level of mutilation and desecration of the body, occasioning indescribable mental pain and suffering to Ms. Favaloro and the Class members, also manifesting itself through significant physical consequences.

98.     The various intentional acts of omission and commission by the Defendants described above constitute at a minimum a reckless and negligent interference with a dead body.

99.     As a direct and proximate result of the intentionally reckless and negligent conduct of the Defendants, Ms. Favaloro and the Class members have suffered extreme emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning for which they all claim damages against the Defendants.

        WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of the Class demand damages against the Defendants, together with the costs of this action and such other relief as this Court may deem proper.

### Count VI
### Class Relief Sought

WHEREFORE, Ms. Favaloro and the members of the Class request that, after completion of class discovery and hearing on a motion for class certification, this Court enter an order:

A.   Certifying this action as a class action under Rule 23, Massachusetts Rules of Civil Procedure;

B.   Designating Ms. Favaloro as the Class Representative;

C.   Appointing Charlip Law Group, LC as lead class counsel and Lisa DeBrosse Johnson as class co-counsel;

D.   An award of damages on each count of the Class Representation Complaint;

E.   An award to the Class members for their costs, interest and reasonable attorneys fees;

F.   An award of attorney's fees to class counsel and class co-counsel in accordance with prevailing factors and considerations for determination of class counsel fees in the Commonwealth of Massachusetts; and

G.   Any and all further relief this Court deems just and proper.

## Demand For Jury Trial

Ms. Favaloro and the members of any certified Class demand trial by jury on all issues so triable as a matter of right.

Dated this _28_ day of June, 2005.

Respectfully Submitted,

Ms. Favaloro, Plaintiff and Putative Class Representative, by her attorneys,

Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

And

David H. Charlip
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

PRO HAC VICE
ADMISSION
PENDING

25

**Harvard Medical School**
Office of Anatomical Resources



Tosteson Medical Education Center 158
260 Longwood Avenue
Boston, Massachusetts 02115
(617) 432-1735
AGP@HMS.Harvard.Edu

February 3, 2004

Mrs. Betty Fronteiro
39 Eastern Avenue
Gloucester, MA 01930

Dear Mrs. Fronteiro,

Thank you for your interest in the donation of your remains after death to Harvard Medical School for the purposes of education and research. Enclosed please find a brochure and a set of the forms necessary to make such a donation.

The blue brochure answers many questions about body donation in Massachusetts. There are three separate forms necessary to make such a donation to Harvard University. We have enclosed a sheet of instructions to guide you in completing these forms. As directed on that sheet please return only one completed copy of each of the "Instrument...," "Donor Data...," and "Disposition..."forms in the stamped, self-addressed envelope to the following address:

> Anatomical Gifts Program
> Harvard Medical School
> 260 Longwood Ave., MEC 158
> Boston, MA 02215

The additional copies are for the donor's personal records, and those of the next-of-kin or executor. Please notify the next-of-kin or executor about the decision to be an anatomical donor before the time of death as that person will need to act promptly on that day to meet the requirements of this program.

Should you have any additional questions please contact us at the Anatomical Gifts Program at 617-432-1735.

Sincerely yours,

Madelaine Claire Weiss (sc)
Madelaine Claire Weiss, MSW, MBA
Associate Director, Anatomical Gifts Program

EXHIBIT A

# ADDITIONAL INFORMATION ON TISSUE OR ORGAN DONATION

Separate arrangements must be made with each organization at the addresses listed below. In general, tissue and organ donations preclude body donation for medical education. Eye donation is compatible with body donation.

**EYES:**

New England Eye Bank
50 Staniford Street
Boston, MA 02114
617-523-3937

National Temporal Bone Registry
Massachusetts Eye & Ear Infirmary
243 Charles Street
Boston, MA 02114
800-822-1327

**BONE, HEART, KIDNEY, LIVER & PANCREAS:**

New England Organ Bank
One Gateway Center
Newton Corner
Newton, MA 02458
617-244-8000
800-446-6362 (24 hours)

**SKIN:**

Shriners Burn Institute
51 Blossom Street
Boston, MA 02114
617-722-3000, ext. 4740

# TO RECEIVE INFORMATION

The Anatomical Gift Programs of the four medical schools in Massachusetts function to encourage donations of bodies after death, for the purpose of medical teaching, study, and research. Instrument of Anatomical Gift forms are available from any one of the medical schools.

## MASSACHUSETTS MEDICAL SCHOOLS

Boston University School of Medicine
Anatomical Gifts Program
80 East Concord Street
Boston, MA 02118-2394
617-638-4245 (638-4144)*

Harvard Medical School
Anatomical Gifts Program
260 Longwood Avenue
Boston, MA 02115
617-432-1735 (432-1379)*

Tufts University School of Medicine
Anatomical Gifts Program
136 Harrison Avenue
Boston, MA 02111
617-636-6685 (636-6610)*

University of Massachusetts Medical
School
Anatomical Gifts Program
55 Lake Avenue North
Worcester, MA 01655
508-856-2460 (856-2460)*

\* Numbers in parentheses to be used nights, weekends, and holidays.

RETAIN THIS BROCHURE WITH DONOR COPY OF INSTRUMENT OF ANATOMICAL GIFT FORM.

REV. 11/98

# BODY DONATION
# AND
# MEDICAL EDUCATION

## ANATOMICAL GIFT PROGRAMS

### OF THE

## MASSACHUSETTS

## MEDICAL SCHOOLS

Boston University School of Medicine
Harvard Medical School
Tufts University School of Medicine
University of Massachusetts Medical School



*Please share the information in this brochure with your family or friends who may be asked to act in your behalf.*

## THE NEED FOR BODIES AFTER DEATH

Dissection of the human body in medical schools constitutes an invaluable and indispensable part of medical education and research. Each year numbers of bodies are needed for the teaching of medical and dental students, post-graduate physicians, nurses, physiotherapists, occupational therapists and students of related disciplines. The principal source of bodies is private donation.

## WHO CAN DONATE

...y competent person over 18 years of age can arrange to donate her/his body for medical education and research (Chapters 353 and 653 of the General Laws of Massachusetts).

## HOW ONE CAN DONATE

In Massachusetts, by law, an individual may arrange for the donation of her/his body after death only by executing the instrument of Anatomical Gift. This instrument, to be valid, must also be signed by two witnesses. A copy of this instrument should be sent to the school designated on the form. It is not sufficient merely to indicate intent on a donor card or driver's license. Massachusetts's law prohibits payment for a body donation.

## TERNATIVE ARRANGEMENTS

Acceptance of an Anatomical Gift is contingent upon the decision of the medical schools at the time of death of the donor. THE MEDICAL SCHOOLS RESERVE THE RIGHT TO DECLINE A PARTICULAR ANATOMICAL GIFT. Because it is not certain that one's gift can be accepted, donors should make alternative arrangements for cremation or interment.

## WHEN DEATH OCCURS

At the time of death of a donor, the person responsible for making final arrangements should call the designated school to determine if the medical school can accept the donation.

If the gift is accepted, transportation of the body should be arranged either with the school or a funeral director. If a funeral director is transporting the body, the school should be called for instructions. The costs of obtaining the Burial/Removal Permit and a certified copy of the Death Certificate and of transportation from the place of death in Massachusetts to the designated school will be paid by the school. The funeral director will be reimbursed only for the cost of these services, according to the policy and levels of reimbursement established by the individual schools. If death occurs outside Massachusetts, the school will bear the cost of that portion of transportation that is within the Commonwealth. The medical school must receive a body with 24 hours after death unless other arrangements are made with the specific school. A BODY THAT HAS BEEN AUTOPSIED, EMBALMED OR IS KNOWN TO CARRY AN INFECTIOUS DISEASE CANNOT BE ACCEPTED.

## WHEN THE STUDIES ARE COMPLETE

In one to two years, when studies are complete, the school will comply with the donor's instructions regarding disposition of the body as elected on the Instrument of Anatomical Gift.

The options available at the present time are: 1) to reclaim the body at the expense of the estate or family for private burial, or 2) to request the medical school to bury the body at Pine Hill Cemetery, Tewksbury, Massachusetts, in a simple coffin and a registered grave at the expense of the school. Required¹ or optional² cremation at the expense of the medical school is presently available only for donations accepted by the University of Massachusetts Medical School¹ and Harvard Medical School². A graveside religious service will be provided if requested.

## RELIGIOUS SUPPORT

The donation of one's body for medical education and research is considered by most religions to be a good and charitable act. The following are excerpts from statements of representatives of the major faiths:

Cardinal Law: *"The gift of one's body for the purpose of legitimate medical research is an act of charity and respect for life. In appreciation of such a gift, the school assures the reverent disposition of the remains."*

Episcopal Bishop Coadjutor Johnson: *"We have a moral imperative to offer and use our lives for the enablement of each other towards health and wholeness. The gift of one's body to the benefit and well being of others is one of the basic ways to respond creatively to that mandate."*

Rabbi Emeritus Gittelsohn: *"If bodies are given to a scientific institution to study, and then are buried after work on them is done, there can be little objection from the liberal point of view."*

## PINE HILL CEMETERY

The Pine Hill Cemetery in Tewksbury, Massachusetts is privately owned and maintained by the four medical schools in the state. Arrangements to attend graveside services after burial can be made through the Farmer and Dee Funeral Home in Tewksbury (978-851-7411) or by contacting the medical school that received the donation. Inasmuch as graves are registered but not marked on the surface, families wishing to provide a gravestone may contact Farmer and Dee Funeral Home. Only horizontal, ground-level stones are permitted. Arrangements to visit the cemetery at times other than the graveside service can also be made through the Farmer and Dee Funeral Home.

Instrument
by which I register my wish to make an Anatomical Gift
to a Massachusetts Medical School

RETURN THIS COPY
TO HARVARD

Sent by request by

Harvard Medical School
Office of Anatomical Resources
ANATOMICAL GIFTS PROGRAM
260 Longwood Avenue, Boston, Massachusetts 02115

BEING OF THE AGE OF EIGHTEEN YEARS OR OVER AND OF SOUND MIND, I HEREBY OFFER
MY BODY, AFTER DEATH, FOR THE ADVANCEMENT OF MEDICAL AND DENTAL EDUCATION
AND RESEARCH TO (check one):

[  ] Boston University School of Medicine          [ ✓ ] Harvard Medical School

[  ] Tufts University School of Medicine           [  ] University of Massachusetts Medical School

The selected medical school may in its sound judgement transfer my body to one of the other listed medical
schools where it would be more useful for the purposes stated.

I understand that NO AUTOPSY should be performed and NO EMBALMING should be done. I further
understand that the medical schools reserve the right at any time to decline a particular anatomical gift and
that acceptance of my body is contingent upon the decision of the medical schools at the time of my death.
For this reason, I understand that I should make alternative arrangements for private interment or cremation
if my offer to be a donor has to be declined. If my gift is accepted, a funeral director should be notified and
requested to call the designated school for instructions. TRANSPORTATION OF THE REMAINS TO
THE SCHOOL MUST OCCUR WITHIN 24 HOURS OF THE TIME OF DEATH, UNLESS SPECIFIC
EXEMPTION IS GRANTED.

The individual medical school will pay the filing fees for a Burial/Removal Permit and per mile costs for
transportation from the place of death in Massachusetts to the designated school. If death occurs outside of
Massachusetts, the school will bear the cost only of that portion of the transportation that is within the
Commonwealth. Policies concerning cremation and burial at the expense of the school vary among the four
Massachusetts Medical Schools; inquire of the individual schools about their policy on cremation expenses.

I FURTHER DIRECT THAT, AFTER STUDIES ARE COMPLETED, THE DESIGNATED SCHOOL
SHOULD:

[  ] Release my remains to my executor or next-of-kin for private burial or cremation at the expense of my
estate. (The University of Massachusetts Medical School and Harvard Medical School have school
specific modifications to this policy. See the accompanying document entitled "Disposition of
Anatomical Remains" for explanation of Harvard University policy on cremation.)

[  ] Bury my remains or cremains (according to the policy of the individual school) at the expense of the
medical school in the Pine Hill Cemetery in Tewksbury, Massachusetts, in a registered grave, with:

[  ] 1. a religious service of the _____ faith;

OR

[  ] 2. without a religious service.

Please complete the reverse side

Rev. 09/26/02



H 000009

Having read this instrument in full and understanding its content and effect, I hereby sign it in the presence of the undersigned witnesses:

Betty L FrontHero
Name of Donor (Please Print)

39 Eastern Que
Mailing Address

Gloucester     Ma   01930
City            State   Zip Code

X
Signature of Donor

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     1-24-1929
Social Security #     Date of Birth

978 283 5440    2-4-2004
Phone            Date

## WITNESSES ATTESTATION

Signed in our presence and we hereby subscribe our names as witnesses:

1) Karen W. Whitcomb
Signature of Witness

Karen Whitcomb
Name of Witness (Please Print)

39 Eastern Que
Address

Gloucester  Mass  01930
City          State   Zip Code

2) Geraldine m. Favaloro
Signature of Witness

Geraldine m. Favaloro
Name of Witness (Please Print)

39 Eastern Que.
Address

Gloucester  ma.  01930
City          State   Zip Code

ADDITIONAL INFORMATION  ***IMPORTANT***

NEXT OF KIN OR EXECUTOR

Geraldine m. Favaloro
Name (Please Print)

39 Eastern Que
Mailing Address

Gloucester  mass  01930
City          State   Zip Code

Daughter
Relationship to Donor

978 283 5440
Telephone Number

INSTRUCTIONS AT TIME OF DEATH OF DONOR

1. Donor cannot be a known carrier of any INFECTIOUS DISEASE at death.
2. No AUTOPSY OR EMBALMING should be done.
3. If Donor is also an EYE DONOR, immediately call the New England Eye Bank at 617-523-3937.
4. The person responsible for making arrangements should call immediately, the school designated on this form to determine if the medical school can accept the donation. THE MEDICAL SCHOOLS RESERVE THE RIGHT TO DECLINE ANY PARTICULAR GIFT. Alternative arrangements will be required in the event that the gift cannot be accepted.

    Boston University    617-638-4245 (4144)         Harvard Medical School    617-432-1735 (1379)
    Tufts University     617-636-6685 (6610)         University of Massachusetts    508-856-2460

5. Body must be delivered to the designated school WITHIN 24 HOURS after death unless other arrangements are made with the specific school.

H 000010

RETURN THIS
TO HARVARD

## Disposition of Anatomical Remains

Harvard Medical School          260 Longwood Avenue
Anatomical Gifts Program        Boston, MA 02115
                                (617) 432-1735

On my own behalf as an anatomical donor, or as Next-of-Kin*, guardian of the deceased at the time of death, executor or administrator with full legal authority for the estate of

Betty L Frontiero        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        1-24-29
(print donor's name)            (social security #)            (date of birth)

I do herein instruct Harvard Medical School to complete the following instructions for the final disposition of the anatomical remains.

Betty L Frontiero                X  Betty Frontiero
(print your name in full)                        (your signature)
39 Eastern Ave                   978 283 5440
(your address: street and apt.)                  (your telephone number)
Gloucester Mass 01930            2-4-2004
(your address: city, state and zip code)          (date)

_____
(your relationship to the donor)

* Next-of-kin relationship is a legal definition. The persons with authority to make such a decision are listed here in order of priority. A subsequent class of persons has authority to make the decision only if there is no person occupying the preceding class. The order of priority is as follows: (1) spouse, (2) an adult son or daughter, (3) either parent, (4) an adult brother or sister, (5) a guardian of the person of the decedent at the time of death, (6) any other person authorized or under obligation to dispose of the body. If you are not the legal next-of-kin of this donor, please indicate with a check mark here [ ] that a person with such a relationship is not available to, or mentally capable of completing this form, and indicate in the space above your relationship to the donor.

INDICATE A SINGLE CHOICE FROM THE FOLLOWING OPTIONS BY PLACING A CHECK MARK(√) WITHIN THE BRACKETS TO THE LEFT OF THAT OPTION.

1. OPTIONS ARRANGED BY HARVARD MEDICAL SCHOOL, <u>WITH CREMATION</u>:

a. [  ] CREMATION OF REMAINS and burial in a registered grave at Pine Hill Cemetery in Tewksbury, MA at the expense of Harvard Medical School.

b. [✓] CREMATION and return of remains to next-of-kin or executor by registered U.S. Mail, at the expense of Harvard Medical School. Send remains to following address:

Geraldine M Favaloro
(name)
39 Eastern Ave
(street address or P.O. Box):
978 283-5440
(apt. number)                    (telephone number)
Gloucester                       mass        01930
(town)                           (state)      (zip code)

c. [  ] CREMATION and hold of remains for pick-up by next-of-kin at a site designated by Harvard Medical School. These specific arrangements can be made only with prior direct contact with the Anatomical Gifts Program at Harvard Medical School (617-432-1735).

(continued over)

EXHIBIT

Version: 12/9/2003

H 000011

2. OPTIONS ARRANGED BY HARVARD MEDICAL SCHOOL, <u>WITHOUT CREMATION</u>:

[ ]  Release of remains, WITHOUT PRIOR CREMATION, to the funeral director/home
identified below, for private burial at expense of the estate (no Harvard stipend for this
option, other than basic transportation at time of death; see option #3 for explanation of
conditions for stipend for cremation only):

_____
(funeral home name)

_____
(street address)

_____
(town)                                      ( state)                    (zip code)

_____
(telephone: area code)        (telephone number)

NOTE:  Beginning on January 1, 2000 Harvard Medical School anatomical donors buried at the
Pine Hill Cemetery will be cremated prior to burial. Requests for exemption from this
policy will be subject to review on an individual basis by the Harvard Anatomical Gifts
Program (517-432-1735).

3. OPTION ARRANGED BY DONOR'S ESTATE, <u>WITH CREMATION</u>*:

a. [  ] Return of remains to funeral director/home listed below for cremation (limited stipend
for cremation costs only*) and final disposition at expense of deceased's estate:

_____
(funeral home name)

_____
(street address)

_____
(town)                                      (state)                    (zip code)

_____
(telephone: area code)        (telephone number)

*A limited stipend may be available from Harvard Medical School for this option. Upon
receipt of an invoice from a funeral director stipulating that the cremation was completed
and a copy of the cremation certificate Harvard Medical School will provide a stipend,
payable only to the funeral director. The stipend will not exceed the cost of the same
service if arranged directly by Harvard Medical School in a facility of its selection (that
is, transportation to the crematory, cremation, and return of the cremains to the school).
It is probable that the stipend available under this option will not be sufficient to cover all
charges assessed by a funeral director for cremation. If you are interested in this option,
please inquire of a funeral director about their full charges for transportation, cremation,
and ultimate disposition of the cremains and contact Harvard to learn the amount of the
currently available stipend.

Version: 12/9/2003

H 000012

DONOR DATA SHEET

## PLEASE PRINT

In addition to the information supplied on the INSTRUMENT OF ANATOMICAL GIFT form, the following information is necessary for the completion of legal documents required at the time of the death of a donor. Please complete the form below and return it with your completed INSTRUMENT.

DONOR'S FULL NAME (First, Middle, Last): Betty Louise Frontiero

DONOR'S LEGAL ADDRESS (Street & number, city or town, county, state, and zip): 39 Eastern Ave Gloucester Mass 01930

DONOR'S DATE OF BIRTH: 1-24-1929

DONOR'S PLACE OF BIRTH: Rockport Massachusetts

DONOR'S SOCIAL SECURITY NUMBER: 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

DONOR'S USUAL OCCUPATION (Prior if retired): At Home

SEX: M (F)                    Now Retired?: _____

DONOR'S MARITAL STATUS (Married, never married, widowed or divorced): Widowed

DONOR'S FATHER · Full Name: Adolph Peura Sr.

Place of Birth: Gloucester Massachusetts

DONOR'S MOTHER  Full Name: Dorothy Mildred Ball

Place of Birth: Lawerance Massachusetts

NEXT-OF-KIN:

Full Name: Geraldine M Favalero

Address: 39 Eastern Ave

City & State: Gloucester Mass

Relationship: daughter        Phone #: 978 283 5440

NEXT-OF-KIN:

Full Name: Karen G Whitcomb

Address: 39 Eastern Ave

City & State: Gloucester Mass

Relationship: Grand daughter   Phone #: 978 283 5440



H 000013

Anatomical Gifts Program

Tosteston Medical Education Center 158
260 Longwood Avenue
Boston, Massachusetts 02115
(617) 432-1735
AGP@HMS.Harvard.Edu

# Receipt of Donor Form

HMS File #   _3186_

DATE:   _2-12-04_

TIME:   _5:20 PM_

The Remains of:   _BETTY L. FRONTIERO_

Were (√)   [√] Delivered   _JOHN K. LEAVITT_

Print Agent Name

[ ] Removed by (agent) _____

Agent Signature

Funeral Home:   _GREELY FUNERAL HOME_

Address:   _212 WASHINGTON ST._

Telephone:   _GLOUCESTER, MA. 01930_
_© 978-283-0698_

Attended by:   _____

Harvard Medical School Personnel
Signature Required

Notes: _____

_____

_____

_____

RETAIN WHITE COPY FOR HMS & YELLOW COPY TO FUNERAL HOME



H 000015

Anatomical Gifts Program

Tosteston Medical Education Center 158
260 Longwood Avenue
Boston, Massachusetts 02115
(617) 432-1735
AGP@HMS.Harvard.Edu

# Receipt of Donor Form

HMS File #    3186

DATE:    11.2.04

TIME:    10:

The Remains of:    Betty Frontiero

Were  (√)    ☐ Delivered

*Print Agent Name*

☑ Removed by (agent)  _____

*Agent Signature*

Funeral Home:    _____

Address:    _____

Telephone:    _____

Attended by:    _____

Harvard Medical School Personnel
*Signature Required*

Notes:    _____

Cynthia McDermott

RETAIN WHITE COPY FOR HMS & YELLOW COPY TO FUNERAL HOME



H 000033

# Cremation Route Sheet

Note: Funeral Director's copies of all forms
contained in separate envelope within this packet.

Harvard Medical School
Anatomical Gifts Program
260 Longwood Avenue
Boston, MA 02115
(617) 432-1735

The following directions represent the specific assignments for this donor only!

Donor's Name: _____ Betty L. Frontiero _____ SS#: _____ 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 _____

Harvard ID#: __3186__ Date of Birth: _____ 1/24/1929 _____ Date of Death: __2/12/2004__

This folder contains the following documents:

- ___X___ Burial permit
- ___X___ Death certificate
- ___X___ Harvard Form: Crem. Auth. Granted to Harvard University
- _____ Crematory specific authorization
- _____ Other_____

After cremation place remains in an individual container clearly marked with donor's name and return remains to Harvard Medical School for the following:

- ___X___ For return to HMS (for family or other agent by U.S. Mail)
- _____ For transfer to Pine Hill Cemetery for burial
- _____ For transfer to Farmer and Dee FH for pick up by family
- _____ Hold at (site)_____for pick up by family

Additonal comments:_____
_____
_____
_____

version 8/27/2002

H 000034

H 000036

3186

Cremation
Certificate
Issued by
Bayview Crematory
204 New Zealand Rd.
Seabrook, NH 03874

I, Hereby certify that the burial permit and medical examiner's certificate prerequisite to cremating the body of

Betty L. Frontiero  late of  Gloucester, Massachusetts

has been dully presented, the same showing that death occurred at  2:05 P.M. Feb.12,2004

Metastatic Liver Cancer  as the cause of death thereof.

Age 75 Date of Cremation Nov. 9, 2004  Cremation # 4677

Date: Nov. 9,2004

Superintendent In charge of Bayview Crematory

Bayview Crematory
204 New Zealand Rd.
Seabrook, NH 03874

H-3186

RECEIPT OF CREMATED REMAINS AND RELEASE OF LIABILITY

The undersigned hereby certify that they have the legal right to take custody and make disposition of the cremated remains of the deceased and hereby acknowledge receipt of the cremated remains of:

NAME OF DECEDENT: Betty L. Frontiero

DATE OF CREMATION: Nov. 9, 2004    CREMATION # 4677

The undersigned further assumes full responsibility for lawful and proper disposition of said cremated remain. The undersigned hereby agree to indemnify and hold harmless Bayview crematory, its agents employees from any and all liability, including attorney fees, and against any loss sustained in connection with the further receipt, shipment of, or disposition of said cremated remain.

Dated this _15th_ day of _November_ 20 _04_

Signature: _Christine McDermott_
                Authorized Representative

Address  Harvard Medical School Longwood Ave, Boston, Mass. 02116

Witness: _____    Relationship to Deceased

EXHIBIT

H 000037

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Geraldine Favaloro, for herself and on behalf
of all others similarly situated ........................................., Plaintiff(s)

v.

President and Fellows of
Harvard College, Bayview Crematory, LLC,
a New Hampshire Limited Liability Company,
Linda Stokes, Trustee of the Dekes Realty Trust of ................., Defendant(s)
107 South Broadway, Lawrence, Massachusetts and
John J. Gentile

President and Fellows of Harvard College

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon _Lisa DeBrosse Johnson_ _____,

plaintiff's attorney, whose address is __The Pilot House at Lewis Wharf, Boston, MA 02110__ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

__Lawrence, Massachusetts__ _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, ~~SUZANNE V. DELVECCHIO~~ Barbara J. Rouse Esquire, at Salem, the 7

day of July , in the year of our Lord two thousand 05

Thomas H. Driscoll Jr.

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Geraldine Favaloro | President & Fellows of Harvard College, Bayview Crematory, LLC, Linda Stokes, John J. Gentile |

| (b) County of Residence of First Listed Plaintiff    Essex, Massachusetts<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Lisa DeBrosse Johnson, The Pilot House, Lewis Wharf Boston,<br>Massachusetts 02110  (617) 854-3740 | Attorneys (If Known)<br>Harvard -- Donald R. Frederico, Melise L. Nott McPherson Hill &<br>Emery LLP 28 State St., Boston, Massachusetts (617) 535-4000 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government<br>    Plaintiff | ☐ 3  Federal Question<br>    (U.S. Government Not a Party) |
| ☐ 2  U.S. Government<br>    Defendant | ☒ 4  Diversity<br>    (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☒ 360 Other Personal<br>    Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>    Med. Malpractice<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>    Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>    & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>    Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 875 Customer Challenge<br>    12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>    Act<br>☐ 900Appeal of Fee Determination<br>    Under Equal Access<br>    to Justice<br>☐ 950 Constitutionality of<br>    State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1  Original<br>    Proceeding | ☒ 2  Removed from<br>    State Court | ☐ 3  Remanded from<br>    Appellate Court | ☐ 4  Reinstated or<br>    Reopened | ☐ 5  Transferred from<br>    another district<br>    (specify) | ☐ 6  Multidistrict<br>    Litigation | ☐ 7  Judge from<br>    Magistrate<br>    Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
Class Action Fairness Act, 28 U.S.C. s. 1332, 1441, 1453, 1446
Brief description of cause:
Claims for negligence, negligent and intentional infliction of emotional distress related to cremation services.

**VII. REQUESTED IN
COMPLAINT:**

☑ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions):

JUDGE    Reginald C. Lindsay

DOCKET NUMBER 05-11140

DATE  7/29/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** ___Geraldine Favaloro, et al. v. President and Fellows of Harvard College, et al.___

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. for patent, trademark or copyright cases

   [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   [ ] V. 150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**
   Lorraine Hunt, et al. v. Bayview Crematory, LLC, et al., Civil Action No. 05-11140 RCL

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES [ ] NO [✓]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**

   YES [ ] NO [✓]

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   YES [ ] NO [✓]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES [ ] NO [ ]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES [✓] NO [ ]

   A. **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division [✓] Central Division [ ] Western Division [ ]

   B. **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division [ ] Central Division [ ] Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

   YES [ ] NO [✓]

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** __Donald R. Frederico, Melissa L. Nott – McDermott Will & Emery LLP__

**ADDRESS** __28 State Street, Boston, Massachusetts 02109__

**TELEPHONE NO.** __617-535-4000__

(CategoryForm.wpd - 5/2/05)