UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) PRESIDENT AND FELLOWS OF HARVARD ) COLLEGE, BAYVIEW CREMATORY, LLC, ) a New Hampshire Limited Liability Company ) LINDA STOKES, Trustee of the Dekes Realty ) Trust of 107 South Broadway, Lawrence, ) Massachusetts, and JOHN J. GENTILE ) ) Defendants ) | Case No. 05-11594 RCL  Honorable Reginald C. Lindsay |

**MOTION TO DISMISS OF DEFENDANT PRESIDENT AND
FELLOWS OF HARVARD COLLEGE**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant President and Fellows of Harvard College ("Harvard") moves to dismiss Count II of the Plaintiff's Complaint, and Counts IV, V and VI to the extent that they purport to assert claims against Harvard, on the grounds that the Complaint fails to state a claim against Harvard on which relief can be granted. As further grounds for this motion, Harvard states:

1. Plaintiff alleges that she has suffered emotional distress as a result of improper practices at the Bayview Crematory in Seabrook, New Hampshire. More specifically, she alleges that her mother was a donor in Harvard's Anatomical Gift Program, a charitable program by which donors agree that, upon their deaths, their bodies may be used by Harvard Medical School for the advancement of medical education and scientific research. She further alleges that, after Harvard completed its studies with her mother's remains, a licensed funeral director

had them sent to Bayview for cremation. Because Bayview allegedly engaged in improper practices, plaintiff alleges that Bayview, Bayview's owner, the funeral director and Harvard are liable for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

2. All of plaintiff's claims against Harvard fail to state a claim because the Uniform Anatomical Gift Act, Mass. Gen. Laws ch. 113, § 13, extends immunity to Harvard for good faith conduct in connection with its Anatomical Gifts Program. Plaintiff has not alleged that Harvard acted in bad faith, and her allegations that Harvard was negligent are insufficient to support the finding of bad faith that would be required to void Harvard's statutory immunity.

3. Plaintiff's claim against Harvard for intentional infliction of emotional distress also fails to state a claim because plaintiff does not allege any conduct by Harvard intended to cause her emotional distress and that could be characterized as "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community," as required under Massachusetts law. Plaintiff also does not allege that any conduct of Harvard on which she bases her claim was directed at her or occurred in her presence, and therefore does not satisfy the causation element of the intentional tort.

4. Plaintiff's claims against Harvard for negligence and negligent infliction of emotional distress are not viable because she does not and cannot allege any factual basis for asserting that Harvard should have foreseen Bayview's alleged illegal activities. Plaintiff's negligence claims also are insufficient because she does not and cannot in good faith allege that her mother's remains were mishandled by the Bayview Crematory.

In support of this Motion, Harvard relies on the Memorandum submitted herewith.

BS199 1468917-1 044541 0032

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Harvard believes that oral argument may assist the Court and wishes to be heard. Harvard therefore requests oral argument of this motion.

## RULE 7.1 CERTIFICATION

Undersigned counsel for Harvard certifies that they have conferred with counsel for the plaintiff and that the parties could not resolve or narrow the issues that are the subject of this motion.

        Respectfully submitted,

        PRESIDENT AND FELLOWS OF HARVARD COLLEGE

        By its attorneys:

        Donald R. Frederico (BBO # 178220)
        Melissa L. Nott (BBO #654546)
        McDERMOTT WILL & EMERY LLP
        28 State Street
        Boston, Massachusetts 02109
        (617) 535-4000

Dated: August 16, 2005

BST99 1468917-1.044541.0032

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2005, a true and correct copy of this Motion to Dismiss was served on all counsel of record in this matter.

**By Hand Delivery**
Lisa DeBrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, Massachusetts 02110
617-854-3740
617-854-3743 (facsimile)
*Counsel for Plaintiff*

**By United States Mail**
David H. Charlip, Esq.
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954-921-2131
954-921-2191 (facsimile)
*Counsel for Plaintiff*

**By Electronic Mail via CM/ECF**
Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
617-227-3240 ext. 315
drobertson@mmmk.com
*Counsel for John J. Gentile*

I also certify that courtesy copies were served on the following counsel:

**By Electronic Mail**
Andrew R. Schulman, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, New Hampshire 03110
603-634-4300
Aschulman@gstss.com
*Counsel for Bayview Crematory, LLC*

**By United States Mail**
William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, Massachusetts 02360
508-746-6100
*Counsel for Bayview Crematory, LLC*

**By Electronic Mail**
William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway, Suite 401
Cambridge, Massachusetts 02142
wahern@chelaw.com
mhanneke@chelaw.com
*Counsel for Linda Stokes*

/s/ Melissa Nott

BST99 1468917-1 044541 0032