US DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL NO. 05-11594 RCL

_____

GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,

    Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS, and JOHN J. GENTILE,

    Defendants.
_____

## ANSWER AND JURY DEMAND OF DEFENDANT BAYVIEW CREMATORY, LLC

The Defendant Bayview Crematory, LLC, by way of answer to the Plaintiff's Complaint says:

### The Parties

1. This defendant lacks knowledge sufficient to form a belief as to the truth of the information contained in paragraph 1.

2. This defendant lacks knowledge sufficient to form a belief as to the truth of the information contained in paragraph 2.

3. Admitted.

4. Admitted.

5. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5.

### Jurisdiction and Venue

6. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. This Defendant denies the allegations contained in paragraph 7.

8. This Defendant denies the allegations contained in paragraph 8.

9. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11.

## **Preliminary Allegations**

12. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. This defendant denies the allegations of this paragraph as phrased.

29. This defendant admits that at all times material Derek A. Wallace was the sole beneficiary of the Dekes Realty Trust and denies the remaining allegations of this paragraph as phrased.

30. This defendant denies the allegations of this paragraph as phrased.

31. Except to admit that Stokes is the mother of Derek A. Wallace and that Stokes knew of the existence and operation of Bayview Crematory, LLC, the defendant denies the remainder of the allegations of paragraph 31.

32. This defendant denies the allegations of this paragraph as phrased.

33. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. This defendant denies the allegations of this paragraph as phrased.

36. This defendant denies the allegations of this paragraph as phrased.

**Class Action Allegations**
**Numerosity**

37. This defendant denies that the alleged class is appropriate for certification.

38. This defendant denies the allegations of this paragraph as phrased.

39. This paragraph contains no factual allegations to which a response is required. To the extent that a response may be required, defendant denies the allegation of this paragraph.

## Commonality

40. This defendant denies the allegations of this paragraph as phrased.

## Typicality

41. This defendant denies the allegations of this paragraph as phrased.

42. This defendant denies the allegations of this paragraph as phrased.

43. Except to deny the allegations that this defendant's facility was illegal, unauthorized and improper, this defendant lacks knowledge sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 43.

## Adequacy of Representation

44. This defendant denies the allegations of this paragraph as phrased.

45. This defendant denies the allegations of this paragraph as phrased.

## Requirements of Rule 23(b)

46. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. This defendant denies the allegations of this paragraph as phrased.

48. This defendant denies the allegations of this paragraph as phrased.

49. This defendant denies the allegations of this paragraph as phrased.

## Count I
## Negligence – Bayview Crematory, LLC

50. This defendant repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

51. This paragraph contains no factual allegations and no response is therefore required.

52. Except to admit that Stokes is the mother of Derek A. Wallace and that she knew of the existence of the Bayview Crematory, LLC the defendant denies the remainder of the allegations of this paragraph.

53. This defendant denies the allegations of this paragraph as phrased.

54. This defendant denies the allegations of this paragraph as phrased.

55. This defendant denies the allegations of this paragraph as phrased.

56. This defendant denies the allegations of this paragraph as phrased.

57. This defendant denies the allegations of this paragraph as phrased.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count II
## Negligence - Harvard

58. This defendant repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

59-67. The allegations of paragraphs 59 thru 67 inclusive thereof do not pertain to this defendant. Accordingly, no response is given thereto. To the extent these allegations may be construed against it, the defendant denies these allegations in their entirety.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count III
## Negligence Gentile

68. This defendant repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

69-79. The allegations of paragraphs 69 thru 79 inclusive thereof do not pertain to this defendant and accordingly no response is given thereto. To the extent these allegations may be construed against it, the defendant denies same.

   WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count IV
## Negligent Infliction of Emotional Distress

80. This defendant repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

81. This paragraph contains no factual allegations and accordingly no response is required.

82. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 82.

83. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 83.

84. This defendant denies the allegations of this paragraph as phrased.

85. This defendant denies the allegations of this paragraph as phrased.

86. This defendant denies the allegations of this paragraph as phrased.

87. This defendant denies the allegations of this paragraph as phrased.

88. This defendant denies the allegations of this paragraph as phrased.

89. This defendant denies the allegations of this paragraph as phrased.

   WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count V
## Reckless and/or Intentional Infliction of Emotional Distress All Defendants

90. This defendant repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

91. This paragraph contains no factual allegations for which a response is required.

92. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 92.

93. This defendant denies the allegations of this paragraph as phrased.

6

94. This defendant denies the allegations of this paragraph as phrased.

95. This defendant denies the allegations of this paragraph as phrased.

96. This defendant denies the allegations of this paragraph as phrased.

97. This defendant denies the allegations of this paragraph as phrased.

98. This defendant denies the allegations of this paragraph as phrased.

99. This defendant denies the allegations of this paragraph as phrased.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

### Count VI
### Class Relief Sought

This count contains no factual allegations and no response is therefore required. To the extent that a response is required, this defendant denies that plaintiffs are entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages do not satisfy the jurisdictional requirements of the Superior Court.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over this defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint must be dismissed due to insufficient process and/or insufficient service of process.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrines of estoppel, laches, release or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiffs' complaint do not meet the requirements of Mass. R. Civ. P. 23.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs do not meet the necessary requirements to constitute a class.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.


        For the Defendant,
        Bayview Crematory, LLC
        By its attorneys,


        */s/ Dona Feeney*
        Dona Feeney
        Three Executive Park Drive, Suite 9
        Bedford, New Hampshire 03110
        (603) 634-4300
        Mass. BBO No. 600749


### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this day been served via the ECF system to the following counsel of record:

Lisa DeBrosse Johnson, Esq.
Law Office Of Lisa Johnson
The Pilot House at Lewis Wharf
Boston, MA 02110

David H. Charlip, Esquire
1930 Harrison Street - Suite 208
Hollywood, Florida 33020

Donald Federico, Esquire
McDermott, Will & Emery, LLP
28 Stete Street
Boston, MA  02109

Douglas Robertson, Esquire
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114

William Ahern, Esquire
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA  02142

William Smith, Esquire
Haverty & Feeney
54 Samoset Street
Plymouth, MA  02360


August 16, 2005                                                    Dona Feeney, Esq.


F:\DFeeney\6364\05726\Favaloro\Answer.doc