UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CASE NO.: 05-11594 RCL
Honorable Reginald C. Lindsay

GERALDINE FAVALORO, for herself and on )
behalf of all others similarly situated, )
    Plaintiff, )
  )
vs. )
  )
PRESIDENT AND FELLOWS OF HARVARD )
COLLEGE, BAYVIEW CREMATORY, LLC, )
a New Hampshire Limited Liability Company, )
LINDA STOKES, TRUSTEE OF THE DEKES )
REALTY TRUST OF 107 SOUTH )
BROADWAY, LAWRENCE, )
MASSACHUSETTS, and JOHN J. GENTILE, )
    Defendants )

### MOTION OF DEFENDANT, JOHN J. GENTILE, FOR DISMISSAL OF COUNT III (NEGLIGENCE); AND THE ALLEGATIONS AGAINST HIM IN COUNT IV, (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) AND COUNT V, (RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

Defendant, John J. Gentile, ("Mr. Gentile") moves pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss Count III, and the allegations against him in Counts IV and V of plaintiff's complaint, for failure to state claims upon which relief can be granted.

As grounds for this motion, Mr. Gentile submits as follows:

1.     To state a cause of action for negligence, the plaintiff must allege duty, breach, causation and damages. Count III alleges a duty to verify Bayview Crematory, LLC's [1] ("Bayview") license, a failure to verify, mishandling of Ms. Betty Frontiero's ("Ms. Frontiero") body by Bayview, causing the plaintiff to experience "emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission

---

[1] There is no allegation of any legal relationship or affiliation between Mr. Gentile and Bayview.

and commission of Gentile." (Para. 79). There are no Massachusetts cases or statutes recognizing a common law or statutory duty to verify a business license. There are no cases or statutes providing for the recovery of personal injuries for failure to verify a business license. Even statutes requiring driver's license verification by car rental companies do not give rise to a common law duty. Nunez v. A & M Rentals, Inc. 63 Mass. App. Ct. 20, 25-26 (2005) (statutory duty to affirm possession of a driver's license did not imply, or give rise to, common law duty to verify license was currently valid, or remained valid, during lease period). Accordingly, Massachusetts does not recognize the cause of action upon which the plaintiff seeks recovery.

The plaintiff, in Count III, seeks recovery of emotional distress damages. The plaintiff's alleged damages of grief and upsetment are not sufficient to sustain her cause of action. A plaintiff "must do more than allege mere upset, dismay, humiliation, grief and anger." Sullivan v. Boston Gas Co., 414 Mass. 129, 137 (1993), quoting Corso v. Merrill, 119 N.H. 647, 653 (1979). However, nowhere in Count III does the plaintiff allege the minimum physiologic ailments (headaches, sleeplessness, stomach pain, nausea, etc) to state an actionable emotional distress claim. Sullivan, 414, Mass. at 140. Accordingly, Count III should be dismissed.

2. As set forth above, Massachusetts does not recognize a cause of action for alleged failure to verify a business license. Additionally, to state a claim for negligent infliction of emotional distress, a plaintiff "must do more than allege mere upset, dismay, humiliation, grief and anger." Sullivan, 414, Mass. at 137. Count IV, like Count III, alleges "emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and a loss of right to grieving and mourning..." Count IV does not allege the objective

symptomology necessary to state a claim for emotional distress. See Sullivan, 414 Mass. at 140. Accordingly, Count IV should be dismissed as to Mr. Gentile.

3. As set forth above, Massachusetts does not recognize a cause of action for alleged failure to verify a business license. Additionally, to state a cause of action for intentional infliction of emotional distress, the plaintiff must allege that the defendant intended to inflict emotional distress, or that the defendant knew or should have known that emotional distress would result, that the defendant's conduct was "extreme and outrageous", beyond the bounds of decency, and that the emotional distress suffered was severe. Quinn v. Walsh, 49 Mass. App. Ct. 696, 706 (2000) (affirming dismissal for failure to state a claim). Assuming, arguendo, for purposes of this motion only, that the plaintiff's emotional stress was severe, the plaintiff, in Count V, does not allege Mr. Gentile's conduct was "extreme and outrageous". Rather, the plaintiff alleges that the "core issue" as to Mr. Gentile was his alleged "failure…to make even the slightest investigation or determination of Bayview's authorization to conduct business as a crematory…". (Para. 42). Even if true, which Mr. Gentile denies, negligent failure to verify a business license is not "extreme and outrageous" conduct, beyond the bounds of decency in a civilized society, so as to be actionable under a theory of intentional infliction of emotional distress. Accordingly, Count V should be dismissed as to Mr. Gentile.

4. Assuming, arguendo, that Mr. Gentile's alleged failure to verify a business license before arranging for transport of Ms. Frontiero's body to Bayview for cremation states a cause of action, the factual allegations concern "the disposition of the body…" G.L. c. 113, §13(a), is an area covered by the "good faith" immunity from suit accorded by G.L. c.

113, §13(c), the application of which is a "matter of law" for this court. See <u>Carey v. N. E. Organ Bank</u>, 2004 WL 875623 (Mass. Super at Pg. 4) (copy attached to memorandum of law as ***Exhibit "A"***). "Good faith" pursuant to §13(c) is an "honest belief, the absence of malice, and the absence of design to defraud or to seek an unconscionable advantage." <u>Carey</u> at Pg. 5, quoting <u>Nicoletta v. Rochester Eye and Human Parts Bank</u>, 529 N.Y. S. 2d. 928 (N.Y. Sup., Sept. 18, 1978). In Massachusetts, policy reasons compel a broad application of good faith immunity. <u>Carey</u> at Pg. 8. The plaintiff's "core" allegation against Mr. Gentile is that he failed to determine if Bayview was licensed to perform cremations. (Para. 42). Given the broad scope of immunity under §13(c), to state a claim the plaintiff would have to allege Mr. Gentile knew Bayview was unlicensed and kept the knowledge a secret, to the plaintiff's detriment. However, no such theory is plead and such a theory would be antithetical to the plaintiff's negligence theory. Accordingly, Count III, and Counts IV and V as to Mr. Gentile, all fail to state a claim, given the broad scope of "good faith" immunity provided by G.L. c.113, §13(c).

5. Where a plaintiff lacks a minimal basis for allegations of bad faith, discovery "in the hopes of somehow finding something helpful…" is not appropriate, nor countenanced. <u>E. A. Miller, Inc. v. South Shore Bank</u>, 405 Mass. 95, 102 (1989) quoting <u>Charbonnier v. Amico</u>, 367 Mass 146, 153 (1975). The plaintiff's "core" allegation against Mr. Gentile is that he failed to confirm Bayview had a crematory license. (Para. 42). The plaintiff does not allege Mr. Gentile acted in bad faith. Accordingly, the plaintiff has <u>no basis</u>, let alone a minimal basis, for seeking discovery against Mr. Gentile. Therefore, G.L. c. 113, §13(c) bars Count III, and Counts IV and V as to Mr. Gentile, making dismissal as to Mr. Gentile appropriate.

For all the above-stated reasons, and for the reasons set forth in the Memorandum of Law submitted in Support of Motion of Defendant, John J. Gentile, for Dismissal of Count III (Negligence); and the allegations against him in Count IV, (Negligent Infliction of Emotional Distress) and Count V, (Reckless and/or Intentional Infliction of Emotional Distress), the defendant, John J. Gentile, respectfully requests that this Honorable Court order that the plaintiff's claims against Mr. Gentile, specifically Count III, and the allegations against him in Counts IV and V, be dismissed.

        Respectfully submitted,

        */s/ Douglas A. Robertson*
        Douglas A. Robertson, B.B.O. No. 552315
        Sean D. Ferrill, B.B.O. No. 654173
        Attorneys for John J. Gentile
        MARTIN, MAGNUSON, MCCARTHY &
          KENNEY
        101 Merrimac Street
        Boston, MA 02114
        (617) 227-3240

## CERTIFICATE OF SERVICE

I, Douglas A. Robertson, attorney for John J. Gentile, hereby certify that on the 16th day of August, I served a copy of the above document, via first-class mail, postage prepaid to:

Lisa DeBrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, MA 02110

William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Suite 401
Cambridge, MA 02142

Donald R. Frederico, Esq.
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109

Andrew R. Schulman, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, NH 03110

William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, MA 02360

David H. Charlip, Esq.
Charlip Law Group, Inc.
Harrison Executive Centre
1930 Harrison Street, 208
Hollywood, FL 33020-5018

Respectfully submitted,

Douglas A. Robertson, B.B.O. No. 552315
Sean D. Ferrill, B.B.O. No. 654173
Attorneys for John J. Gentile
MARTIN, MAGNUSON, MCCARTHY &
    KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240