UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
    _____/

Case No. 05-11594 RCL
Honorable Reginald C. Lindsay

## MOTION FOR REMAND

Pursuant to 28 U.S.C. § 1447(c), Plaintiff, Geraldine Favaloro, by and through her undersigned counsel, files this Motion to Remand the above-styled cause to the Superior Court for Essex County, Massachusetts, and in support thereof would show:

1. On July 29, 2005 Harvard removed this case to this Court pursuant to its Notice under 28 U.S.C. §§ 1332, 1441, 1453 and 1446. Harvard's Notice of Removal asserts that this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A) because this case is a class action that seeks relief in excess of the requisite amount in controversy and at least one member of the proposed class of plaintiffs is a citizen of a different state from at least one defendant.

2.      The provisions of the Class Action Fairness Act ("CAFA") that are pertinent to the issues presented in Harvard's Notice of Removal and this Motion for Remand are the amendments to 28 U.S.C. § 1332 establishing original diversity jurisdiction in federal courts over some class actions. 28 U.S.C. § 1453 permits removal of "class actions", as defined in § 1332(d)(1)(B), if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest" (§ 1332(d)(2)) and "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (§ 1332(d)(2)(A)). § 1332(d)(4)(A) and (B) set forth the circumstances under which a district court shall decline to exercise jurisdiction. It is these mandatory declinations of jurisdiction that form the basis for the remand requested by Ms. Favaloro, as explained in her accompanying Memorandum of Law.

3.      Ms. Favaloro asserts that the burden of establishing federal diversity jurisdiction falls squarely on the shoulders of Harvard. Since there is conflicting decisional law on this important issue, Ms. Favaloro has established the application of the exceptions to jurisdiction as set forth in her accompanying Memorandum of Law.

4.      The Preliminary Allegations of Ms. Favaloro's Class Representation Complaint unqualifiedly allege that the primary acts of negligence and wrongful conduct arise from Harvard's acts of omission and commission, directly and through its agent, Gentile. It is Harvard from which "significant relief is sought by members of the plaintiff class". § 1332(d)(4)(A)(i)(II)(aa). It is Harvard "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class". § 1332(d)(4)(A)(i)(II)(bb) Finally, it is Harvard "who is a citizen of the State in which the original action is filed." § 1332(d)(4)(A)(i)(II)(cc).

5. Further, there is support in Ms. Favaloro's Class Representation Complaint for each of the criteria for mandatory declination of jurisdiction under §§ 1332 (d)(4)(A) and (B).

6. Finally, the traditional bases for the invocation of federal jurisdiction are not present here. In fact, the only diverse defendant, Bayview Crematory, has neither sought removal, nor joined in Harvard's Notice of Removal.

7. As further support for the requested remand to the Essex County Superior Court, Ms. Favaloro has simultaneously submitted her Memorandum of Law.

### Request For Oral Argument

Pursuant to Local Rule 7.1(D), Ms. Favaloro believes that oral argument may assist the Court and wishes to be heard. Accordingly, Ms. Favaloro requests oral argument on this motion.

### Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1 (a)(2), undersigned counsel for Ms. Favaloro certifies that he has conferred with counsel for Harvard and that those parties could not resolve or narrow the issues that are the subject of this motion.

05-11594 RCL

Respectfully Submitted,

Ms. Favaloro, Plaintiff and Putative Class Representative, by her attorneys,

_____
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

And

_____
David H. Charlip
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

### Certificate Of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion For Remand and Supporting Memorandum of Law was served upon counsel for the parties identified on the attached Service List by United States Mail, Postage Prepaid, this 22nd day of August, 2005.

_____
David H. Charlip
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

05-11594 RCL

## SERVICE LIST
## Favaloro vs. President and Fellows of Harvard College, et al
## Case No.: 05-11594 RCL

Donald R. Frederico, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109-1775
Tel: (617) 535-4000
Fax: (617) 535-3800
*Counsel for President and*
*Fellows of Harvard College*

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716
Tel: (617) 227-3240 Ext. 315
Fax: (617) 227-3346
*Counsel for John J. Gentile*

Andrew R. Schulman, Esq.
Getman, Staey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, NH 03110
Tel: (603) 634-4300
*Counsel for Bayview Crematory, LLC*

William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, MA 02360
Tel: (508) 746-6100
*Counsel for Bayview Crematory, LLC*

William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway, Suite 401
Cambridge, MA 02142
Counsel for Linda Stokes