UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

Case No. 05-11594 RCL
Honorable Reginald C. Lindsay

## MEMORANDUM OF LAW IN SUPPORT OF GERALDINE FAVALORO'S MOTION FOR REMAND

### This Case Should Be Remanded

The above-styled cause should be remanded to the Superior Court for Essex County, Massachusetts in that an analysis and application of the provisions of 28 U.S.C. §1332(d)(4) require the Court to decline to exercise jurisdiction on the basis asserted by Harvard.

### Description of and procedural posture of the case

This action was instituted in Trial Court of Massachusetts, Superior Court Department, County of Essex on June 29, 2005. The removing Defendant, President and Fellows of Harvard

College ("Harvard"), was served with original process on July 08, 2005.

On July 29, 2005 Harvard removed this case to this Court pursuant to its Notice under 28 U.S.C. §§ 1332, 1441, 1453 and 1446. Harvard's Notice of Removal asserts that this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A) because this case is a class action that seeks relief in excess of the requisite amount in controversy and at least one member of the proposed class of plaintiffs is a citizen of a different state from at least one defendant. This particular provision of § 1332 is the result of the enactment of The Class Action Fairness Act ("CAFA") which became effective on February 18, 2005 when President George W. Bush signed it into law. Natale v. Pfizer, Inc., 2005 WL 1793451, *2 (D.Mass. July 28, 2005); Berkowitz v. Transfirst Health Services, Inc., 2005 WL 1457910 (E.D.Mo. May 19, 2005).[1]

Plaintiff has timely sought remand to the Essex County Superior Court pursuant to § 1447.

## ARGUMENT
### I.
### The General Provisions of CAFA

The provisions of CAFA that are pertinent to the issues presented in Harvard's Notice of Removal and this Motion for Remand are the amendments to 28 U.S.C. § 1332 establishing original diversity jurisdiction in federal courts over some class actions. 28 U.S.C. § 1453 permits removal of "class actions", as defined in § 1332(d)(1)(B), if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest" (§ 1332(d)(2)) and "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (§ 1332(d)(2)(A)). § 1332 (d)(3) provides for circumstances under which a district court may

---

[1] Copies of unreported decisions cited in this motion are provided for the Court's convenience. See Exhibit "E".

decline to exercise jurisdiction over a class action, and § 1332(d)(4)(A) and (B) set forth the circumstances under which a district court shall decline to exercise jurisdiction. It is these mandatory declinations of jurisdiction that form the basis for the remand requested by Ms. Favaloro, as explained hereinafter.

This Court has already considered the issue of the application of CAFA's provisions to cases commenced prior to the effective date of the Act, but removed subsequent to its effective date of February 18, 2005. Natale, at *11, *supra*. A different issue regarding the jurisdictional changes to § 1332 resulting from the enactment of CAFA has been presented by Harvard's Notice of Removal in this case.

Ms. Favaloro feels that it is important to note that despite the conflicting decisions regarding Congressional intent to shift the burden of proof regarding the propriety of removal under CAFA (Section III, *infra*), the Act does not contain any language altering the long-accepted principle that "any doubts about the propriety of removing an action should be resolved in favor of remand." Miara v. First Allmerica Financial Life Insurance Company, 2005 WL 1463299, *4 (D.Mass. June 16, 2005); In re Massachusetts Diet Drug Litigation, 338 F.Supp.2d 198, 202 (D.Mass. 2004); Tepaske v. Delgado, 2003 WL 23142187, *2 (D.Mass. November 19, 2003); Rodriguez v. Federal National Mortgage Association, 268 F.Supp.2d 87, 89 (D.Mass. 2003); Montana v. Abbot Laboratories, 266 F.Supp.2d 250, 261 (D.Mass. 2003); Giannetti v. Mahoney, 218 F.Supp.2d 8, 10 (D.Mass. 2002); Kingsley v. Lania, 221 F.Supp.2d 93, 95 (D.Mass. 2002). With particular regard to post-CAFA decisional law, *see* Schwartz v. Comcast Corp., 2005 WL 1799414, *4 (E.D.Pa. July 28, 2005); Sneddon v. Hotwire, Inc., 2005 WL 1593593, *2 (N.D.Ca. June 29, 2005); In re Expedia Hotel Taxes and Fees Litigation, 2005 WL 1706920, *1 (W.D.Wash. April 15, 2005).

There is no dispute that this action was commenced on June 29, 2005, subsequent to the effective date of CAFA and the relevant changes to § 1332. However, Ms Favaloro asserts that the mandatory declination provisions of § 1332(d)(4) require remand. Based upon Ms. Favaloro's research, this is a matter of first impression for this Court.

## II.
## CAFA Provisions Requiring Remand

As stated above, Ms. Favaloro relies on the express provisions of both 28 U.S.C. § 1332(d)(4)(A), as well as 28 U.S.C. § 1332(d)(4)(B) to support her argument for remand. § 1332 (d)(4) provides:

> *(4) A district court shall decline to exercise jurisdiction under paragraph (2)—*
>
> *(A)(i) over a class action in which—*
>
> > *(I)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;*
> >
> > *(II)  at least 1 defendant is a defendant—*
> >
> > > *(aa) from whom significant relief is sought by members of the plaintiff class;*
> > >
> > > *(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and*
> > >
> > > *(cc) who is a citizen of the State in which the action was originally filed: and*
> >
> > *(III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and*

>   *(ii)   during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or*
>
>   *(B)   two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.*

There are a number of dependent and independent conclusions that a district court must reach in order to apply the mandatory declination provisions of § 1332(d)(4). These conclusions are normally reached through consideration of the allegations of the Plaintiffs' complaint. It should be pointed out that Ms. Favaloro has specifically asserted both bases for mandatory declination of jurisdiction in her Class Representation Complaint (the "Complaint"). Complaint, ¶¶ 10 and 11.

### III.
### The Burden of Proof Supporting Removal

The traditional burden of demonstrating federal jurisdiction is placed on the removing party. Since the enactment of CAFA, one Federal District Court has ruled that a party seeking remand under § 1332(d)(4)(A) has the burden of demonstrating that the criteria for application of the exceptions to jurisdiction are met. See Waitt v. Merck & Company, 2005 WL 1799740, *2 (W.D.Wash. July 27, 2005). This holding was based upon the Washington Federal District Court's admitted "divination" of Congressional intent from CAFA's legislative history. Waitt, at *2. However, a more recent, thoughtful, and well-reasoned analysis of this issue was made by Judge O'Neill of the Eastern District of Pennsylvania. See Schwartz v. Comcast Corp., 2005 WL 1799414 (E.D.Pa. July 28, 2005). Judge O'Neill initially observed that the same Judiciary

Committee Report that the Waitt court used to "divine" Congressional intent also "demonstrates that at least the Judiciary Committee had a sophisticated understanding of case law regarding diversity jurisdiction, removal, remand, and their alleged abuses" at the time of enactment of CAFA. Schwartz, at *6. Judge O'Neill then goes on to note that where Congress has made so many intended changes discussed in the Judiciary Committee meetings to the exclusion of a change in the burden of proof, "I am . . . hesitant to read into the statute a Congressional intent to shift the longstanding burden of proof for establishing diversity jurisdiction". Schwartz, at *7.

> I can draw only one conclusion from this omission: by making substantive changes with respect to the aggregation rule, but failing to express a concomitant change in the burden of proof, Congress implicitly acknowledged and adopted the longstanding rule that a removing defendant bears the burden of proof for establishing diversity jurisdiction.

Schwartz, at *7.[2] Accordingly, Ms. Favaloro would assert that the burden of establishing federal diversity jurisdiction continues to fall squarely on the shoulders of Harvard. Given the "roiling public brouhaha surrounding this and other – so-called national litigation—reform, the jury is likely to be out on [the Act] . . . for years to come."[3]. In that no definitive decisional law exists as to this important issue, Ms. Favaloro has established the application of the exceptions to jurisdiction as set forth herein below.

## IV.
## The Favaloro Class Representation Complaint

The Favaloro Complaint contains six (6) counts against four (4) defendants. With the exception of the Bayview Crematory, all of the parties to the action are citizens of the

---

[2] Finally, Judge O'Neill supported this conclusion as consistent with the canon "*expressio unius est exclusio alterius*".

[3] The Class Action Fairness Act of 2005: A Perspective, 52 Fed. Law. 46 (June 2005).

Commonwealth of Massachusetts. *See* Complaint, ¶¶ 1-5. Count I asserts a claim against Bayview for negligence in the handling of the putative class members' decedents' remains. The Complaint alleges that Bayview had a duty to operate in a manner consistent with the standard of care observed by other crematories and to obtain all necessary and required approvals for legal operation. *See* Complaint ¶ 55. Count II asserts a claim against Harvard for negligence in the performance of its written and statutory duties to the decedent/donors to its Anatomical Gifts Program ("AGP"), particularly in the investigation and selection of a proper, legal, authorized and approved crematory. The claims of negligence asserted against Harvard by Ms. Favaloro and the putative class members are not only based on Harvard's direct negligence, but also upon a *respondeat superior* theory based upon the negligence of its agent, John J. Gentile.[4] *See* Complaint, ¶¶ 9, 23 70, 71 and 72. The Complaint alleges that Harvard had a duty to determine that the facilities used for cremation were authorized and approved, as well as operated properly in accordance with the standards of the industry. *See* Complaint, ¶ 60. The Complaint further alleges that neither Harvard directly or through its agent conducted any investigation and failed to observe the appropriate due diligence. *See* Complaint, ¶¶ 62 and 63. The Complaint asserts that Harvard failed to observe its obligations to the decedent/donors to the AGP. *See* Complaint, ¶ 64). Count III asserts a claim against Gentile for negligence in the handling of the putative class members' decedents' remains. The Complaint alleges that Gentile had a duty to determine that the facilities used for cremation were authorized and approved, as well as operated properly in accordance with the standards of the industry, as well as a duty to observe the

---

[4] Mr. Gentile is a licensed funeral director in the Commonwealth of Massachusetts who was paid by Harvard for the facilitation of the cremation of the donors to the AGP who instructed Harvard to cremate their anatomical remains after it had completed its studies. Complaint, ¶¶ 18 and 19.

recommendations of his national industry associations. *See* Complaint ¶¶ 73 and 74. Counts IV and V are asserted against all Defendants for negligent infliction of emotional distress and reckless/intentional infliction of emotional distress, respectively.

Significantly, these counts are founded squarely upon the Preliminary Allegations of the Complaint. *See* Complaint, ¶¶ 12 through 36. These Preliminary Allegations unqualifiedly allege that the primary acts of negligence and wrongful conduct arise from Harvard's acts of omission and commission, directly and through its agent, Gentile. It is Harvard from which "significant relief is sought by members of the plaintiff class". § 1332(d)(4)(A)(i)(II)(aa). It is Harvard "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class". § 1332(d)(4)(A)(i)(II)(bb) Finally, it is Harvard "who is a citizen of the State in which the original action is filed." § 1332(d)(4)(A)(i)(II)(cc).

## V.
## Remand Is Required Under § 1332 (d)(4)(A) and (B)

As stated above, Ms. Favaloro does not dispute the preliminary applicability of the provisions of § 1332(d)(2)(A) to this case. Also, in its Notice of Removal, Harvard has correctly anticipated Ms. Favaloro's position that the provisions of CAFA creating jurisdiction in this Court are subject to the mandatory declination provisions and squarely presented the issue to this Court. Notice of Removal, ¶¶ 7 and 8. However, Ms. Favaloro asserts that the plain allegations of the Complaint, as set forth above and as applied below, clearly demonstrate that mandatory declination of jurisdiction is appropriate. Perhaps, in order to defer a detailed rationale supporting the inapplicability of the mandatory declination provisions of § 1332 (d)(4)(A) and (B) set out in its Notice of Removal to a Response to this Motion to Remand, Harvard has

painted the inapplicability in broad, sweeping strokes. A detailed review of the Complaint and cases pending in other jurisdictions more clearly supports Ms. Favaloro's position.

### § 1332(d)(4)(A)(i)(I)

Harvard has casually passed over Ms. Favaloro's allegation that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed . . .". The factual support for this good faith allegation, together with the allegation regarding the Rule 23(a)(1) requirement of "numerosity" set forth in paragraph 38 of the Complaint[5], is necessarily and currently within the exclusive control of Harvard. Ms. Favaloro regrets that Harvard was not more forthcoming in its Notice of Removal on this very important point.[6] It is also obvious that such information would impact on the Rule 23(a)(1) determination of "numerosity" in either this Court or the Superior Court of the Commonwealth. Accordingly, it would be unfair to place too high a standard of proof of demonstrating this requirement on Ms. Favaloro at the pleading stage. Ms. Favaloro asserts that this aspect of "exclusive control" of this particular information so critical to the correct application of the criteria under § 1332(d)(4)(A) as to warrant this Court's permission for Ms. Favaloro to take limited discovery with respect to this jurisdictional issue. See Schwartz v. Comcast Corp., 2005 WL 1799414, *7 (E.D.Pa. July 28, 2005).

---

[5] Paragraph 38 of the Complaint is based upon information and belief, as well as pending completion of class discovery as to "numerosity", to support the pleading requirement at this stage of the litigation.

[6] Ms. Favaloro understands that there may be ultimate issues regarding the disclosure of the specific identity of decedent/donors, but hopes that Harvard may be able to provide her and the Court with numerical designations of decedent/donors differentiated by "citizens of Massachusetts" and "non-citizens of Massachusetts".

### § 1332(d)(4)(A)(i)(II)(aa)

It is apodictic that "significant relief" is sought against Harvard by members of the plaintiff class. The Complaint's Preliminary allegations set forth a similarly situated common core of operative fact relating solely to the obligations of Harvard to its AGP donors, both statutory and otherwise. Complaint, ¶¶ 15, 16, 17, 18 and 19. *See also* Complaint, ¶¶ 40(a)-(i), (l)-(t) as to the Rule 23(b) class element of "commonality". While named as defendants along with Harvard, Mr. Gentile is Harvard's agent and Bayview was the locale where the alleged cremations took place. The thrust of the claims is directed towards Harvard's acts of omission and commission with respect to the putative class. A fair and reasonable reading of the theory of the case as set out in the Complaint clearly makes Harvard the one defendant "from whom significant relief is sought".

### § 1332(d)(4)(A)(i)(II)(bb)

Similarly to the immediately preceding section, there can be no reasonable construction or interpretation of the Complaint other than Harvard's "conduct forms a significant basis for the claims asserted by the proposed plaintiff class". The overwhelming weight of the allegations attributable to the issue of "conduct" are directed specifically to Harvard. Complaint, "Preliminary Allegations". Harvard's duty to Ms. Favaloro and the putative class members arises from the documentation created by Harvard's AGP and applicable Commonwealth statutes. The failure of Harvard and its agent to make the simplest inquiry to determine the legal authority of Bayview to perform cremations makes Ms. Favaloro and the putative class members foreseeable as injured parties. Harvard's negligence is the proximate cause of the injury and damage experienced by Ms. Favaloro and the putative class.

### § 1332(d)(4)(A)(i)(II)(cc)

Harvard is a citizen of the Commonwealth of Massachusetts, "the State in which the action was originally filed".

### § 1332(d)(4)(A)(i)(III)

Harvard's negligent acts of omission and commission represent conduct that resulted in the "principal injuries" occasioned damage to Ms. Favaloro and the putative class members. Harvard's acts of negligent omission and commission occurred in the Commonwealth of Massachusetts, again the "State in which the action was filed . . .".

### § 1332(d)(4)(A)(ii)

Associated with each of the preceding subparts of § 1332(d)(4)(A)(i) is the requirement that during the three (3) years preceding the filing of this action, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." It is clear that this provision is designed to protect a defendant from having to defend multiple, identical class actions by the "same" persons. In its Notice of Removal, Harvard makes much of several other class actions pending in the Commonwealth of Massachusetts.[7], but again, only a portion of information relevant to this requirement is available from the Notice of Removal.

---

[7] Hunt, et al. v. Bayview Crematory, LLC, et al., United States District Court for the District of Massachusetts, Civil Action No. 05-11140 RCL and Anzalone, et al. v. Bayview Crematory, LLC, et al., Superior Court, Essex County, Civil Action No. 2005-00789. Other class actions are pending in Maine, Stinchcomb, et al. v. Bayview Crematory, LLC, et al., Superior Court, Cumberland County, Civil Action No. CV-05337 and in New Hampshire, Ellis, et al. v. Bayview Crematory, LLC, Superior Court, Rockingham County, Civil Action No. 05-C-0350. Copies of the Complaints pending in each of these jurisdictions are attached hereto, marked Exhibits "A" through "D", respectively, and made a part hereof.

In fact, each of these cases fails to fit within the precise language of § 1332(d)(4)(A)(ii). First, generally, none of the other pending class actions are "asserting the same or similar <u>factual</u> allegations . . . on behalf of the same or other persons." (Emphasis added). Second, none of these cases even mention Harvard or involve a class of putative members who are owed the special duty described in Ms. Favaloro's Complaint. Specifically, the <u>Anzalone</u>, <u>Stinchcomb</u>, and <u>Ellis</u> class actions define state-wide classes in their complaints. The plaintiffs/putative class representatives are unique to each class action and there is no overlap of party plaintiffs. These class definitions are directly related to the funeral homes that provided funeral directing services to the plaintiffs/putative class representatives. The funeral home that handled the remains of Ms. Favaloro's mother, Betty L. Frontiero, is not a defendant in either this case or any of the other class actions.

Harvard's legal argument contains partial and incomplete references to the allegations in Ms. Favaloro's Complaint. Particularly, Harvard incorrectly suggests to this Court that Ms. Favaloro has restricted her description of the "core issues" in the case as being Bayview's conduct. Harvard uses this incomplete information provided to this Court to support an apparent argument that <u>Bayview</u>, not <u>Harvard</u> is the primary defendant. Notice of Removal, ¶ 8; Complaint, ¶ 42. The <u>complete</u> paragraph 42 of Ms. Favaloro's Complaint clearly identifies Harvard and Gentile's acts of omission and commission and their "irreverent disposition" of the anatomical remains of the decedent/donors as core issues. Regardless, Ms. Favaloro asserts that the nature of a defendant as "primary" or otherwise is to be determined from a broader, more comprehensive reading of the entire Complaint than from a portion of just one paragraph of the Complaint.

### § 1332(d)(4)(B)

A wholly separate basis for mandatory declination of jurisdiction under § 1332(d)(4) is when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." As noted above and much like the analysis involved in § 1332(d)(4)(A)(i)(I), the factual support for this allegation as set out in ¶ 11 of the Complaint is under the exclusive control of Harvard and, barring a complete and accurate disclosure by Harvard, should properly be the subject of limited discovery available to Ms. Favaloro. See Schwartz v. Comcast Corp., 2005 WL 1799414, *7 (E.D.Pa. July 28, 2005).

### VI.
### The Only "Out-Of-State" Defendant Has Not Sought Removal

"One of the primary historical reasons for diversity jurisdiction 'is the reassurance of fairness and competence that a federal court can supply to an out-of-state defendant facing suit in state court.'"[8] "The Act modifies the standard rules for removal under the Federal Rules of Civil Procedure. . . . (explaining that both removal jurisdiction and diversity jurisdiction seek to guarantee out-of-state defendants a neutral federal arena in which to be heard)."[9] Notwithstanding, it is interesting to note that even without the requirement of consent of all defendants to removal[10], Bayview, the only defendant that is "out-of-state" has not sought

---

[8] Senator Arlen Specter, S.Rep. 109-14, 2005 U.S.C.C.A.N. at 6, 7.
[9] Natale v. Pfizer, Inc., 2005 WL 1793451, *3 (D.Mass. July 28, 2005).
[10] 28 U.S.C. § 1453(b).

removal as a means of seeking "fairness" and "a neutral federal arena". As noted by Chief Judge Young of this Court in Natale v. Pfizer, Inc., 2005 WL 1793451, *3 (D.Mass. July 28, 2005):

> Still, not all class actions may be heard in federal court. Some class actions may yet be heard in state court -- those class actions in which all parties reside in the same state, those with fewer than 100 plaintiffs or with less than $5 million at issue, those where a state government is the main defendant, those against a company in its home state if two-thirds or more of the plaintiffs are residents of such state, and those involving local matters. . . . (describing the Act as "narrowly tailored" to "leave most legitimately local disputes in state court, while ensuring that large, interstate class actions like those typically brought in [state] magnet courts can be heard in federal court").

Natale, at *3. Ms. Favaloro's curiosity is peaked at the lack of initiative on the part of Bayview to seek to invoke federal diversity jurisdiction to afford itself of the traditional protections offered to an out-of-state defendant. Similarly, Ms. Favaloro is intrigued by Harvard's desire to avoid litigating this matter in a Commonwealth Court and uncertain as to the precise nature of the lack of fairness or neutrality it anticipates in that forum. Regardless of the answer to either of these interesting questions, it is apparent that the concerns giving rise to seeking a neutral forum do not really exist.

## CONCLUSION

Based upon the provisions of 28 U.S.C. § 1332(d)(4), the allegations and claims asserted in the Class Representation Complaint filed in this cause, and the argument set forth hereinabove, it is clear that while Harvard's Notice of Removal provides the appearance of a basis for federal jurisdiction in this matter, the mandatory declination provisions of the amendments to § 1332, as implemented by CAFA, require this court remand this action. Accordingly, this cause should be remanded to the Trial Department of the Essex County Superior Court.

05-11594 RCL

Respectfully Submitted,

Geraldine Favaloro,
Plaintiff and Putative Class Representative,
by her attorneys:

*[signature]*

Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

And

*[signature]*

David H. Charlip
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

## Certificate Of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion For Remand and Supporting Memorandum of Law was served upon counsel for the parties identified on the attached Service List by United States Mail, Postage Prepaid, this 21st day of August, 2005.

*[signature]*

David H. Charlip
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

CHARLIP LAW GROUP, LC
1930 Harrison Street, Suite 208, Hollywood, Florida 33020
TEL: 954.921.2131   FAX: 954.921.2191

05-11594 RCL

## SERVICE LIST
### Favaloro vs. President and Fellows of Harvard College, et al
### Case No.: 05-11594 RCL

Donald R. Frederico, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109-1775
Tel: (617) 535-4000
Fax: (617) 535-3800
*Counsel for President and*
*Fellows of Harvard College*

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716
Tel: (617) 227-3240 Ext. 315
Fax: (617) 227-3346
*Counsel for John J. Gentile*

Andrew R. Schulman, Esq.
Getman, Staey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, NH 03110
Tel: (603) 634-4300
*Counsel for Bayview Crematory, LLC*

William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, MA 02360
Tel: (508) 746-6100
*Counsel for Bayview Crematory, LLC*

William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway, Suite 401
Cambridge, MA 02142
*Counsel for Linda Stokes*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.