Commonwealth of Massachusetts
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2005-01144

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 06/30/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/17/2005 | **Session** | C - Civil-CtRm 1 (Lawrence) | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 09/28/2005 | **Answer** | 11/27/2005 | **Rule12/19/20** | 11/27/2005 | |
| **Rule 15** | 11/27/2005 | **Discovery** | 04/26/2006 | **Rule 56** | 05/26/2006 | |
| **Final PTC** | 06/25/2006 | **Disposition** | 08/24/2006 | **Jury Trial** | Yes | |

### PARTIES

**Plaintiff**
Geraldine Favaloro
for herself and on behalf of all others similarly
situated
Active 06/30/2005

**Private Counsel 329932**
David H Charlip
1930 Harrison Street Suite 208
Hollywood, FL 33020
Active 06/30/2005 Notify

**Private Counsel 632428**
Lisa DeBrosse Johnson
Law office of Lisa Johnson
The Pilot House at Lewis Wharf
Boston, MA 02110
Phone: 617-854-3740
Fax: 617-854-3743
Active 07/11/2005 Notify

**Defendant**
President and Fellows of Harvard College
Served: 07/08/2005
Served (answr pending) 07/12/2005

**Defendant**
Bayview Crematory LLC
a New Hampshire Limited Liability Company
Served: 08/02/2005
Served (answr pending) 08/02/2005

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

MAS-20041213
collado

Case 1:05-cv-11594-RCL    Document 21    Filed 08/26/2005    Page 2 of 20

08/17/2005
10:32 AM

Commonwealth of Massachusetts
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2005-01144

**Defendant**
Linda Stokes
Trus of Dekes Rlty Tr 107 S Bdway Law MA
Served: 07/20/2005
Served (answr pending) 07/20/2005

**Defendant**
John J Gentile
Served: 07/11/2005
Served (answr pending) 07/26/2005

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 06/30/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 06/30/2005 | | Origin 1, Type B04, Track F. |
| 06/30/2005 | 2.0 | Plaintiff's MOTION for appointment of special process server Edward Everett Jr. |
| 06/30/2005 | | MOTION (P#2) ALLOWED (Howard Whitehead, Justice) Notices mailed July 06, 2005 |
| 07/12/2005 | 3.0 | SERVICE RETURNED: President and Fellows of Harvard College(Defendant) to Atty Donald R.Frederoco. |
| 07/21/2005 | 4.0 | Plaintiff's MOTION to admit David H Charlip as counsel pro hac vice for Geraldine Favaloro, in support of affidavit. filed 6/30/05 * found in file today's date. |
| 07/26/2005 | 5.0 | SERVICE RETURNED: John J Gentile(Defendant) (in hand to attorney) |
| 08/02/2005 | 6.0 | SERVICE RETURNED: Linda Stokes(Defendant) |
| 08/02/2005 | 7.0 | SERVICE RETURNED:  Bayview Crematory LLC(Defendant) |
| 08/17/2005 | 8.0 | Certified Copy of Notice for Removal to the United States District Court filed by President and Fellows of Harvard College |
| 08/17/2005 | 9.0 | ORDER transferring case to United States District Court (Thomas Murtagh, Justice) |
| 08/17/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**CIVIL ACTION COVER SHEET**

05-1194C

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Geraldine Favoloro | Pres. + Fellows of Harvard College, Linda Stokes, Tr., Bayview Crematory, |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE    02110 | ATTORNEY (if known)    John Gentile |
| Lisa DeBrosse Johnson | |
| Pilot House at Lewis Wharf, Boston, Ma | McDermott. Will + Emery (Harvard) |
| Board of Bar Overseers number:    632928 | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B04 | Class action /tort    (F) | (X) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................. $ ............
   2. Total Doctor expenses .................................................... $ ............
   3. Total chiropractic expenses .............................................. $ ............
   4. Total physical therapy expenses ......................................... $ ............
   5. Total other expenses (describe) ......................................... $ ............
   
   Subtotal $ ............

B. Documented lost wages and compensation to date ............................ $ ............
C. Documented property damages to date ...................................... $ ............
D. Reasonably anticipated future medical and hospital expenses ............... $ ............
E. Reasonably anticipated lost wages ........................................ $ ............
F. Other documented items of damages (describe)

   $ ............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) Ms. Favoloro + other similarly situated sustained severe emotional distress resulting in physical manifestation and in some cases required treatment    $ $750,000

TOTAL $ $ 750,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   Anzelone v. Bayview, et al., Essex (Lawrence (form 1) CV 2005-00789

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 6/29/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

ESSEX,        SS.

TRIAL COURT
SUPERIOR COURT DEPT.
CIVIL NO. O5-1144



---

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

       Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

       Defendants.

---

### CLASS REPRESENTATION COMPLAINT

Plaintiff, Geraldine Favaloro (**"Ms. Favaloro" or sometimes "Putative Class
Representative"**), sues the Defendants, President and Fellows of Harvard College (**"Harvard"**),

Bayview Crematory, LLC, a New Hampshire Limited Liability Company (**"Bayview"**), Linda

Stokes, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts

(**"Stokes, Trustee"**); and John J. Gentile (**"Gentile"**)(**Harvard, Bayview, Stokes, Trustee, and

Gentile are sometimes referred to collectively as the "Defendants"**) and alleges:



A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

1

## The Parties

1.      Ms. Favaloro is *sui* juris and a resident of Gloucester, Massachusetts.

2.      Harvard is an educational entity organized and existing under the laws of the Commonwealth of Massachusetts, maintaining its principal place of business in Cambridge, Massachusetts. Harvard has a Medical School that includes an Office of Anatomical Resources.

3.      Bayview is a duly organized and existing limited liability company in the State of New Hampshire, maintaining its principal place of business in Seabrook, New Hampshire.

4.      Stokes, Trustee is the Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, the fee title holder to the real property and improvements constituting the Bayview Crematory.

5.      Gentile is a licensed funeral director in the Commonwealth of Massachusetts, maintaining his principal place of business in Maulden, Massachusetts.

## Jurisdiction and Venue

6.      Harvard is subject to the jurisdiction of this Court in that it is an entity maintaining its principal place of business in Cambridge, Massachusetts.

7.      Bayview is subject to the jurisdiction of this Court pursuant to Massachusetts General Laws, Chapter 223A, § 3 in that it transacts business in this Commonwealth in its dealings with Gentile; contracts to supply services in this Commonwealth in the form of removal of decedents to Bayview's crematory in New Hampshire and the ensuing return of their remains to Harvard and Gentile in this Commonwealth; caused tortious injury to citizens of this Commonwealth both

in and outside of this Commonwealth while engaging in regular business and engaging in a persistent course of conduct and deriving substantial revenue for services rendered.

8.      Stokes is subject to the jurisdiction of this Court pursuant to Massachusetts General Laws, Chapter 223A, § 3 by virtue of having caused tortious injury by an act or omission in this Commonwealth and causing tortious injury in this Commonwealth by an act or omission outside of this Commonwealth by virtue of a persistent course of conduct.

9.      Gentile is subject to the jurisdiction of this Court in that he is a citizen and resident of the Commonwealth of Massachusetts.  As a licensed and designated funeral director in the Commonwealth of Massachusetts he arranges with Harvard for the transportation of decedents' anatomical remains from Harvard's Medical School to Bayview for cremation and the ensuing return of those purported anatomical remains to Harvard for further disposition in accordance with the directions given to Harvard.

10.     Pursuant to 28 U.S.C. § 1332 (d)(4)(A), greater than two-thirds, if not all, of the members of the proposed Class in the aggregate, as set forth herein below, are citizens of the Commonwealth of Massachusetts. The majority of the Defendants from whom significant relief is sought by the members of the Class and whose conduct forms a significant basis for those claims are citizens of the Commonwealth of Massachusetts.  Further, the principal injuries occurring to Ms. Favaloro and the members of the Class occurred in the Commonwealth of Massachusetts.  In the three (3) years preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against any of the Defendants on behalf of the same persons.

3

11.     Additionally, and upon information and belief, pursuant to 28 U.S.C. § 1332 (d)(4)(B) two-thirds (2/3) or more of the members of the proposed Class in the aggregate, and the primary defendants, are citizens of the Commonwealth of Massachusetts.

## Preliminary Allegations

12.     On February 12, 2004, Betty L. Frontiero (**"Ms. Frontiero"**), a resident of Gloucester, Essex County, Massachusetts died in Gloucester, Massachusetts.

13.     Ms. Favaloro is the daughter of Ms. Frontiero.

14.     Prior to her death, Ms. Frontiero expressed an interest in participating in Harvard Medical School's Anatomical Gifts Program (the "Anatomical Gifts Program"). In response to Ms. Frontiero's inquiry for information relating to the Anatomical Gifts Program, Madelaine Claire Weiss, Associate Director of Harvard's Anatomical Gifts Program, wrote a letter to Ms. Fronitero dated February 3, 2004. A true and correct copy of the February 3, 2004 letter is attached hereto, marked Exhibit "A" and made a part hereof.

15.     Ms. Weiss' February 3, 2004 letter was accompanied by a brochure (**the "Brochure"**) and a set of forms, all prepared by Harvard, for making an anatomical donation. The Brochure describes the method and procedure for the donation of a body. The Brochure also provides citations to "Religious Support" for anatomical donation, including "Cardinal Law" that:

> *"The gift of one's body for the purpose of legitimate medical research is an act of charity and respect for life. In appreciation of such a gift, the school assures the reverent disposition of the remains."*

(Emphasis added). A true and correct copy of the Brochure accompanying Ms. Weiss' letter is attached hereto, marked Exhibit "B" and made a part hereof.

16.    Additionally, the Brochure states that at the conclusion of the studies, *"the school will comply with the donor's instructions regarding the disposition of the body as elected on the Instrument of Anatomical Gift."* (Emphasis added).  Among the options available to the donor in the Brochure is cremation *"at the expense of the school."* (Emphasis added).

17.    In fact, Harvard is statutorily required to dispose of any body that is the subject of an anatomical gift to Harvard "in accordance with the terms specified by the donor" pursuant to Massachusetts General Laws, Chapter 113, § 13(a).

18.    Ms. Frontiero made a decision to donate her body to Harvard.  Ms. Frontiero executed Harvard's forms respectively entitled "Instrument by which I register my wish to make an Anatomical Gift to a Massachusetts Medical School" designated as Harvard Medical School, a "Disposition of Anatomical Remains", and a "Donor Data Sheet".  True and correct copies of the Instrument, Disposition, and Donor Data Sheet are attached hereto, marked respectively as Exhibits "C", "D", and "E", and made a part hereof.

19.    Ms. Frontiero's "Disposition of Anatomical Remains" form clearly stated "terms specified" (Massachusetts General Laws, Chapter 113, § 13(a)) by her to have Harvard dispose of her body by cremating and the return of her anatomical remains to her daughter, Ms. Favaloro. The instructions did not authorize or approve the embalming of her body.

20.    After Ms. Frontiero's death on February 12, 2004, her body was taken to the Greeley Funeral Home in Gloucester, Massachusetts.

21.    On February 12, 2004, at 5:20 P.M., Ms. Frontiero's body was receipted for by a designated representative of Harvard Medical School Anatomical Gifts Program.  A true and correct copy of Harvard's receipt for Ms. Frontiero's body is attached hereto, marked Exhibit "F" and made a part hereof.

22.    On February 13, 2004, while Ms. Frontiero's body was in the care, custody, and control of Harvard, it was embalmed.

23.    On November 2, 2004, nine (9) months after Ms. Frontiero's death, and after Harvard's studies using Ms. Frontiero's body were completed, Harvard Medical School's Anatomical Gifts Program delivered the anatomical remains of Ms. Frontiero to its agent, John J. Gentile. A true and correct copy of Gentile's receipt for Ms. Frontiero's remains is attached hereto, marked Exhibit "G" and made a part hereof.

24.    Pursuant to Ms. Frontiero's specified terms to Harvard, as set forth on Harvard's Disposition of Anatomical Remains form, Harvard provided Gentile with a "Cremation Route Sheet" and attached authorization and directions that "After cremation place in an individual container clearly marked with donor's name and return remains to Harvard Medical School for . . . return to HMS (for family or other agent by U.S. Mail)". A true and correct copy of Harvard's Cremation Route Sheet is attached hereto, marked Exhibit "H" and made a part hereof.

25.    Ms. Frontiero's anatomical remains were ostensibly cremated at Bayview on November 9, 2004. A true and correct copy of Bayview's Cremation Certificate for Ms. Frontiero's purported anatomical remains is attached hereto, marked Exhibit "I" and made a part hereof.

26.    On November 16, 2004, Harvard Medical School's Anatomical Gifts Program receipted for the purported cremated anatomical remains of Ms. Frontiero from Bayview. A true and correct copy of Harvard's Receipt of Cremated Remains and Release of Liability for Ms. Frontiero's remains is attached hereto, marked Exhibit "J" and made a part hereof.

27.    The purported cremated anatomical remains of Ms. Frontiero were ultimately delivered to Ms. Favaloro thereafter.

6

28.    On or about October 08, 1999, Stokes became the owner, as trustee, of certain real property and improvements located in Rockingham County, New Hampshire. The real property and improvements are known as the Bayview Crematory.

29.    At all times material hereto, and particularly at the time of the acquisition of the real property and improvements known as the Bayview Crematory, Derek A. Wallace was the sole beneficiary of the "Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts".

30.    At all times material hereto, Derek A. Wallace was the individual in control of the day to day operations of the Bayview Crematory acting by and through his trustee, Stokes.

31.    At all times material hereto, Stokes not only knew of the existence and operation of the Bayview Crematory on the real property she held as trustee for Derek A. Wallace, but also aided and assisted Derek A. Wallace in her capacity of titleholder to the subject property in the operation of the Bayview Crematory. Stokes is the mother of Derek A. Wallace.

32.    At all times material hereto, Stokes was fully cognizant and aware of the fact that Bayview was not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America. Further, Stokes was fully cognizant and aware that Bayview Crematory had no authority or approval to conduct business in this Commonwealth, but had and maintained business relations with funeral homes and funeral directors, including Gentile. Stokes permitted Bayview to improperly operate its unauthorized and unapproved business with full knowledge of the foreseeable consequences and likely effect on Favaloro and the Class.

33.    Upon information and belief, in each and every instance, the cremation of a donor of anatomical gifts to Harvard Medical School Anatomical Gifts Program that elected cremation

and return of the cremated anatomical remains to his or her family members or other loved ones was performed and carried out by Bayview at its crematory in Seabrook, New Hampshire, for compensation, at the request and direction of Gentile as the agent of Harvard.

34.     Upon information and belief, Bayview was the exclusive crematory for all cremations provided by Harvard through its agent, Gentile, as part of its obligation to the decedent/donors and its statutory duty to *"comply with the donor's instructions"*, as stated in the Brochure and as required by Massachusetts General Laws, Chapter 113, § 13(a).

35.     Bayview was and is not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America.

36.     Bayview's operation of its crematory was not only unauthorized and illegal, it was not in compliance with and did not observe the standards deemed ordinary and proper for the handling and cremation of decedents.  Particularly, Bayview performed multiple cremations simultaneously; left bodies to decompose in non-refrigerated containers; generally failed to properly handle the bodies of decedents; and failed to prepare, keep and maintain accurate and proper records of its business.  This caused Bayview to return to Harvard and ultimately the families of Ms Favaloro and other Class members, tainted and contaminated remains, or remains that were not consistent with the unique identity of the decedent/donor.

## Class Action Allegations

### Numerosity

37.     The Class sought to be certified is defined as:

> All next of kin, family members and/or loved ones of donors to
> Harvard Medical School Anatomical Gifts Program whose
> decedent/donor directed cremation of his or her anatomical
> remains and return of those remains to their next of kin, family
> members and/or loved ones that were cremated at Bayview
> Crematory at the direction of Harvard through its agents, within
> the applicable limitations period.

(collectively, the "Class").

38.     The members of the Class are so numerous that separate joinder of each member is

impracticable.  Upon information and belief, and pending completion of class discovery, the

Class has members in the hundreds, if not thousands, who had next of kin, family members or

loved ones that were donors to Harvard Medical School Anatomical Gifts Program.  These

decedent/donors were cremated as part of the decedent/donor's election and direction to Harvard.

Harvard, through its agent, Gentile, selected Bayview Crematory for the cremation as part of

Harvard's obligation to *"comply with the donor's instructions"*, as stated in the Brochure and as

statutorily required of Harvard by Massachusetts General Laws, Chapter 113, § 13(a).

39.     Harvard, Bayview, Stokes, Trustee and Gentile, as well as any officers, directors or

any person or other entity related to, affiliated with, or employed by any of them are excluded

from membership in the Class.


### Commonality

40.     There are numerous questions of law and fact that are common to the claims of Ms.

Favaloro and the Class members.  Among these common questions of law and fact are the

following:

> a.     Whether the Class members' decedent/donors made an anatomical gift to
>
> Harvard School of Medicine;

b.      Whether the decedent/donors' gift directed cremation and return of the cremated anatomical remains to their next of kin;

c.      Whether Harvard assured the Class members of a reverent disposition of the remains of the decedent/donor;

d.      Whether Harvard complied with the decedent/donor's instructions regarding disposition of his or her anatomical remains;

e.      Whether Harvard complied with Massachusetts General Laws, Chapter 113, § 13(a) in the disposition of the body of the decedent/donors;

f.      Whether the Class members' decedent/donors bodies were obtained by Harvard directly or through its agents, servants, or employees;

g.      Whether Gentile was an agent, servant, or employee of Harvard;

h.      Whether the Class members' decedent/donors bodies were used by Harvard as part of the teaching, studies, investigation, and experimentation of its Medical School;

i.      Whether at the conclusion of Harvard's studies of the Class members' decedents/donors' bodies, the anatomical remains were delivered to Gentile or other funeral home or director;

j.      Whether the anatomical remains of the Class members' decedents were properly cremated at Bayview;

k.      Whether Harvard knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

l.      Whether in light of its plainly stated intent to assure the reverent disposition of the decedents' anatomical remains and to comply with the

10

decedents' instructions, Harvard was charged with the responsibility of determining that the facilities used by its agent, Gentile, were properly authorized and approved as a crematory.

m.      Whether Gentile knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

n.      Whether in light of his principal's plainly stated intent to assure the reverent disposition of the decedents' anatomical remains and to comply with the decedents' instructions, Gentile was charged with the responsibility of determining that Bayview was properly authorized and approved as a crematory.

o.      Whether Gentile knew or should have known that Bayview was not a properly authorized or approved crematory in the State of New Hampshire;

p.      Whether Harvard had a duty to the Class members to determine that Bayview was properly authorized and approved as a crematory.

q.      Whether Gentile had a duty to the Class members to determine that the facilities used by Bayview were properly authorized and approved as a crematory.

r.      Whether Harvard complied with Massachusetts General Laws, Chapter 113, § 13(a) in the disposition of the bodies of Ms. Frontiero and the decedent/donors of the Class members.

s.      Whether Harvard's acts of commission or omission resulted in damages to Favaloro and the Class members; and

t.      Whether Gentile's acts of commission or omission resulted in damages to Favaloro and the Class members.

## Typicality

41.     The claims of Ms. Favaloro are typical of the claims of the members of the Class in
that each class member was to receive the cremated anatomical remains of their respective
decedent/donor, after Harvard had completed its studies. The body of the decedent/donor of
each member of the Class was, according to Harvard, assured of a reverent disposition, in
accordance with the instructions of the decedent.

42.     The unauthorized and illegal operation of the Bayview Crematory, as well as its
improper, offensive, and mortifying method of operation, together with its deficient and/or non-
existent record-keeping practices, as well as the failure of Harvard and Gentile to make even the
slightest investigation or determination of Bayview's authorization to conduct business as a
crematory, all resulted in an offensively irreverent disposition of the anatomical remains of the
class members' decedent/donors and resulting damage to Ms. Favaloro and the members of the
Class.   These are the core issues in this case which present issues of fact and law that
predominate over all other issues in this matter.

43.     Ms. Favaloro. as well as the members of the Class, have all had their deceased loved
ones cremated at an illegal, unauthorized and improper facility, as part of the obligations
assumed, promised and agreed to by Harvard and its agents, servants, and employees in
exchange for *"the gift of one's body"* and  as part of *"the moral imperative to offer and use our
lives for the enablement of each other"*.  Upon information and belief, there has never been a
prior lawsuit certified for class treatment in Massachusetts on behalf of Ms. Favaloro or
members of the Class.

12

## Adequacy of Representation

44.     Ms. Favaloro is an adequate representative of the members of the Class and will fairly and adequately protect the interests of the respective class members. She is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature to represent them. There is no hostility of interest between Ms. Favaloro and the unnamed members of the Class.

45.     Ms. Favaloro anticipates no difficulty in the management of this litigation as a Class action. To prosecute this case, Ms. Favaloro has chosen Charlip Law Group, LC and Lisa Debrosse Johnson, Esq. The Charlip Law Group has significant experience, not only in complex litigation and class action litigation, but also mass claims relating to issues and claims similar to those presented in this action. These firms are litigating similar cases in Massachusetts, Maine, and New Hampshire against the same or some of the same Defendants. These firms have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

## Requirements of Rule 23(b)

46.     The decedents of Ms. Favaloro and the members of the Class all were donors to Harvard's Anatomical Gifts Program and were cremated at Bayview.

47.     The basic questions of law and fact common to the claims of Ms. Favaloro and the members of the Class predominate over any question of law and fact affecting any individual member of the Class and class representation is superior to other available methods to the fair and efficient adjudication of the controversy. There are no particular and overriding interests of

13

any member of any of the Class in individually controlling the prosecution of separate claims. Upon information and belief, there is no pending litigation to which any member of any of the Class is a party and in which any question of law or fact presented or controverted in this action is or will be adjudicated. Moreover, there are no difficulties likely to be encountered in the management of the claims on behalf of the members of the Class.

48.      This action is properly maintained as a class action inasmuch as the basic core of operative fact, including but not limited to issues relating to liability, arise from a similar, if not identical underlying factual scenario. A class action is superior to other available methods for the fair and efficient adjudication of the controversy by avoiding a multiplicity of identical suits creating a drain of a time and judicial resources of the Clerk and the Courts.

49.      The defenses asserted by the Defendants will be very similar, if not identical, as to Ms. Favaloro and the members of the Class. It would be impractical to assert and adjudicate these claims and defenses in separate litigation.

## Count I
### Negligence – Bayview

50.      Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

51.      This is an action for damages arising from the negligence of Bayview.

52.      At all times material hereto, Derek A. Wallace was the individual in control of the day-to-day operations of the Bayview Crematory, acting by and through his mother and trustee, Linda Stokes. Further, the actions of Bayview were conducted and carried out by its various representatives, agents, servants, and employees.

14

53.     Derek A. Wallace, Stokes, and other agents of Bayview were fully cognizant and aware of the fact that Bayview was not a state authorized and approved crematory in the State of New Hampshire and had no official authority to conduct the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America.

54.     Further, Derek A. Wallace, Stokes, and other agents of Bayview were fully cognizant and aware that Bayview Crematory had no authority or approval to conduct business as a crematory or to represent itself as such to Gentile, as well as other funeral homes and directors. Notwithstanding, Bayview initiated and maintained business relations with Gentile, as well as other funeral homes and directors that were for the ostensible benefit of Ms. Favaloro and the Class members. Derek A. Wallace, as the primary operator of Bayview and the sole beneficiary of the trust that held title to the land upon which Bayview was situated, permitted Bayview to operate its unauthorized and unapproved business with full knowledge of the effect on Ms. Favaloro and the Class members.

55.     Bayview had an affirmative duty to assure that the premises would not be used in an unauthorized and unapproved manner. Further, and regardless of its legal status as a crematory, Bayview had an affirmative duty to operate the crematory in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry. These duties included an obligation to assure Ms. Favaloro and the Class members that such use did not create a condition or situation where illegal, improper or unauthorized operation could forseeably cause psychic and/or physical injury to Ms. Favaloro and the Class members.

56.     Bayview's failure to obtain the appropriate authorization and approval for operation of a crematory and Bayview's failure to operate the crematory in a manner consistent with the standard

of care and regard for the handling and disposition of dead bodies customary and accepted in the industry constitutes negligence.

57.     As a direct and proximate cause of Bayview's negligent acts of omission and commission, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the negligence of Bayview.

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of each Class demand damages against Bayview, together with the costs of this action and such other relief as this Court may deem proper.

## Count II
## Negligence – Harvard

58.     Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

59.     This is an action for damages arising from the negligence of Harvard.

60.     By virtue of Harvard's standard instruments for donation and as mandated by statute, Harvard had an obligation and affirmative duty to the decedent/donors to its Medical School's Anatomical Gifts Program to determine that the facilities used for cremation were authorized and approved, as well as operated properly and in accordance with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

61.     Harvard and its agent, Gentile, did not conduct any investigation into the authorization and approval for the operation of the Bayview crematory.

62.        Harvard and its agent, Gentile, failed to conduct any investigation into whether the Bayview crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

63.        Harvard and its agent, Gentile, failed to observe the recommendations of national industry associations with regard to the due diligence required of a funeral home and funeral director in determining the licensing, status and operation of a crematory.

64.        Harvard failed to dispose of the bodies of the decedent/donors in accordance with the "terms specified by the donor".

65.        The above-described acts of commission and omission constituted a breach of Harvard's duties to the family members and next of kin of Ms. Frontiero and Class members' decedent/donors.

66.        But for the negligence of Harvard and its agent, Gentile, the unauthorized and unapproved operation of the Bayview crematory would have been discovered; the fact that Bayview was not operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry would have been determined; and the due diligence required of a funeral home and funeral director in determining the licensing, status, and operation of a crematory would have been performed with regard to the Bayview crematory.

67.        As a direct and proximate result of Harvard's negligence, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission and commission of Harvard, its agents and employees.

17

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the Class members demand damages against Harvard, together with the costs of this action and such other relief as this Court may deem proper.

### Count III
### Negligence – Gentile

68.    Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

69.    This is an action for damages arising from the negligence of Gentile.

70.    At all times material hereto, Gentile was a licensed and designated funeral director engaged in a regular course of business that included arranging, as the agent of Harvard, for the cremation of bodies donated to Harvard Medical School's Anatomical Gifts Program.

71.    Gentile charged and was compensated by Harvard for his services.

72.    The instances where Gentile used the Bayview Crematory in the furtherance of the services to be provided for Harvard to Ms. Favaloro and the Class members were not isolated and unique. Rather, Gentile usually and regularly hired, retained, paid, or otherwise made use of the Bayview Crematory in the performance of his duties for Harvard.

73.    Gentile had a duty to determine that the Bayview Crematory was a properly authorized and approved facility. Further, Gentile had a duty to assure that the Bayview Crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry. Also, Gentile had a duty to observe the recommendations of national industry associations with regard to the due diligence required of him in determining the licensing, status and operation of the Bayview crematory.

74.     Gentile had a duty to conduct at least the most minimal investigation and determination into business the practices, procedures, and protocols being conducted on the Bayview Crematory premises.   Had Gentile observed the due diligence requirements recommended by his industry's associations, he would have determined the problems existing at the Bayview Crematory.

75.     Gentile failed to conduct any investigation into the authorization and approval for the operation of the Bayview crematory.

76.     Gentile failed to conduct any investigation into whether the Bayview crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

77.     Gentile failed to observe the recommendations of national industry associations with regard to the due diligence required of a funeral director in determining the licensing, status and operation of a crematory.

78.     Gentile's failure to determine the authorization and propriety of the use of the Bayview premises as a crematory, to assure that the Bayview Crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry, and to observe the recommendations of national industry associations with regard to the due diligence required of a funeral director in determining the licensing, status and operation of a crematory constitutes a breach of the duties owed to Ms. Favaloro and the Class members and was negligent.

79.     As a direct and proximate result of Gentile's negligence, Ms. Favaloro and the Class members have suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission and commission of Gentile.

19

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of each Class demand damages against Gentile, together with the costs of this action and such other relief as this Court may deem proper.

## Count IV
## Negligent Infliction of Emotional Distress
## All Defendants

80.    Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

81.    This is an action for negligent infliction of emotional distress resulting from tortious interference with a dead body.

82.    Ms. Favaloro and each of the Class members is a family member, loved one, and/or person related to a decedent/donor.

83.    The Defendants each were responsible for the proper handling of the remains of the decedent/donor related to Ms. Favaloro and the Class members.

84.    At all times material to these claims, Bayview was an unauthorized crematory, illegally and improperly receiving, handling, maintaining and cremating dead bodies, including those decedents of Ms. Favaloro and the Class members. The Defendants' handling of dead bodies were wantonly disrespectful and wholly disregarded of the feelings of Ms. Favaloro and the Class members by virtue of their neglect and inattention, ultimately leaving Ms. Favaloro and the Class members with the knowledge, belief and stigma that the remains of a deceased loved one and/or family member were not disposed of as desired.

85.    The acts of commission and omission of the Defendants were so devoid of propriety, that the remains of the deceased loved ones of Ms. Favaloro and the Class members are tainted and contaminated.

86.    The Defendants actions were a violation of the duty they owed to Ms. Favaloro and the Class members.  This duty was heightened by virtue of the nature of the stated and recognized service to humanity that was being rendered and the knowledge that Ms. Favaloro and members of the Class were relying upon them for the proper treatment and preservation of the remains of their deceased loved ones and/or family members, in accordance with stated, specified terms.

87.    The Defendants negligent acts constituted a seminal failure so consequential to the emotional well-being of Ms. Favaloro and the Class members, that the resulting horrendous acceptance, handling, treatment and disposition of the loved one and/or family member of each Putative Class Representative and member of the Classes, rose to the level of mutilation and desecration of the body, occasioning indescribable mental pain and suffering to Ms. Favaloro and the Class members, also manifesting itself through significant physical consequences.

88.    The various acts of omission and commission by the Defendants described above constitute at a minimum a reckless and negligent interference with a dead body.

89.    As a direct and proximate result of the reckless and negligent conduct of the Defendants, Ms. Favaloro and the Class members have suffered extreme emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning for which they all claim damages against the Defendants.

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the Class members demand damages against the Defendants, together with the costs of this action and such other relief as this Court may deem proper.

## Count V
## Reckless and/or Intentional Infliction of Emotional Distress
## All Defendants

90.     Ms. Favaloro adopts and realleges paragraphs 1 through 49 as though fully set forth herein.

91.     This is an action for reckless and/or intentional infliction of emotional distress resulting from tortious interference with a dead body.

92.     Ms. Favaloro and each of the Class members is a family member, loved one, and/or person authorized by law to handle the disposition of their respective decedent's remains.

93.     The Defendants intentionally mishandled the remains of the deceased loved one of Ms. Favaloro and/or the Class members.

94.     At all times material to these claims, Bayview was an unauthorized crematory, illegally and improperly receiving, handling, maintaining and cremating dead bodies, including those decedents of Ms. Favaloro and the Class members. The Defendants' handling of dead bodies were wantonly disrespectful and wholly disregarded of the feelings of Ms. Favaloro and the Class members by virtue of their intentional neglect and inattention, ultimately leaving Ms. Favaloro and the Class members with the knowledge, suspicion or belief that the remains of a deceased loved one and/or family member have not been preserved as desired.

95.     The intentional acts of the Defendants were so devoid of propriety, that the anatomical remains of the deceased loved ones of Ms. Favaloro and the Class members are tainted and contaminated.

96.     The Defendants' intentional actions were a violation of the duties they owed to Ms. Favaloro and the Class members. This duty was heightened by virtue of the nature of the stated and

22

recognized service to humanity that was being rendered and the knowledge that Ms. Favaloro and members of the Class were relying upon them for the proper treatment and preservation of the remains of their deceased loved ones and/or family members, in accordance with stated, specified terms.

97.    The Defendants intentional acts constituted a seminal failure so consequential to the emotional well-being of Ms. Favaloro and the Class members, that the resulting horrendous acceptance, handling, treatment and disposition of the loved one and/or family member of each Putative Class Representative and member of the Classes, rose to the level of mutilation and desecration of the body, occasioning indescribable mental pain and suffering to Ms. Favaloro and the Class members, also manifesting itself through significant physical consequences.

98.    The various intentional acts of omission and commission by the Defendants described above constitute at a minimum a reckless and negligent interference with a dead body.

99.    As a direct and proximate result of the intentionally reckless and negligent conduct of the Defendants, Ms. Favaloro and the Class members have suffered extreme emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning for which they all claim damages against the Defendants.

WHEREFORE, by reason of the foregoing, Ms. Favaloro and the members of the Class demand damages against the Defendants, together with the costs of this action and such other relief as this Court may deem proper.

## Count VI
## Class Relief Sought

WHEREFORE, Ms. Favaloro and the members of the Class request that, after completion of class discovery and hearing on a motion for class certification, this Court enter an order:

A.    Certifying this action as a class action under Rule 23, Massachusetts Rules of Civil Procedure;

B.    Designating Ms. Favaloro as the Class Representative;

C.    Appointing Charlip Law Group, LC as lead class counsel and Lisa DeBrosse Johnson as class co-counsel;

D.    An award of damages on each count of the Class Representation Complaint;

E.    An award to the Class members for their costs, interest and reasonable attorneys fees;

F.    An award of attorney's fees to class counsel and class co-counsel in accordance with prevailing factors and considerations for determination of class counsel fees in the Commonwealth of Massachusetts; and

G.    Any and all further relief this Court deems just and proper.

## Demand For Jury Trial

Ms. Favaloro and the members of any certified Class demand trial by jury on all issues so

triable as a matter of right.

Dated this 28th day of June, 2005.

Respectfully Submitted,

Ms. Favaloro, Plaintiff and Putative Class
Representative, by her attorneys,

Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

And

David H. Charlip           PRO HAC VICE
Florida Bar No.: 329932     ADMISSION
1930 Harrison Street        PENDING
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

25

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

CIVIL DOCKET# **ESCV2005-01144-C**

RE: **Favaloro v President and Fellows of Harvard College et al**

TO:David H Charlip, Esquire
1930 Harrison Street Suite 208
Hollywood, FL 33020

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION        DEADLINE

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 09/28/2005 |
| Response to the complaint filed (also see MRCP 12) | 11/27/2005 |
| All motions under MRCP 12, 19, and 20 filed | 11/27/2005 |
| All motions under MRCP 15 filed | 11/27/2005 |
| All discovery requests and depositions completed | 04/26/2006 |
| All motions under MRCP 56 served and heard | 05/26/2006 |
| Final pre-trial conference held and firm trial date set | 06/25/2006 |
| Case disposed | 08/24/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **C** sitting in **CtRm 1 (Lawrence) at Essex Superior Court.**

Dated: 07/06/2005

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: Kevin Jones
Assistant Clerk

Location: CtRm 1 (Lawrence)
Telephone: (978) 687-7463

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

## COMMONWEALTH OF MASSACHUSETTS

ESSEX,          SS.

TRIAL COURT
SUPERIOR COURT DEPT.
CIVIL NO.



GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

        Defendants.

## **MOTION FOR SPECIAL PROCESS SERVER**

Pursuant to Mass.R.Civ.P. 4(c), and other applicable law, the Plaintiff in the above-

captioned action moves this Court to appoint as special process server, Edward Everett, Jr., 25

Pennsylvania Avenue, Sommerville, Massachusetts 02145, to effect service of process. In

support of this motion, Plaintiff states that Mr. Everett is a disinterest person over the age of 18.

In addition, in light of the high profile nature of this action, it is essential that service be

effectuated promptly and, given that the Defendants must be served in several different counties

as well as in the State of New Hampshire, requiring Plaintiffs to serve the Defendants through

the various deputy sheriff's offices would be unduly burdensome, time consuming and

expensive.

A TRUE COPY ATTEST

DEPUTY ASS'T CLERK

1

WHEREFORE, Plaintiff respectfully requests that this Court appoint Edward Everett, Jr., 25

Pennsylvania Avenue, Sommerville, Massachusetts 02145, as special process server in the

instant action.

> Respectfully submitted,
> Plaintiff, by her attorney
>
> Lisa DeBrosse Johnson, BBO# 632428
> The Pilot House
> Lewis Wharf
> Boston, MA 02110
> (617) 854-3740

Date:   June 28, 2005

2

*3*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - (TORT) - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Geraldine Favaloro, for herself and on behalf
of all others similarly situated ........................................................., Plaintiff(s)

*v.*

President and Fellows of
Harvard College, Bayview Crematory, LLC,
a New Hampshire Limited Liability Company,
Linda Stokes, Trustee of the Dekes Realty Trust of ..............................., Defendant(s)
107 South Broadway, Lawrence, Massachusetts and
John J. Gentile
President and Fellows of Harvard College **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve upon _____ Lisa DeBrosse Johnson _____,

plaintiff's attorney, whose address is ____ The Pilot House at Lewis Wharf, Boston, MA 02110 ____, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

____ Lawrence, Massachusetts ____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

WITNESS, S~~UZANNE V. DELVECCHIO~~, Esquire, at Salem, the    7

day of    July    , in the year of our Lord two thousand 05

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
JUL 1 2 2005

*Thomas H. Driscoll Jr.*
*Clerk*

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

# COMMONWEALTH OF MASSACHUSETTS

ESSEX,       SS.

TRIAL COURT
SUPERIOR COURT DEPT.
CIVIL NO. OS- 1144



GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.

## MOTION FOR ENTRY OF APPEARANCE *PRO HAC VICE*

Pursuant to Massachusetts General Laws Chapter §46A, the Plaintiff/Putative Class
Representative, Geraldine Favaloro, respectfully requests that David H. Charlip be permitted to
appear before this Court in the above-referenced proceeding on their behalf. As grounds for this
motion, the Plaintiff/Putative Class Representative states the following:

1.    Mr. Charlip is a duly licensed member in good standing of the Florida Bar. He was
admitted to practice in the State of Florida in 1981. He has also a member in good standing of
the New Jersey State Bar since 1982. Mr. Charlip is also admitted to practice in the U.S. District

A TRUE COPY ATTEST
DEPUTY ASS'T CLERK

Courts for the Southern Districts of Florida and the U.S. Court of Appeal for the Eleventh Circuit. Mr. Charlip has never been denied admission or disciplined by any court.

2.      Mr. Charlip is not a resident of the Commonwealth of Massachusetts and is not regularly employed in the Commonwealth of Massachusetts. He does not regularly engage in substantial business, professional or otherwise, in the Commonwealth of Massachusetts.

3.      Mr. Charlip has only been previously admitted *pro hac vice* in the Commonwealth of Massachusetts on one prior occasion.

4.      Mr. Charlip has submitted his attached Affidavit in support of this Motion.

WHEREFORE, the Plaintiff/Putative Class Representative, Geraldine Favaloro respectfully requests that this Court grant *pro hac vice* admission to David H. Charlip to appear in the above-referenced proceeding on her behalf.

Dated this 2⅞ day of June, 2005.

Respectfully Submitted,
Plaintiff/Putative Class Representative,
Geraldine Favaloro, by her attorney,

Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Geraldine Favaloro, for herself and on
behalf of all others similarly situated

......................................................................................, Plaintiff(s)

President and Fellows of Harvard College,
Bayview Crematory, LLC, a New Hampshire
Limited Liability Company, Linda Stokes,
Trustee of the Dekes Realty Trust of 107 Broadway, ......................, Defendant(s)
Lawrence, Massachusetts and John J. Gentile

## SUMMONS

John J. Gentile

To the above named Defendant:

You are hereby summoned and required to serve upon _____ Lisa DeBrosse Johnson, Esq. _____ ,

plaintiff's attorney, whose address is _____ The Pilot House at lewis Wharf, Boston, MA 02110 _____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse**, Esquire, at Salem, the 7

day of July , in the year of our Lord two thousand 05

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUL 2 6 2005

Thomas H. Driscoll Jr.
CLERK

*Thomas H. Driscoll Jr.*
*Clerk*

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Geraldine Favaloro, for herself and on behalf of all
others similarly situated, ............................................................., Plaintiff(s)

v.

President and Fellows of Harvard College,
Bayview Crematory, LLC, a New Hampshire Limited
Liability Company, Linda Stokes, Trustee of the ..........................., Defendant(s)
Dekes Realty Trust of 107 Broadway, Lawrence, Massachusetts,
and John J. Gentile,

## SUMMONS

To the above named Defendant:    LINDA STOKES, Trustee of the Dekes Realty Trust of
107 South Broadway, Lawrence, Massachusetts

You are hereby summoned and required to serve upon _____ Lisa DeBrosse Johnson, Esq. _____ ,

plaintiff's attorney, whose address is ___ The Pilot House at Lewis Wharf, Boston, MA 02110 ___ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___ LAWRENCE ___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

WITNESS, S_____ Esquire, at Salem, the 12th
day of     July     , in the year of our Lord two thousand 05

*Clerk*

A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* TORT — MOTOR VEHICLE TORT —
CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Geraldine Favaloro, for hereslf and on behalf of all
others similarly situated, ......................................................................................................, Plaintiff(s)

v.

President and Fellows of Harvard College,
Bayview Crematory, LLC, a New Hampshire Limited Liability Company,
Linda Stokes, Trustee of the Dekes Realty Trust of 107 South
Broadway, Lawrence, Massachusetts, and John J. Gentile, ........................., Defendant(s)

### SUMMONS

To the above named Defendant:          BAYVIEW CREMATORY, LLC

You are hereby summoned and required to serve upon ____ Lisa DeBrosse Johnson, Esq. ____ ,

plaintiff's attorney, whose address is __ The Pilot House at Lewis Wharf, Boston, MA 02110 __ an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

LAWRENCE _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

WITNESS, ~~Suzanne V. DelVecchio~~ Esquire, at Salem, the     12th

day of     July               , in the year of our Lord two thousand   05

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

Thomas H. Driscoll Jr.

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**COPY**

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on )
behalf of all others similarly situated,        )        Removed from: Superior Court Department
                                                 )        Essex County, Massachusetts
                            Plaintiff,           )        05 1 1 5 9 4 WGY
                                                 )        Case No. _____
vs.                                              )
                                                 )        Honorable _____
PRESIDENT AND FELLOWS OF HARVARD )
COLLEGE, BAYVIEW CREMATORY, LLC, )             I hereby certify on ___ that the
a New Hampshire Limited Liability Company )      foregoing document is true and correct copy of the
LINDA STOKES, Trustee of the Dekes Realty )      ☐ electronic docket in the captioned case
Trust of 107 South Broadway, Lawrence,    )      ☐ electronically filed original filed on
Massachusetts, and JOHN J. GENTILE         )     ☑ original filed in my office on ___ 7/29/2005
                                                 )        Sarah A. Thornton
                                                 )        Clerk, U.S. District Court
                            Defendants    )        District of Massachusetts
                                                 )        By:_____
                                                          Deputy Clerk

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to the provisions of Class Action Fairness Act, Pub. L. No. 109-2, the

undersigned Defendant, President and Fellows of Harvard College ("Harvard"), by its attorneys

and pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, files this Notice of Removal for the

action captioned *Geraldine Favaloro, et al. v. President and Fellows of Harvard College,*

*Bayview Crematory, LLC, Linda Stokes and John J. Gentile*, Civil Action No. 2005-01144, from

the Massachusetts Superior Court in Essex County. The basis for removal is as follows:

1.    Plaintiff, Geraldine Favaloro filed her Complaint in Massachusetts Superior Court

on June 30, 2005.

2.    Defendant, Harvard received service of the Summons and Complaint on July 8,

2005. Copies of the Summons and Complaint are attached hereto as Exhibit A.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(d)(2)(A) because this case is a putative class action in which plaintiff seeks class-wide

relief in excess of $5,000,000 and at least one member of the proposed class of plaintiffs is a

citizen of a different state from at least one defendant.

4.      The named plaintiff in this putative class action is a citizen of Massachusetts.

Ex. A, Compl. ¶ 1. She brings this suit on behalf of herself and a proposed class of "all next of

kin, family members and/or loved ones of donors to Harvard Medical School Anatomical Gifts

Program whose decedent/donor directed cremation of his or her anatomical remains and return of

those remains to their next of kin, family members and/or loved ones that were cremated at

Bayview Crematory at the direction of Harvard through its agents, within the applicable

limitations period." Ex. A, Compl. ¶ 37.

5.      The proposed class consists of plaintiffs who are citizens of Massachusetts and

plaintiffs who are citizens of other states. According to the Complaint, defendant Bayview

Crematory, LLC is a citizen of New Hampshire, and all other defendants are citizens of

Massachusetts. Because both the proposed class and the named defendants include parties who

are citizens of multiple states, this case meets the diversity requirements for class actions set

forth in 28 U.S.C. § 1332(d)(2)(A).

6.      Pursuant to § 1332, "[i]n any class action, the claims of the individual class

members shall be aggregated to determine whether the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Plaintiff seeks an

award of damages for three counts of negligence, negligent infliction of emotional distress and

reckless and/or intentional infliction of emotional distress for a proposed class of hundreds of

persons. *See* Ex. A, Compl. ¶¶ 50-99. The plaintiff, in her civil action coversheet, has claimed

2

an amount of damages for the named plaintiff which, when multiplied by the likely number of class members, exceeds the amount of $5,000,000.

7.     The exception to this Court's jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(A) does not apply to this matter because at least two other class action lawsuits asserting the same or similar factual allegations against defendants Bayview Crematory, LLC and Linda Stokes have been filed during the 3 year period preceding the filing of this proposed class action. The other class actions are *Hunt, et al. v. Bayview Crematory, LLC, et al.,* United States District Court for the District of Massachusetts, Civil Action No. 05-11140 RCL (filed June 2, 2005), and *Anzalone, et al. v. Bayview Crematory, LLC, Linda Stokes, et al.*, Massachusetts Superior Court, Essex County, Civil Action No. 2005-00789 (filed May 12, 2005). Counsel for Plaintiff in this matter is also counsel for the plaintiff in *Anzalone v. Bayview Crematory, et al.* The allegations in the complaints are very similar, and some are identical.

8.     The exception to this Court's jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(B) also does not apply to this case. Bayview Crematory, LLC, a New Hampshire citizen, is a primary defendant in this action. The crux of this case is the alleged "unauthorized and illegal operation of the Bayview Crematory, as well as its improper, offensive, and mortifying method of operation, together with its deficient and/or non-existent record-keeping practices." Ex. A, Compl. ¶ 42. The Complaint characterizes the allegations against Bayview Crematory as "the core issues in this case." Ex. A, Compl. ¶ 42. Bayview Crematory's alleged conduct forms the basis for all claims in this matter, and Bayview Crematory, LLC therefore is a primary defendant in this litigation. Because one of the primary defendants is not a citizen of Massachusetts, this case does not fall within the exception to jurisdiction set forth in 28 U.S.C. § 1332 (d)(4)(B).

3

9.      Pursuant to 28 U.S.C. § 1453(b), this putative class action may be removed to this Court in accordance with 28 U.S.C. § 1446 without regard to whether the removing defendant is a citizen of Massachusetts. Further, Harvard may remove this action without the consent of all defendants. *Id.*

10.     Harvard files this Notice with the Court within 30 days after service of the Complaint on July 8, 2005.

11.     Written notice of this filing will be provided to the plaintiff promptly after the filing of this Notice as required by 28 U.S.C. § 1446(d).

12.     A copy of this Notice will be filed with the Clerk of the Massachusetts Superior Court, Essex County, promptly after this Notice is filed, as required by 28 U.S.C. § 1446(d).

13.     By filing this Notice of Removal, Harvard does not waive any jurisdictional objection or any other defense that is or may be available to it, including but not limited to the defense of charitable immunity.

WHEREFORE, the President and Fellows of Harvard College remove the subject action, Civil Action No. 2005-01144, from the Superior Court in Essex County, Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By: _____

Donald R. Frederico (BBO # 178220)
Melissa L. Nott (BBO #654546)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: July 29, 2005

4

Assented to by:

JOHN J. GENTILE

By: Douglas Robertson /mln

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
617-227-3240 ext. 315
drobertson@mmmk.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the $\underline{21^{st}}$ day of July, 2005, a true and correct copy of this Notice of Removal was served on all counsel of record in this matter.

**By Hand Delivery**
Lisa DeBrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, Massachusetts 02110
617-854-3740
617-854-3743 (facsimile)

**By United States Mail**
David H. Charlip, Esq.
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954-921-2131
954-921-2191 (facsimile)

**By Electronic Mail and United States Mail**
Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
617-227-3240 ext. 315
drobertson@mmmk.com
*Counsel for John J. Gentile*

I also certify that courtesy copies were served on the following counsel:

**By Electronic Mail**
Andrew R. Schulman, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, New Hampshire 03110
603-634-4300
Aschulman@gstss.com
*Counsel for Bayview Crematory, LLC*

BST99 1464562-2.044541.0032

**By United States Mail**
William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, Massachusetts 02360
508-746-6100
*Counsel for Bayview Crematory, LLC*

**By Electronic Mail**
William F. Ahern, Jr., Esq.
Mandi J. Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Suite 401
Cambridge, Massachusetts 02142
wahern@chelaw.com
mhanneke@chelaw.com
*Counsel for Linda Stokes*

Melissa Nott

7



## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2005-01144**

Favaloro

vs.

President and Fellows of Harvard College et al

---

## ORDER OF TRANSFER

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court (Thomas Murtagh, Justice)

Dated at Lawrence, Massachusetts this 17th day of August, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: _____
Clerk

Telephone: (978) 687-7463

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

cvdremandc_1.wpd 565351 ortracas collado