UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated, ) ) ) | Case No. 05-11594 RCL |
| Plaintiff, ) ) ) | Honorable Reginald C. Lindsay |
| vs. ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD ) COLLEGE, BAYVIEW CREMATORY, LLC, ) a New Hampshire Limited Liability Company ) LINDA STOKES, Trustee of the Dekes Realty ) Trust of 107 South Broadway, Lawrence, ) Massachusetts, and JOHN J. GENTILE ) ) Defendants ) | |

### OPPOSITION OF PRESIDENT AND FELLOWS OF HARVARD COLLEGE TO PLAINTIFF'S MOTION FOR INDEFINITE ENLARGEMENT OF TIME TO RESPOND TO MOTIONS TO DISMISS

On August 29, 2005, plaintiff moved for an enlargement of time to respond "to all pending Motions to Dismiss," including the Motion to Dismiss of President and Fellows of Harvard College ("Harvard"), on the ground that consideration of such motions "should be postponed until such time as this Court has determined" the issues raised in plaintiff's separate Motion to Remand. Motion, pp. 1-2. No specific date was suggested by plaintiff as to when she will file her response to the motions to dismiss.

Harvard informed plaintiff's counsel that it would assent to a reasonable extension of time for plaintiff to file her response, but would not assent to plaintiff's motion seeking an indefinite enlargement of time tied to when the Court decides plaintiff's Motion to Remand. For the reasons stated below, plaintiff's Motion for Enlargement of Time should be denied.

I.  **Plaintiff has Not Shown Cause for Interfering with the Orderly and Efficient Process Required by the Rules**

Rule 6(b) of the Federal Rules of Civil Procedure requires that enlargements of time for acts required or allowed under the Rules or by notices thereunder be "for cause shown." *See Mendez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7 (1st Cir. 1990)(affirming denial of extension where there was "no good cause for an enlargement"). Plaintiff's Motion fails to state any reason for not responding to the motions to dismiss. Instead, she simply does not want to address the motions to dismiss while her Motion to Remand is pending. Plaintiff's preference for her briefing schedule is not "cause shown."

Plaintiff is not entitled to set her own schedule for how and when the Court may address pending motions. *See McIntosh v. Antonio,* 71 F.3d 29, 38 (1st Cir. 1995)("Litigants can not expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules."). The Rules require timely briefing of pending motions so the Court can determine when a motion is ripe for hearing and disposition. For example, the Court may very well determine that, after a denial of plaintiff's Motion to Remand, it could turn to Harvard's Motion to Dismiss at the same time. There is no basis to grant plaintiff's motion for an indefinite extension of time to respond to the motions to dismiss.

II.  **Harvard will be Prejudiced by an Indefinite Extension of Time**

As set forth in Harvard's Motion to Dismiss, Harvard is immune from liability on plaintiff's claims under the Massachusetts Uniform Anatomical Gift Act. *See* M.G.L. ch. 113 § 13(c); Memorandum in Support of Motion to Dismiss at p. 4-7. One of the purposes of immunity is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. *See Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982). A defendant's immunity is "recognized as an entitlement not to stand

trial or face the other burdens of litigation...." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A ruling on Harvard's Motion to Dismiss should be made at the earliest possible juncture in the litigation to minimize unnecessary litigation related burdens and expenses. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001)("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"). Plaintiff's requested indefinite extension of time is antithetical to this principle.

For the reasons stated above, Harvard requests that the Court deny plaintiff's Motion for an Enlargement of Time and order her to respond to Harvard's Motion to Dismiss within 14 days.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By: /s/ Melissa Nott
Edward P. Leibensperger (BBO #292620)
Melissa L. Nott (BBO #654546)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

and

Donald R. Frederico (BBO #178220)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
(617) 310-6000

Date:   September 12, 2005

BST99 1471994-3 044541 0032