US DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL NO. 05-11594 RCL

_____

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

     Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

     Defendants.
_____

## DEFENDANT BAYVIEW CREMATORY LLC.'S
## ASSENTED TO MOTION TO FILE REPLY TO PLAINTIFF'S OBJECTION
## TO MOTION TO DISMISS

Defendant Bayview Crematory LLC. ("Bayview") moves for leave to file a reply

to Plaintiff's Objection to the pending Motion To Dismiss.

Bayview has attached to this motion a brief two paragraph Reply that it wishes to

file in response to the twenty-four page Objection filed by plaintiff.

On October 14, 2005, undersigned counsel corresponded by email with plaintiff's

counsel, Lisa Debrusse Johnson, who assented to this motion.  Undersigned counsel did

not contact counsel for the other defendants.

WHEREFORE, Bayview requests this Court to allow Bayview to file the attached

Reply to Plaintiff's Objection to the pending Motion To Dismiss.

2

Respectfully Submitted,


 /s/ Andrew R. Schulman
Andrew R. Schulman
GETMAN, STACEY,
SCHULTHESS & STEERE, PA
Three Executive Park Drive, Suite 9
Bedford, New Hampshire 03110
(603) 634-4300
Mass. BBO No. 549769


October 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been served as follows:

By Email Via The Court's ECF Facilities:

Donald R. Frederico    fredericod@gtlaw.com, watersj@gtlaw.com
MandiJo Hanneke    mhanneke@chelaw.com
Lisa DeBrosse Johnson    DeBrosseJohnson@comcast.net
Edward P. Leibensperger    eleibensperger@mwe.com
Melissa L. Nott    mnott@mwe.com
Douglas A. Robertson    drobertson@mmmk.com
Dona Feeney    dfeeney@gstss.com

By U.S. Mail, First Class Postage Prepaid On October 25, 2005:

Lisa DeBrosse Johnson, Esq.
Law Office Of Lisa Johnson
The Pilot House at Lewis Wharf
Boston, MA 02110

David H. Charlip, Esquire
1930 Harrison Street - Suite 208
Hollywood, Florida 33020

William Ahern, Esquire
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA  02142

William Smith, Esquire
Haverty & Feeney
54 Samoset Street
Plymouth, MA  02360

*/s/Andrew R. Schulman*          ,

October 24, 2005                    Andrew R. Schulman

US DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL NO. 05-11594 RCL

_____

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

     Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

     Defendants.
_____

DEFENDANT BAYVIEW CREMATORY LLC.'S
REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Defendant Bayview Crematory LLC. ("Bayview") replies as follows to Plaintiff's

Objection to the pending motion to dismiss

1. At this juncture, the court must give credence to all well-pled facts and indulge

all reasonable inferences that fit the plaintiff's stated theory of liability.  Feliciano v. State

of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  See also, Santiago de Castro v.

Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991). At the same time, the Court must

"stop short...of 'swallowing the plaintiff's invective hook, line, and sinker; bald

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not

be credited.'" Rogan v. Menino, 175 F.3d 75, 77 (1st Cir.  1999), quoting Aulson v.

<u>Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (internal brackets omitted). <u>See</u> <u>also</u>, <u>Educadores</u>

<u>Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61 (1st Cir. 2004).

     2. In this case, plaintiff alleges nothing beyond invective and bald assertions with

respect to the essential question of whether her particular decedent was mishandled in

any way. Plaintiff does not allege a *factual basis* for her claim and she does not allege

that anything *particular* occurred with respect to her decedent. Therefore she fails to

state a claim upon which relief may be granted.

     WHEREFORE, Bayview requests this Court to dismiss plaintiff's common law

claims against Bayview for the alleged intentional and negligent infliction of emotional

distress.

                                   Respectfully Submitted,


                               */s/ Andrew R. Schulman*
                               Andrew R. Schulman
                               GETMAN, STACEY,
                               SCHULTHESS & STEERE, PA
                               Three Executive Park Drive, Suite 9
                               Bedford, New Hampshire 03110
                               (603) 634-4300
                               Mass. BBO No. 549769


                               October 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been served as follows:

By Email Via The Court's ECF Facilities:

Donald R. Frederico     fredericod@gtlaw.com, watersj@gtlaw.com
MandiJo Hanneke     mhanneke@chelaw.com
Lisa DeBrosse Johnson     DeBrosseJohnson@comcast.net
Edward P. Leibensperger     eleibensperger@mwe.com
Melissa L. Nott     mnott@mwe.com
Douglas A. Robertson     drobertson@mmmk.com
Dona Feeney     dfeeney@gstss.com

By U.S. Mail, First Class Postage Prepaid On October 25, 2005:

Lisa DeBrosse Johnson, Esq.
Law Office Of Lisa Johnson
The Pilot House at Lewis Wharf
Boston, MA 02110

David H. Charlip, Esquire
1930 Harrison Street - Suite 208
Hollywood, Florida 33020

William Ahern, Esquire
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA  02142

William Smith, Esquire
Haverty & Feeney
54 Samoset Street
Plymouth, MA  02360

                                              */s/Andrew R. Schulman*          ,
October 24, 2005                               Andrew R. Schulman