UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company LINDA STOKES, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, and JOHN J. GENTILE<br><br>Defendants | Case No. 05-11594 RCL |

**MOTION FOR SEPARATE AND FINAL JUDGMENT PURSUANT TO RULE 54(b)**

1.  On December 19, 2005, this Court dismissed with prejudice all claims against defendants President and Fellows of Harvard College ("Harvard") and John J. Gentile.

2.  As a ground for its decision, the Court held that Harvard and Gentile were entitled to the "good faith" immunity provided by the Uniform Anatomical Gift Act, Mass. Gen. Laws ch. 113, § 13 (c). The Court dismissed all of plaintiff's claims against Harvard and Gentile with prejudice.

3.  Federal Rule of Civil Procedure 54(b) allows entry of final judgment as to fewer than all parties "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

4.  In exercising its discretion under Rule 54(b), the court should consider both judicial administrative interests and the equities involved. *See Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). Specifically, the court should consider whether the dismissed claims are "separate from the others remaining to be adjudicated and whether the nature of the

claims already determined…[is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980).

5.  Here, the determinative legal issue governing the claims asserted against defendants Harvard and Gentile is unique to those defendants – namely, the application of Section 13(c)'s good faith immunity provision. These defendants' entitlement to immunity is not at issue in any of the claims against the remaining defendants. Thus, there is no risk that multiple appellate courts will be asked to decide the same issues if the Court grants this motion for final judgment.

6.  Moreover, the equities favor the immediate entry of final judgment. Because statutory immunity is designed to protect individuals both from damages liability and from the burdens of litigation, the entry of judgment under Rule 54(b) is particularly appropriate where such immunity bars the asserted claims. As one court observed when considering a Rule 54(b) motion in the context of judicial immunity,

> "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 116 L. Ed. 2d 9, 112 S. Ct. 2886 (1991). Given the strong public policy considerations that animate the principle of judicial immunity,…[the judge] should not be forced to await the ultimate resolution of the remaining claims against the remaining defendants before obtaining final judgment.

*Rivers v. Dagnello,* 2000 U.S. Dist. LEXIS 8649, *4 (S.D.N.Y. June 13, 2000). *See also Fantasia v. Office of the Receiver of the Commission on Mental Health Services,* 2002 U.S. Dist. LEXIS 27609, *6 (D.D.C. March 11, 2002) (granting Rule 54(b) motion and noting that "[a]pplication of Rule 54(b) is particularly appropriate when defendants are dismissed on the basis of immunity").

7.   The same considerations favor entry of a separate and final judgment here. Harvard and Gentile are immune from suit, and neither should be forced to await resolution of the claims against the remaining defendants before obtaining final judgment.

8.   This motion is assented to by defendants John J. Gentile, Bayview Crematory, LLC, and Linda Stokes.

**WHEREFORE,** Harvard respectfully requests that the Court direct the entry of a separate and final judgment pursuant to Federal Rule of Civil Procedure 54(b) in the form attached as Exhibit A.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By: __/s/ Edward P. Leibensperger_____
Edward P. Leibensperger (BBO #292620)
Melissa L. Nott (BBO #654546)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Date:   March 29, 2006

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Edward Leibensperger, hereby certify that counsel for Harvard conferred with counsel for all other parties, and attempted in good faith to resolve or narrow the issues presented by this motion. Counsel for defendants John J. Gentile Bayview Crematory, LLC, and Linda Stokes have assented to this motion. Counsel for plaintiff did not respond to Harvard's request for assent.

|  | __/s/ Edward P. Leibensperger |
|---|---|
|  | Edward P. Leibensperger |

BST99 1496814-1.044541.0032

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney or record for each other party by mail or e-mail on March 29, 2006.

                                                                                          */s/* Edward P. Leibensperger
                                                                                          Edward P. Leibensperger

BST99 1496814-1.044541.0032

**EXHIBIT A**

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRESIDENT AND FELLOWS OF HARVARD )<br>COLLEGE, BAYVIEW CREMATORY, LLC, )<br>a New Hampshire Limited Liability Company )<br>LINDA STOKES, Trustee of the Dekes Realty )<br>Trust of 107 South Broadway, Lawrence, )<br>Massachusetts, and JOHN J. GENTILE )<br>)<br>Defendants ) | Case No. 05-11594 RCL |

**FINAL JUDGMENT**

The Court, upon considering the Motion for Separate and Final Judgment Pursuant to Rule 54(b) filed by President and Fellows of Harvard College ("Harvard"), hereby Orders that:

1.   Because the Court has dismissed with prejudice all claims asserted against Harvard and defendant John J. Gentile ("Gentile") on the ground that these defendants are entitled to immunity under the Uniform Anatomical Gift Act, Mass. Gen. Laws ch. 113, § 13(c); and

2.   Because the Court has determined that, given the public policy considerations that underlie the principle of immunity, which protects an individual from both the ultimate assessment of damages and from being named as a party to a lawsuit, there is no just reason for delaying the entry of judgment on plaintiff's claims against defendants Harvard and Gentile;

3.   The Clerk of the court is expressly directed to enter final judgment as to all claims by plaintiff against the President and Fellows of Harvard College and John J. Gentile pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

4. The Clerk of the Court is directed to enter this order in the file for the above-captioned case.

Dated: _____

                                           **HONORABLE REGINALD C. LINDSAY**
                                           United States District Judge

BST99 1496814-1.044541.0032