UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

Case No. 05-11594 RCL
Honorable Reginald C. Lindsay

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

### PLAINTIFF'S PROPOSED FINDINGS FOR ENTRY OF
### SEPARATE AND FINAL JUDGMENT

    1.    Plaintiff, Geraldine Favaloro, by and through her undersigned counsel, pursuant to the Court's Order of May 4, 2006 denying, without prejudice, the Motion for Entry of Judgment under Rule 54(b), files her suggested detailed proposed findings as required by *Spiegel v. Trustees of* Tufts *College*, 843 F.2d 38 (1st Cir.1988) as set forth herein below. While the *Spiegel* decision dealt with the dismissal of most, but not all, of the claims of a single plaintiff against a single defendant, the instant action deals with the dismissal of <u>all claims</u> against two of

four defendants. Therefore, while *Spiegel* discusses Rule 54(b) in the context of "claims", this case must be considered in the context of "parties."[1]

    2.    The trial court "must first assess the finality of the disputed ruling." *Spiegel* at 42. Here, the Court's order was a dismissal *with prejudice* as to <u>all claims</u> against the Defendants, Harvard and John J. Gentile. The statutory immunity for acts performed in good faith was applied to the totality of actions alleged against these Defendants and brought <u>all proceedings</u> against them to a final conclusion. But for a determination of "no just reason for delay", the Court's order bore all the indicia of a "final" ruling for purposes of 28 U.S.C. § 1291.

    3.    Accordingly, the next determination for the Court is whether "in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Spiegel* at 43. The Court becomes a dispatcher deciding "what should be sent upstairs." *Spiegel* at 43. This is a case-specific analysis and involves relaxing the generally accepted prohibition against piecemeal appellate review. Here, sending the dismissal of all claims against Harvard and John J. Gentile "upstairs" is highly appropriate. The Court's dismissal of the claims is based upon the application of a "good faith" immunity that is neither available to nor asserted by the other defendants. To delay the determination of review of this issue would promote piecemeal litigation should the 1st Circuit Court of Appeals elect to reinstate Ms. Favaloro's claims against Harvard and John J. Gentile.[2] Assuming, *arguendo*, that an appeal of this order was postponed until a trial against the other defendants was completed and judgment entered and the order of dismissal were reversed,

---

[1] Rule 54(b) is applicable to situation when "more than one claim for relief is presented in an action . . . or when multiple parties are involved."

[2] While the initial appeal was pending the Supreme Judicial Court of Massachusetts altered the Superior Court's holding that ostensibly played a significant role in this Court's order of dismissal. *See* <u>Carey v. New England Organ Bank</u>, 446 Mass. 270, 283, 843 N.E.2d 1070, 1083 (2006). In fairness, this Court did not have the advantage of the Massachusetts Supreme Judicial Court's decision at the time of its ruling on Harvard and Mr. Gentile's Motions to Dismiss.

a second trial would be required. Such an approach would be prejudicial to the Plaintiff and run counter to the interests of judicial economy. Accordingly, this Court should conclude that "there is no just reason for delay."

4. If the district court concludes that the ruling is essentially "final" and that "there is no just reason for delay" in entering judgment, "it should ordinarily make specific findings setting forth the reasons for its order." <u>Spiegel</u> at 43. This requirement is neither rigid nor to be applied in every case. Assuming that this Court is inclined to enter the Rule 54(b) judgment[3], only a "concise list of reasons will likely be needed"[4] or will not be necessary at all "in those infrequent instances where compelling considerations are self-evident on the face of the record."[5] Ms. Favaloro would assert that this situation falls within the meaning of one of those "infrequent instances where compelling considerations are self-evident on the face of the record." Particularly, the Class Representation Complaint, as well as the Motions to Dismiss of Harvard and John J. Gentile, and the Opposition thereto are clearly focused on the "good faith" immunity of the Massachusetts AGA. The Motions to Dismiss are couched in terms of Ms. Favaloro's failure to state a claim upon which relief can be granted because of the existence of the "good faith" immunity.[6]

5. Ms. Favaloro recognizes that, in the language of <u>Spiegel</u>, the filing of specific findings allows the 1st Circuit Court of Appeals to provide "substantial deference" to the district court and that this deference would be "nullified" by the absence of specific findings. In this regard, responsibility falls on the moving party and not the district court. <u>Spiegel</u> at 44, n. 5.

---

[3] Harvard and John J. Gentile moved for the relief and Ms. Favaloro has assented to it.
[4] <u>Spiegel</u> at 43, n. 4.
[5] <u>Id</u>.
[6] Moreover, there is a transcribed record at the hearing on this matter that elucidates the reasons for this Court's decision.

6.  Ms. Favaloro asserts that the specific findings could include, but need not be limited to the following:

    a.  The Class Representation Complaint sets out separate claims for negligence against Harvard, John J. Gentile, and Bayview. The claims for negligent infliction of emotional distress and intentional infliction of emotional distress are asserted against these three defendants, as well as Linda Stokes, Trustee;

    b.  The claims against Harvard and John J. Gentile are further related because of the allegations of agency associated with the services provided by John J. Gentile for Harvard;

    c.  The statutory immunity for "good faith" is only available to and was only asserted by Harvard and John J. Gentile. Other independent grounds for dismissal asserted by Bayview and Linda Stokes, Trustee were rejected.

    d.  Ms. Favaloro had failed to plead acts of bad faith on the part of Harvard and John J. Gentile;

    e.  The Court determined as a matter of law that Harvard and John J. Gentile had acted in "good faith" and were therefore entitled to the statutory immunity;

    f.  The Court determined that any attempted amendment would be futile in that there were no set of facts that would avoid the statutory immunity; and

    g.  The dismissal of all claims against the party Defendants, Harvard and John J. Gentile, were dismissed with prejudice.

7. Given the "final" nature of the order of dismissal, there is no just reason for delay of appellate review and a separate judgment should be entered under Rule 54(b). The unique nature of the grounds for dismissal of <u>all</u> claims against Harvard and John J. Gentile, wholly inapplicable to the other defendants, avoids any consideration of the claims or the parties being inextricably intertwined. Appellate review of the requested separate judgment permits an initial determination as to whether this case should proceed as one case against four defendants, or two separate cases against two groups of two defendants, clearly promotes judicial economy and piecemeal litigation.

WHEREFORE, Plaintiff, Geraldine Favaloro requests that this Court enter a separate judgment in favor of Harvard and John J. Gentile pursuant to Rule 54(b) together with the specific findings set forth herein above, together with such other and further findings as this Court deems proper.

Dated this 9th day of May, 2006.

/s/ David H. Charlip_____
David H. Charlip
Admitted *Pro Hac Vice*
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
dcharlip@charliplawgroup.com

And

/s/ Lisa DeBrosse Johnson_____
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
debrossejohnson@comcast.net

## Certificate of Service

    I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 9th day of May, 2006.

                                       /s/ Lisa DeBrosse Johnson_____
                                       Lisa DeBrosse Johnson, BBO# 632428