UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>vs.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS, and JOHN J. GENTILE,<br>    Defendants | CASE NO.: 05-11594 RCL<br>Honorable Reginald C. Lindsay |

### MOTION OF JOHN J. GENTILE FOR REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Now comes defendant, John J. Gentile, ("Mr. Gentile") and moves that this Honorable Court order the plaintiff, Geraldine Favaloro, ("Ms. Favaloro") and her counsel, David A. Charlip, Esq., ("Attorney Charlip") to reimburse Mr. Gentile for his attorney's fees and expenses in defending against the frivolous, unsupported and ill-considered action brought against him.

As grounds for this motion, Mr. Gentile submits that on July 7, 2005, Ms. Favaloro and Attorney Charlip initiated suit against Mr. Gentile without any evidence to prove liability, causation or damages.  On August 16, 2005, Mr. Gentile moved to dismiss all Ms. Favaloro's claims against him.  On December 19, 2005, the Court granted Mr. Gentile's Motion to Dismiss. On January 13, 2006, Ms. Favaloro filed a notice of appeal.  Ms. Favaloro's subsequent March 22, 2006, Fed. R. Civ. P. 26(a)(1)(c) ("Rule 26") Initial Disclosure, contained no information to support either the initial complaint, or the appeal.  On April 3, 2006, Mr. Gentile's counsel sent

Ms. Favaloro's counsel the requisite, detailed, Fed. R. Civ. P. 11 ("Rule 11") letter, requesting any evidence of liability, causation or damages which would have justified initiating suit. Ms. Favaloro's counsel has never responded. On April 5, 2006, the United States Court of Appeals for the First Circuit dismissed the plaintiff's appeal.

To date, Mr. Gentile has incurred in excess of $20,000.00 in attorney's fees and expenses in defending against Ms. Favaloro's frivolous, unsupported and ill-considered action. Rule 11 requires counsel to say "no" to clients who want to initiate suit based only on media speculation and conjecture. Rule 11 also requires counsel have a basis in fact, <u>and</u> law, before suing any defendant, especially peripheral individuals.

In this case, news reports about alleged irregularities at co-defendant, Bayview Crematory, LLC, do not constitute the requisite evidentiary support for Ms. Favaloro's factual contention that Mr. Gentile was negligent, proximately causing her injury. Notably, Ms. Favaloro's complaint was not verified and no other members of the putative class have ever been identified. Moreover, the news reports never even hinted that Mr. Gentile acted in "bad faith", the contention Ms. Favaloro now seeks to pursue. Indeed, Ms. Favaloro's Rule 26 Initial Disclosures do not contain any evidence to support an allegation that Mr. Gentile acted in "bad faith." Tellingly, Ms. Favaloro's counsel elected not to respond to Mr. Gentile's counsel's April 3, 2006 Rule 11 letter.

Accordingly, for these reasons, and for the reasons set forth in the accompanying memorandum of law, Mr. Gentile respectfully requests that this Honorable Court order Ms. Favaloro and Attorney Charlip to reimburse him for his attorney's fees and expenses.

Respectfully submitted,

_____
Douglas A. Robertson, B.B.O. No. 552315
Attorney for John J. Gentile
MARTIN, MAGNUSON, MCCARTHY &
    KENNEY
101 Merrimac Street
Boston, MA  02114
(617) 227-3240

## *CERTIFICATE OF SERVICE*

  I, Douglas A. Robertson, attorney for John J. Gentile, hereby certify that on the 16th day of May, 2006, I served a copy of the above document by first class mail, postage prepaid to

| | |
|---|---|
| Lisa DeBrosse Johnson, Esq.<br>The Pilot House<br>Lewis Wharf<br>Boston, MA 02110 | William F. Ahern, Jr., Esq.<br>Mandi J. Hanneke, Esq.<br>Clark, Hunt & Embry<br>55 Cambridge Parkway<br>Suite 401<br>Cambridge, MA 02142 |
| David H. Charlip, Esq.<br>Charlip Law Group, Inc.<br>Harrison Executive Centre<br>1930 Harrison Street, 208<br>Hollywood, FL 33020-5018 | Andrew R. Schulman, Esq.<br>Getman, Stacey, Schulthess & Steere, P.A.<br>3 Executive Park Drive, Suite 9<br>Bedford, NH 03110 |
| William P. Smith, Esq.<br>Haverty & Feeney<br>54 Samoset Street<br>Plymouth, MA 02360 | Donald F. Frederico, Esq.<br>Greenberg Traurig, LLP<br>1 International Place<br>Boston, MA 02110 |
| Melissa L. Nott, Esq.<br>Edward P. Leibensperger, Esq.<br>McDermott Will & Emery, LLP<br>28 State Street<br>Boston, MA 02109 | Dona Feeney, Esq.<br>Three Executive Park Drive, Suite 9<br>Bedford, NH 03010 |

               _____
               Douglas A. Robertson, B.B.O. No. 552315
               Attorney for John J. Gentile
               MARTIN, MAGNUSON, MCCARTHY &
                 KENNEY
               101 Merrimac Street
               Boston, MA  02114
               (617) 227-3240