UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,<br>      Plaintiff,<br><br>vs.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS, and JOHN J. GENTILE,<br>      Defendants | CASE NO.: 05-11594 RCL<br>Honorable Reginald C. Lindsay |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN J. GENTILE FOR REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

### PROCEDURE HISTORY

On July 7, 2005, following news reports questioning whether Co-defendant, Bayview Crematory, LLC ("Bayview") properly handled cadavers, the plaintiff, Geraldine Favaloro ("Ms. Favaloro") brought suit against John J. Gentile ("Mr. Gentile") alleging Mr. Gentile failed "to make even the slightest investigation or determination of Bayview's authorization to conduct business as a crematory…" (Plaintiff's complaint at Para. 42). Ms. Favaloro filed suit knowing that proof Mr. Gentile acted in "bad faith" was a pre-requisite to recovery against Mr. Gentile. (Attorney Charlip's June 22, 2005 letter, copy attached as ***Exhibit "A"***).[1] However, Ms. Favaloro's complaint did not allege Mr. Gentile acted in "bad faith".

---

[1] Responding to plaintiff's counsel's G.L. c. 93A demand letters of April 28, 2005 and May 6, 2005, both Harvard's counsel (letter dated May 24, 2005) and Gentile's counsel (letter dated June 7, 2005) expressly informed Attorney Charlip of the "good faith" immunity provided by G.L. c. 113, §13(c).

On August 16, 2005, Mr. Gentile moved to dismiss plaintiff's complaint noting that the operative statute, G.L. c. 113, §13 (c), provided immunity to Mr. Gentile, unless he acted in "bad faith". On December 19, 2005, the Court agreed, dismissing, with prejudice, plaintiff's complaint, for failure to allege "bad faith", a statutory pre-requisite. At the December 19, 2005 hearing, plaintiff's counsel, Attorney David Charlip, sought to move to amend the complaint to allege "bad faith", but conceded he had no facts to support such an allegation.(Transcript Pg. 48, Ln. 2-3). Given the futility of amendment, the Court denied the oral motion to amend.

Subsequently, on March 22, 2006, Ms. Favaloro produced Rule 26 Initial Disclosures devoid of any fact to support either the plead (albeit barred by G.L. c. 113, §13 (c)) contention that Mr. Gentile was negligent, or the prospective contention that Mr. Gentile allegedly acted in "bad faith". On April 3, 2006, the requisite Rule 11 letter (copy attached as ***Exhibit "B"*** went to Ms. Favaloro's counsel, Attorney David Charlip, requesting disclosure of any evidence to support either the legally insufficient negligence claim, or the proposed "bad faith" claim. Attorney Charlip elected not to respond, necessitating Mr. Gentile's current motion for attorney's fees and costs.

### APPLICABLE LAW

Rule 11 of the Federal Rules of Civil Procedure requires an attorney to say "no" to clients who propose a suit "which is without basis in fact or law." Fusco v. Medeiros, 965 F. Supp. 230, 245 (D.R.I. 1996). Rule 11 requires clients and counsel, after reasonable inquiry, to believe the allegations are well-grounded in fact and law. Id. "The First Circuit and other Courts have made it clear that Rule 11's 'reasonable inquiry' requirements are serious." Id. at 246. Reading newspaper accounts of alleged mis-deeds by an unrelated entity (Bayview) is not "reasonable inquiry" as to the scienter element of a "bad faith" allegation. See W. R. Carney v.

2

Cambridge Technology Partners, Inc., 135 F. Supp. 2d 235, 247 (D..Mass 2001) (Reading Wall Street Journal articles does not satisfy reasonable inquiry requirement in §10(b) securities fraud claim).  Moreover, "fishing expedition[s]" in the mere "hopes" of finding helpful evidence, is not countenanced.  Ameristar Jet Charter, Inc. v. Signal Composites, Inc. 244. F. 3d. 189, 193 (1st Cir. 2001) (Affirmed quashing of subpoenas where counsel conceded there was no suggestion helpful evidence would be forthcoming).

## ARGUMENT

Before filing suit, Attorney Charlip knew proof that Mr. Gentile was acting in "bad faith" was a critical, necessary element of plaintiff's case, given the statutory immunity conveyed by G.L. c. 113, §13 (c).  (***Exhibit "A"***). Plaintiff's complaint, alleging only failure to verify Bayview's licensure, is an acknowledgement that, from inception, Ms. Favaloro had no evidence Mr. Gentile acted in "bad faith".  The act of suing anyway, ostensibly in the hopes of stumbling upon evidence of scienter during discovery, is simply not permitted under Rule 11.  Rather, Rule 11 requires that "reasonable inquiry" be exercised before suit.  Fusco, supra at 245.

Initiating suit in Federal Court, claiming a class of plaintiffs (as yet unidentified), without any evidence of scienter, was a violation of Rule 11.  Continuing to press the misplead and legally insufficient claim, in the face of Mr. Gentile's August 16, 2005 motion to dismiss invoking the statutory protection of G.L. c. 113, §13 (c), was compounding misadventure, in violation of Rule 11.  Finally, maintaining an appeal, despite having no evidence Mr. Gentile acted in "bad faith", and despite Mr. Gentile's counsel's April 3, 2006 formal Rule 11 letter, is simply flouting the Rule 11 obligations.

At the December 19, 2005 hearing, Attorney Charlip honestly admitted "I don't know what Harvard knew as I stand here right now". (Transcript of hearing, Pg. 48, Lns. 2-3).  The

3

Court's response: "Okay. I think I'm done. The motion to dismiss is with prejudice." (Transcript, Pg. 48, Lns. 4-5). Attorney Charlip's honest admission is as true and apt as to Mr. Gentile, as to Harvard. The Court's ruling was, and is, equally apt. We are left with a classic case of overreaching. As to Bayview and its Trustee, plaintiff's complaint ostensibly alleges cognizable theories of recovery if the plaintiff can prove all the disputed facts are as she alleges. However, as to Mr. Gentile, plaintiff's complaint never asserted a cognizable theory and when plaintiff sought to amend the complaint "on the fly" to allege a cognizable theory, neither the plaintiff, nor her counsel, had any facts that Mr. Gentile acted in "bad faith".

## MR. GENTILE'S DAMAGES

Mr. Gentile's legal fees and expenses through March 22, 2006 were $17,630.95. (Affidavit of Counsel, **Exhibit "C"**). Mr. Gentile's current legal fees and expenses exceed $20,000.00. Had Ms. Favaloro and her counsel heeded the May 24, 2005 and June 7, 2005 warnings that Massachusetts' operative statute required proof Mr. Gentile acted in "bad faith", and simply sued Bayview and its Trustee, conducted discovery, including Mr. Gentile's non-party deposition, and waited to see if evidence of scienter was forthcoming, Mr. Gentile would have no complaint and legal fees of a few thousand dollars at most. Instead, plaintiff's complaint was the legal equivalent of commercial dragnet fishing. Like the little fish drowned in the dragnet, Mr. Gentile is the proverbial "little fish" drowning in a sea of legal fees and expenses. Also, like the National Marine Fisheries Service, which protects "little fish" against predatory practices, Rule 11 protects Mr. Gentile against an unlawful "fishing expedition". Accordingly, Mr. Gentile respectfully requests that this Honorable Court order that Ms. Favaloro and her counsel, Attorney Charlip, reimburse him for all his attorney's fees and expenses.

Respectfully submitted,

_____
Douglas A. Robertson, B.B.O. No. 552315
Attorney for John J. Gentile
MARTIN, MAGNUSON, MCCARTHY &
    KENNEY
101 Merrimac Street
Boston, MA  02114
(617) 227-3240

## *CERTIFICATE OF SERVICE*

    I, Douglas A. Robertson, attorney for John J. Gentile, hereby certify that on the 16th day of May, 2006, I served a copy of the above document by first class mail, postage prepaid to

| | |
|---|---|
| Lisa DeBrosse Johnson, Esq.<br>The Pilot House<br>Lewis Wharf<br>Boston, MA 02110 | William F. Ahern, Jr., Esq.<br>Mandi J. Hanneke, Esq.<br>Clark, Hunt & Embry<br>55 Cambridge Parkway<br>Suite 401<br>Cambridge, MA 02142 |
| David H. Charlip, Esq.<br>Charlip Law Group, Inc.<br>Harrison Executive Centre<br>1930 Harrison Street, 208<br>Hollywood, FL 33020-5018 | Andrew R. Schulman, Esq.<br>Getman, Stacey, Schulthess & Steere, P.A.<br>3 Executive Park Drive, Suite 9<br>Bedford, NH 03110 |
| William P. Smith, Esq.<br>Haverty & Feeney<br>54 Samoset Street<br>Plymouth, MA 02360 | Donald F. Frederico, Esq.<br>Greenberg Traurig, LLP<br>1 International Place<br>Boston, MA 02110 |
| Melissa L. Nott, Esq.<br>Edward P. Leibensperger, Esq.<br>McDermott Will & Emery, LLP<br>28 State Street<br>Boston, MA 02109 | Dona Feeney, Esq.<br>Three Executive Park Drive, Suite 9<br>Bedford, NH 03010 |

                                                                            _____
Douglas A. Robertson, B.B.O. No. 552315
Attorney for John J. Gentile
MARTIN, MAGNUSON, MCCARTHY &
    KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

# CHARLIP LAW GROUP, LC

David H. Charlip, Esq.
dcharlip@charliplawgroup.com

Harrison Executive Centre
1930 Harrison Street, 208
Hollywood, FL 33020-5018
Tel: (954) 921-2131
Fax: (954) 921-2191
www.charliplawgroup.com

<u>Via Facsimile and U.S. Mail</u>
(617) 544-6261

June 22, 2005

Anthony Pesce, Esq.
Antonio Pesce & Associates, P.A.
427 A Broadway, Suite B
Everett, Massachusetts 02149

Re:   *Favaloro v Harvard, et als.*

Dear Mr. Pesce:

I hand you a copy of a Class Representation Complaint that I plan to file in Massachusetts Superior Court on June 30, 2005.

My investigation of the matters surrounding the cremation of Ms. Betty Frontiero and the development of additional facts leads me to believe that many of Harvard's anatomical donors specified cremation as part of the terms relating to the disposition of their anatomical remains. Their remains were cremated at Bayview Crematory in Seabrook, New Hampshire. The horrendous conditions exhibited by Bayview's practices, record-keeping, and failure to observe even the most basic respect for the reverent disposition of these donors has already been established as a matter of record. It is very clear that the duties and responsibilities of Harvard and Mr. Gentile, as its agent included, at a minimum, an obligation to determine that the cremation of these kind and generous people was properly performed.

I have also had the opportunity to re-review the statute to which you refer in your letter faxed to me today. My reading of the statute does not make Mr. Gentile "immune" from suit, but rather avoids liability for damages if his actions were in "good faith". I'm sure that you would agree that "bad faith" is a fact issue for the jury under the particular circumstances of the case. The documents I received from Harvard's counsel demonstrate more than a passing involvement by your client. Of course, I am always willing to discuss the nature and extent of your client's total involvement in the class aspects or only Ms. Frontiero's. I have specifically sent you a copy of the Class Representation Complaint a week in advance of the filing date so your client can realize that Ms. Favaloro's claim is genuine and not an idle threat. Ms. Favaloro has no desire to hold Mr. Gentile up to criticism or ridicule, but sincerely feels that his actions clearly ignored the respect which Ms. Frontiero should have been accorded.

Anthony Pesce, Esq.
June 23, 2005                                                                                       Page 2 of 2

Finally, this letter constitutes settlement discussions and is not meant as an admission, statement of fact, or other legal position of Ms. Favaloro, except as set forth in the attached Class Representation Complaint. Accordingly, this letter may not be used as evidence for any purpose whatsoever.

Sincerely yours,

David H. Charlip, Esq.

DHC/op

cc:   Geraldine Favaloro

## MARTIN, MAGNUSON, McCARTHY & KENNEY

ATTORNEYS AT LAW
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716
TELEPHONE: (617) 227-3240
TELECOPIER: (617) 227-3346
WWW.MMMK.COM

A PROFESSIONAL CORPORATION

CHARLES P. REIDY, III
DANIEL J. GRIFFIN, JR.
PAUL R. KEANE
JOHN P. MULVEY
PAUL M. McTAGUE
EDWARD F. MAHONEY
DOUGLAS A. ROBERTSON
KEVIN C. REIDY
STEPHEN M. O'SHEA
───
SEAN M. ENNIS
MICHAEL J. KEEFE*

LYNDA RIESGO JENSEN
MARIA L. MAZUR
LAURA M. MARHOEFER
MICHAEL A. MURPHY+# ^
ANTHONY R. BRIGHTON
MICHAEL B. DOHERTY+
KATHLEEN R. DAYAN
ANNA E. SPEROS
ALEXANDRA CASTRO♦
KAREN M. LODIGIANI■!
LAUREN P. MARINI

SENIOR COUNSEL
RAYMOND J. KENNEY, JR.

OF COUNSEL
NADINE NASSER DONOVAN+#
───
EDWARD F. HENNESSEY (1949-
EPHRAIM MARTIN (1927-1988)
HAROLD B. MAGNUSON (1938-1999)
CLEMENT MCCARTHY (1951-1985)

*ALSO ADMITTED IN CT
+ALSO ADMITTED IN RI
^ALSO ADMITTED IN DC
#ALSO ADMITTED IN NY
♦ALSO ADMITTED IN FL
■ALSO ADMITTED IN NH
! ALSO ADMITTED IN PA

April 3, 2006

drobertson@mmmk.com

David H. Charlip, Esq.
Charlip Law Group, Inc.
Harrison Executive Centre
1930 Harrison Street, Suite 208
Hollywood, FL 33020-5018

  RE: Favaloro v. President and Fellows of Harvard College, et al
      United States District Court  Case No.: 11594

Dear David:

This letter is written to you and your client, in accordance with Fed.R.Civ.P. 11, which requires that litigants and their counsel have a good faith basis for instituting lawsuits. I understand that your client is concerned that her mother's remains may have been mishandled in some way at Bayview Crematory. However, to date, no evidence has ever been offered to support the factual allegation in the plaintiff's complaint that the body of Betty L. Frontiero was, in fact, ever mishandled at Bayview. No such evidence was offered in plaintiff's opposition to Mr. Gentile's motion to dismiss. No such evidence was set forth in the plaintiff's recent Fed.R.Civ.P. 26(a)(1)(c) disclosure. Instead, plaintiff's Rule 26(a)(1)(c) disclosure contained a letter, dated 4/4/05, written by your office, seeking from Harvard, "records [which] may provide additional information to assure Ms. Favalora [sic] that her mother's body was properly handled under the program and the remains were provided with a reverent disposition." My client and I are perplexed that Ms. Favaloro would sue Mr. Gentile because, apparently, Ms. Favaloro did not receive further assurance from Harvard that her mother's remains were properly handled.

As you know, Ms. Favaloro's complaint alleges Bayview mishandled Ms. Frontiero's remains and that Mr. Gentile is somehow legally liable for Bayview's alleged mishandling. However, the plaintiff has no evidence that Ms. Frontiero's remains were actually mishandled, or that Mr. Gentile is somehow liable. Simply put, bad press about Bayview does not give rise to a good faith civil action against Mr. Gentile.

MARTIN, MAGNUSON, McCARTHY & KENNEY

David H. Charlip, Esq.
April 3, 2006
Page 2

As you know, Mr. Gentile has incurred over $17,630.95 in attorney's fees and expenses (my 3/22/06 affidavit, copy enclosed) defending himself against Ms. Favaloro's allegations. While the district court has dismissed the claim based on statutory immunity, my client still has damages in the amount of the attorney's fees and costs.

Therefore, in accordance with Fed.R.Civ.P. 11(c), please respond to this letter with any good faith evidence to support the allegation that Ms. Frontiero's remains were mishandled at Bayview in such a manner that Mr. Gentile could be legally liable. If you do not respond, or cannot provide such good faith evidence, we will be moving for an order, pursuant to Rule 11(c)(2), directing Ms. Favaloro and/or your firm to pay Mr. Gentile's legal fees and costs.

Very truly yours,

Douglas A. Robertson

DAR/bgf
Enclosure
CC:  All counsel of record (w/enclosure)

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CASE NO.: 11594 RCL
Honorable Reginald C. Lindsay

GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,
    Plaintiff,

vs.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS, and JOHN J. GENTILE,
    Defendants

## AFFIDAVIT OF DOUGLAS A. ROBERTSON, ESQ.

I, Douglas A. Robertson, counsel to John Gentile, do hereby state under oath that our firm's fees for representing Mr. Gentile in this matter, to date, are $17,555.00, our out of pocket costs and expenses are $75.95 for a total of $17,630.95.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22 day of March, 2006.

Douglas A. Robertson, B.B.O. No. 552315
Attorney for John J. Gentile
MARTIN, MAGNUSON, MCCARTHY &
    KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240