**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

Case No. 05-11594 RCL
Honorable Reginald C. Lindsay

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

### PLAINTIFF'S OPPOSITION TO JOHN J. GENTILE'S MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES

Plaintiff, Geraldine Favaloro ("Ms. Favaloro"), by and through her undersigned counsel, and David H. Charlip ("Mr. Charlip")[1], file this Opposition to the Motion of John J. Gentile for Reimbursement of Attorney's Fees and Expenses Pursuant to Federal Rule of Civil Procedure 11 as set forth herein below.

### Mr. Gentile's Motion Should Be Denied

Mr. Gentile's Motion should be denied.  Procedurally, it is clear on the face of Mr. Gentile's Motion that it is untimely and, most importantly, it failed to permit Ms. Favaloro and

---

[1] Mr. Gentile's Motion is directed only to Ms. Favaloro and Mr. Charlip.  Lisa DeBrosse-Johnson, Esq. is co-counsel in these proceedings for Ms. Favaloro.  In that the Motion is not directed to Ms. DeBrosse-Johnson or seeks relief from her, no opposition is filed on her behalf.

Mr. Charlip resort to the "safe harbor" protection of Rule 11 encompassed in the 1993 revisions to the Rule. Both of the procedural requirements of the rule are a mandatory predicate to an award of relief. Notwithstanding these procedural deficiencies, substantively Mr. Gentile's Motion fails to establish a violation of any of the provisions of Rule 11(b).

### Mr. Gentile's Motion Is Untimely

Rule 11 carries the procedural requirement of timely notice. Mr. Gentile acknowledges that his counsel's April 3, 2006 is his "Rule 11 letter." (*Gentile Motion, pp. 1 & 2; Gentile Memorandum of Law, p. 2*). There are no other letters, documents or notices referred to in the Motion forming the basis for compliance with the notice requirement of Rule 11(c)(1)(A). The letter was mailed to Mr. Charlip nine (9) months after the suit was instituted and almost four (4) months after the allegedly offending claims had already been dismissed by this Court, with prejudice,. In fact, the appeal from that dismissal was also dismissed, two (2) days after Mr. Gentile's Rule 11 letter.[2] Ms. Favaloro and Mr. Charlip are required to be afforded <u>time</u> to evaluate and correct the offending matter.

> *To that end, a motion filed after a judgment has been entered is procedurally defective. . . . The "safe harbor" provision functions as a practical time limit, and motions have been disallowed as untimely when filed <u>after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission</u>. . . . "[A] party cannot wait to seek sanctions until after the contention has been judicially disposed. A party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case <u>or judicial rejection of the offending contention</u>. . . . Any other interpretation would defeat the rule's explicit requirements."*

---

[2] It is important to note that the appeal did not address the merits arguments. The appeal was dismissed based upon the absence of a final judgment under Rule 54(b), thereby depriving the Appellate Court of § 1291 jurisdiction. A motion for entry of such a judgment has been made by Mr. Gentile's co-Defendant, Harvard, and the parties have filed suggested findings as a predicate to the judgment. The matter is currently pending before this Court.

*In re: M.A.S. Realty Corporation*, 326 B.R. 31, 38-39 (Bkrtcy.D.Mass.2005)(emphasis added). *See also* Smith v. Robertshaw Controls Company, 2004 WL 1260097, *2 (D.Mass.2004) (Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention.)"); Monohan Corporation v. Whitty, 319 F.Supp.2d 227, 234 (D.Mass.2004) (Rule 11 motion was untimely where filed more than two months after grant of summary judgment and more than one year after movant became aware of the basis for the motion.)  Here, the allegedly offending Complaint was filed on July 7, 2005; dismissed by this Court, with prejudice, on December 15, 2005; first notice of Mr. Gentile's intent to look to Rule 11 mailed on April 3, 2006; and the Motion filed on June 12, 2006.  Mr. Gentile's motion is untimely on its face.  The previously cited Massachusetts District Court decisions require that Mr. Gentile's Motion be denied.[3]

### Mr. Gentile's Motion Did Not Afford Ms. Favaloro And Mr. Charlip With The "Safe Harbor" Requirement Of Rule 11

In addition to the untimely nature of Mr. Gentile's Motion, he has either taken a cavalier approach to compliance with the Rule or has failed to understand its "safe harbor" requirements.[4] Particularly, the timing of the Motion has precluded Ms. Favaloro and Mr. Charlip from availing themselves of the opportunity to seek this safe harbor. "Rule 11 was amended in 1993 to include a 21-day 'safe harbor' provision with respect to motions filed by parties.  Fed.R.Civ.P.

---

[3] In fact, there is authority supporting the position that the very filing of the Rule 11 Motion by Mr. Gentile and his counsel in this situation subjects them to sanctions.  "To file pleadings such as this Reconsideration Motion and the non-compliant requests for sanctions wastes both counsels' and the Court's time and resources and may well be sanctionable." *In re Hannigan*, 2005 WL 3263923, *2 (Bkrtcy.D.Mass.2005)(Emphasis added).

[4] Similar to *Hannigan*, *supra*, a Rhode Island District Court has held that ignorance of the requirements of Rule 11 or a casual approach to filing the motion results in a waste of the court's time and forces parties to respond to a motion with no basis in law or fact.  Rule 11 sanctions and a public reprimand are appropriate for such conduct.  *Waters v. Walt Disney World Company*, 237 F.Supp.2d 162, 168 (D.Rhode Island 2002).

11(c)(1)(A). The safe harbor provision must be strictly complied with for sanctions to be imposed under the amended Rule." *In re Hannigan*, 2005 WL 3263923, *1 (Bkrtcy.D.Mass.2005)  Notice and the opportunity of a party to avail itself of safe harbor are an absolute and necessary predicate to obtaining relief under the Rule. Without compliance with the notice provisions of Rule 11, the Motion is procedurally defective and no sanctions can be properly awarded by the Court.

> *By the terms of Rule 11(c), this court cannot impose sanctions under that rule unless the requirements of the "safe harbor" provision have been met. "[T]he safe harbor provisions of Rule 11 are inflexible claim-processing rules and . . . a district court exceeds its authority by imposing sanctions requested through a procedurally-deficient Rule 11 motion. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 396 (4th Cir.2004).*

*United States v. M.A. Mortenson Company*, 2006 WL 696196, *1 (D.Maine 2006). Not only is Mr. Gentile's Motion untimely, there was no offending "paper, claim, defense, contention, allegation, or denial" that either Ms. Favaloro or Mr. Charlip could withdraw to protect themselves from the sanctions sought by Mr. Gentile. Essentially, not only was the Rule 11 "horse" already out of the barn; he was miles down the road and out of the county.

### The Filing Of The Complaint Does Not Violate Rule 11(b)

Rule 11(b) provides:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

4

> extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

It is not clear from Mr. Gentile's Motion what the precise grounds are for asserting a Rule 11 violation against Ms. Favaloro and Mr. Charlip. No specific reference is made to any of the subdivisions of Rule 11(b). Certain subsections can logically be eliminated by reference to the Motion itself. For example, Mr. Gentile's Motion does <u>not</u> assert that either Ms. Favaloro or Mr. Charlip presented the Complaint for any "improper purpose", or that the allegations are "not warranted by existing law or by nonfrivilous argument for the extension, modification, or reversal of existing law or the establishment of new law"[5], or that "denials of factual contentions are warranted." Mr. Gentile's Motion does speak in terms of "frivolous", "unsupported", and "ill-considered actions", although Rule 11 never uses the two latter words in subsection (b). Accordingly, it appears that Mr. Gentile is asserting, as his substantive argument, that the allegations and other factual contentions lack evidentiary support or, if specifically so identified,

---

[5] In any event, it is not likely that Mr. Gentile would assert the latter in that after this Court dismissed the case, with prejudice, and during the pendency of the appeal that was dismissed for lack of § 1291 jurisdiction, the Massachusetts Supreme Judicial Court held that where a defendant moving for summary judgment contends, and makes at least a minimal showing that it acted in "good faith" within the meaning of *G. L. c. 113, § 13(c)*, the burden falls to the plaintiffs to identify competent evidence sufficient for a reasonable jury to find to the contrary. <u>Carey v. New England Organ Bank</u>, 446 Mass. 270, 283, 843 N.E.2d 1070, 1083 (2006). This holding was wholly consistent with the legal position asserted by Ms. Favaloro and her counsel before this Court regarding "good faith" as an affirmative defense that was not subject to Rule 12 dismissal.

are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

At the outset, it is important to recognize that "[S}anctions will not be imposed pursuant to Rule 11 if the plaintiff's actions, in pursuing its claims, were objectively reasonable under the circumstances." <u>Smith v. Robertshaw Controls Company</u>, 2004 WL 1260097, *1 (D.Mass.2004). "The common goal of Rule 11 and § 6F is to deter frivolous litigation. That goal, however, must not be achieved at the expense of chilling zealous advocacy." *Id.* "The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." <u>Roger Edwards, LLC v. Fiddes & Son, Ltd.</u>, 227 F.R.D. 19, 20 (D.Maine 2005), citing <u>Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.</u>, 171 F.3d 52, 58 (1st Cir.1999). The Eleventh Circuit Court of Appeals has condensed the factors to be considered by a court to three types of conduct that warrant sanctions under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has *no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law*; and, (3) when a party files a pleading in bad faith or for an improper purpose. Schramek v. Jones, 161 F.R.D. 119, 120 (D.Fla., 1995)(emphasis added); quoting *Didie v. Howes*, 988 F.2d 1097 (11th Cir.1993).

<u>Mills, M.D. v. Brown</u>, 372 F.Supp.2d 683, 693 (D.Rhode Island 2005). "Rule 11(b) is not a strict liability provision." <u>Young v. City of Providence</u>, 404 F.3d 33, 39 (1st Cir.2005). Rule 11(b) requires "that factual contentions have evidentiary support only 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances'." *Id*.

Here, the factual allegations with respect to the mishandling of decedents' remains occurring at the Bayview Crematory are supported by the records and written declarations of

New Hampshire state officials charged with the regulation of crematories, the affidavits of state police based upon their personal observations and the statements of third parties with personal knowledge[6], and the admissions of the principal of the Bayview Crematory. Further, a request was made for all information from the Defendants before the case was filed. The knowledge and information forming the basis for the factual allegations in the Complaint was certainly reasonable. The allegations of negligence against Mr. Gentile deal with his duty to determine the legal compliance by Bayview with New Hampshire regulatory agencies. Interestingly, a simple inquiry to the New Hampshire Department of Health and Human Services, Division of Public Health Services (DHHS) would have revealed that Bayview was an unauthorized and unapproved crematory. As alleged, this "duty" is part of the industry standards applicable to funeral homes in dealing with third-party crematories. Other facts exist with respect to the mishandling of bodies at the Bayview Crematory; however Ms. Favaloro and Mr. Charlip assert that they are not required to place their entire case before the Defendants in order to avoid sanctions under Rule 11.

Finally, as noted above, the Defendants asserted their immunity under *G. L. c. 113, § 13(c)*. They argued that their "good faith" precluded suit against them and it was the Plaintiff's burden to plead and prove "bad faith." Plaintiffs made a good faith legal argument that the Superior Court decision in <u>Carey</u> was incorrect with regard to the nature of the asserted immunity to the effect that such "good faith" was an affirmative defense that need to be pleaded and proven, and could not be the basis for dismissal under Rule 12. As noted above, this argument was the essential holding of the Massachusetts Supreme Judicial Court on review. By unsuccessfully asserting this legal position, neither Ms. Favaloro nor Mr. Charlip can be

---

[6] Many of these facts have already been substantiated by the direct admissions of employees of the Bayview Crematory.

sanctioned under Rule 11. *Cf.* <u>Hughes v. McMenamon</u>, 379 F.Supp.2d 75 (D.Mass.2005)(Re-hashing claims that have already been litigated in prior actions make sanctions appropriate).

Dated this 23rd day of June, 2006.

Respectfully Submitted,

<u>/s/ David H. Charlip</u>_____
David H. Charlip
Admitted *Pro Hac Vice*
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
dcharlip@charliplawgroup.com

## Certificate of Service

I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 23rd day of June, 2006.

<u>/s/ David H. Charlip</u>     _____
David H. Charlip