UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CASE NO.: 05-11594 RCL
Honorable Reginald C. Lindsay

GERALDINE FAVALORO, for herself and on behalf of all others similarly situated, )
    Plaintiff, )
)
vs. )
)
PRESIDENT AND FELLOWS OF HARVARD )
COLLEGE, BAYVIEW CREMATORY, LLC, )
a New Hampshire Limited Liability Company, )
LINDA STOKES, TRUSTEE OF THE DEKES )
REALTY TRUST OF 107 SOUTH )
BROADWAY, LAWRENCE, )
MASSACHUSETTS, and JOHN J. GENTILE, )
    Defendants )

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MR. JOHN J. GENTILE'S MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES**

Defendant, John J. Gentile ("Mr. Gentile"), by and through her undersigned counsel, Douglas Robertson, file this Reply to Plaintiff's Opposition to the Motion of John J. Gentile for Reimbursement of Attorney's Fees and Expenses Pursuant to Federal Rule of Civil Procedure 11.

**Mr. Gentile's Motion Should Be Granted Because It Was Timely And Afforded Ms. Favaloro and Mr. Charlip With "Safe Harbor" Pursuant to Rule 11**

Mr. Gentile's motion should be granted because the motion is both timely and offers Ms. Favaloro and Mr. Charlip resort to the "safe harbor" protection provided for by the 1993 Amendment to Rule 11. Also, Mr. Gentile's motion establishes that Ms. Favaloro and Mr. Charlip have substantively violated the provisions of Rule 11(b).

Mr. Gentile's Rule 11 motion is timely and follows the proper procedural pathways.  The express language of the Advisory Committee Note for the 1993 Amendments states:

> The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery. Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Rule 11's requirement of "timeliness" has been interpreted to mean that a party seeking sanctions must serve its motion on the opposing party and may file the motion with the court 21 days later only if the challenged pleading is neither withdrawn or the offending party does not candidly acknowledge that it does not currently have evidence to support a specified allegation.  See Monahan Corp. v. Whitty, 319 F.Supp.2d 227, 233, 234 (D. Mass. 2004); In re. M.A.S. Realty, Corp., 326 B.R. 31, 38 (Bkrtcy.D.Mass. 2005).  In Monahan Corp., the court rejected the defendant's motion for Rule 11 sanctions for failure to comply with the "safe harbor" provision where Monahan Corporation did not commence Rule 11 proceedings until a year after obtaining summary judgment and the entry of a separate and final judgment in its favor. See 319 F.Supp.2d at 234, 235.  In contrast, although Ms. Favaloro's complaint was dismissed on December 19, 2005, Ms. Favaloro's Proposed Findings for Entry of Separate and Final Judgment is still pending before the court [see Docket Entry 49], and thus the service of the Rule 11 motion on Mr. Charlip on May 16, 2006 and filing of the motion with the court 21 days later on June 12, 2006 is timely because we have yet to reach the "conclusion of the case." See id.; 1993 Advisory Committee Note.

The purpose of Rule 11 is to deter frivolous complaints and litigation by burdening the party that filed the offending pleading with the full weight of his actions to provide a disincentive

2

for embarking on similar conduct in the future.  See Fusco v. Medeiros, 965 F.Supp. 230, 236, 238 (D. R.I. 1996).  After the district court dismissed Ms. Favaloro's complaint on December 19, 2005 as lacking on the merits, Ms. Favaloro and Mr. Charlip persisted in their course of action by filing an appeal on January 13, 2006, which the First Circuit rejected on procedural grounds on May 3, 2006.  Accordingly, the plaintiff's complaint against Mr. Gentile in the District Court was pending when Mr. Gentile's motion was served on Ms. Favaloro and remains pending today.  Granting Mr. Gentile's Rule 11 motion will accord precisely with the policy considerations underlying the Rule by discouraging the filing of further pleadings and appeals in a case that has already been extended beyond substantive boundaries and caused significant financial harm to Mr. Gentile.  See Fusco, 965 F.Supp. at 237, 238.  Finally, the court in Monahan Corp. noted that "There is no occasion, in this case, to draw a bright line in terms of timing of the filing of Rule 11 motions in each and every circumstance," an indication that equitable concerns can prompt a court, at its discretion, to award sanctions to the aggrieved party outside of the procedure articulated in the case law.  See 319 F.Supp.2d at 235; 1993 Advisory Committee Note.

### The Filing Of The Complaint Does Violate Rule 11(b)(2) and (3)

Mr. Gentile's motion should be granted because the filing of the complaint by Ms. Favaloro was not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and thus violated Rule 11(b)(2).  See Fed.R.Civ.P. 11(b)(2).  The issue in this case is not whether Ms. Favaloro may be able to show improprieties occurred at Bayview Crematory, but rather her instituting the present negligence lawsuit against Mr. Gentile, while knowing that the Uniform Anatomical Gift Act (UAGA) made Mr. Gentile immune to all negligence suits, in the absence of bad faith.  See G. L. c. 113 δ 13(c).  In Divot Golf Corp. v. Citizens Bank of Mass., the court found plaintiff in

3

violation of Rule 11(b)(2) where its RICO claim failed to allege the requisite pattern of racketeering. See 2003 WL 61287 *3, 4 (D.Massachusetts 2003). Similarly, Ms. Favaloro's failure to plead bad faith, even when alerted to the deficiency by counsel, as reflected in Attorney Charlip's letter of June 22, 2005, is a violation of the obligation to act in good faith under Rule 11. See Fed.R.Civ.P. 11.

Although "the mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions," zealous advocacy is not served where counsel is aware of the burden of proof required by a statute, and proceeds with deficient allegations, only acknowledging the immunity covered by the statute, and the deficiency of the pleading, at oral argument. See Roger Edwards, LLC v. Fiddles & Son, Ltd., 227 F.R.D. 19, 20 (D.Maine 2005). Ultimately, Ms. Favaloro and her counsel did not "stop-and-think" before pressing the legal contention of negligence against Mr. Gentile, despite knowing that the UAGA bars negligence suits in the absence of bad faith, and therefore exposed themselves to sanctions pursuant to Rule 11. See 1993 Advisory Committee Note.

Further, Mr. Gentile's motion should be granted because Ms. Favaloro's complaint violates Rule 11's mandate that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." See Fed.R.Civ.P. 11(b)(3). Although Rule 11(b) requires "that factual contentions have evidentiary support only 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the court in Young v. City of Providence went on to write that the 1993 Amendments "were 'intended to eliminate any empty-head pure-heart justification.'" See 404 F.3d 33, 40 (1st Cir. 2005). Similar to W.R. Carney v. Cambridge Technology Partners, Inc.,

4

where reading a newspaper article does not satisfy the reasonable inquiry requirement, Ms. Favaloro's reliance on news reports regarding Bayview's alleged improprieties does not qualify as a reasonable inquiry into whether Mr. Gentile acted in bad faith.  Accordingly, Ms. Favaloro's current "empty-head pure-heart" argument, as articulated in their Opposition Motion, does not save plaintiff from the consequences of its factually-deficient contentions.  See 135 F.Supp.2d 235, 247 (D.Mass. 2001).

                                            /s/   Douglas A. Robertson
                                            Douglas A. Robertson, B.B.O. No. 552315
                                            Attorney for John J. Gentile
                                            MARTIN, MAGNUSON, MCCARTHY &
                                                KENNEY
                                            101 Merrimac Street
                                            Boston, MA  02114
                                            (617) 227-3240

Dated:  July 6, 2007