UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.

Case No. 05-11594 RCL
Honorable Reginald C. Lindsay

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

### PLAINTIFF, GERALDINE FAVALORO'S, MOTION FOR ATTORNEY'S FEES AND COSTS AS SANCTIONS PURSUANT TO RULE 11, FED.R.CIV.P.

Plaintiff, Geraldine Favaloro, by and through her undersigned counsel, moves this Court for entry of an order awarding her attorney's fees and costs as sanctions against the Defendant, John J. Gentile, and his counsel, Douglas A. Robertson, Esq. and Martin, Magnuson, McCarthy & Kenney, pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support thereof, Ms. Favaloro asserts:

    1.    On June 12, 2006, John J. Gentile, through his counsel, Douglas A. Robertson, Esq. and Martin, Magnuson, McCarthy & Kenney, filed a motion for reimbursement of attorney's fees and expenses pursuant to Rule 11 of the Federal Rules of Civil Procedure (the

"Gentile Rule 11 Motion"). Accompanying the Gentile Rule 11 Motion was a memorandum of law in support thereof.

2. On June 21, 2006, prior to the filing of Ms. Favaloro's Opposition to the Gentile Rule 11 Motion, counsel for Ms. Favaloro sent a letter via United States Mail and facsimile transmission to Douglas Robertson and Martin, Magnuson, McCarthy & Kenney specifically advising them of the procedural and substantive deficiencies with the Gentile Rule 11 Motion that would mandate its denial. A true and correct copy of the June 21st letter is attached hereto as Exhibit "A".

3. Despite having received the June 21st letter, Mr. Gentile and his counsel elected to proceed with the Gentile Rule 11 Motion. The Gentile Rule 11 Motion is currently pending before this Court.

4. By filing the Gentile Rule 11 Motion, Douglas Robertson has certified to the best of his knowledge, information, and belief, after an inquiry reasonable under the circumstances that:

> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

*Rule 11(b)(1), (2) and (3), Fed.R.Civ.P.*

5. The Gentile Rule 11 Motion violates the preceding sections of Rule 11.

6. This Court is empowered to impose sanctions against Mr. Gentile, Douglas Robertson, and Martin, Magnuson, McCarthy & Kenney as "attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." *Rule 11(c), Fed.R.Civ.P.*

7. This Motion has been served as provided in Rule 5, but has not been filed with or presented to this Court within twenty-one (21) days after service. The challenged Rule 11 Motion has not been withdrawn or appropriately corrected.

8. Counsel for Ms. Favaloro has appended his Affidavit of Attorney's Fees to the Memorandum of Law filed in association with this Motion.

WHEREFORE, by reason of the foregoing, Geraldine Favaloro requests that this Court enter an order granting her Rule 11 Motion and impose such sanctions as may be permitted under *Rule 11(c)(2)* against Mr. Gentile, Douglas Robertson, and Martin, Magnuson, McCarthy & Kenney.

Dated this 21st day of August, 2006.

/s/ David H. Charlip_____
David H. Charlip
Admitted *Pro Hac Vice*
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile
dcharlip@charliplawgroup.com

**Certificate of Service**

    I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 21st day of August, 2006.

                                          /s/ David H. Charlip
                                          David H. Charlip
                                          Admitted *Pro Hac Vice*

# EXHIBIT "A"

# CHARLIP LAW GROUP, LC

| | |
|---|---|
| David H. Charlip, Esq.<br>dcharlip@charliplawgroup.com | Harrison Executive Centre<br>1930 Harrison Street, Suite 208<br>Hollywood, FL 33020-5018 |
| Sean Jason Gelb, MD, JD<br>sgelb@charliplawgroup.com | Tel: 954-921-2131<br>Fax: 954-921-2191<br>www.charliplawgroup.com |
| Eric A. Jacobs, Esq.<br>ejacobs@charliplawgroup.com | |

**Via Facsimile & U.S.Mail**
**617-227-3346**

June 21, 2006

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716

  Re: *Favaloro v. President and Fellows of Harvard College, et al.,*
     Case No.: ESCV2005-01133-C

Dear Mr. Robertson:

I am writing to you and your client in accordance with Rule 11 of the Federal Rules of Civil Procedure. After my initial review of your Motion, I was of the impression that it was being presented to the Court for an improper purpose, including the harassment of Ms. Favaloro and myself for having commenced this action, as well as to increase my time attributable to this case. In other words, Mr. Gentile seeks his "pound of flesh." My legal research has confirmed my feelings and I have completed a draft of the Opposition that I will file in response to Mr. Gentile's Motion for Fees and Expenses under Rule 11.

Notwithstanding Mr. Gentile's improper presentation of his Rule 11 Motion, it is also apparent that the basis for the Motion has no substantive foundation under Rule 11. More importantly, Mr. Gentile's Motion is, on its face, procedurally defective as both untimely and presented in a fashion that would preclude Ms. Favaloro and me from seeking "safe harbor" from the challenged claims.

I suspect that neither you nor Mr. Gentile will be persuaded that there is a proper foundation for the factual assertions in the Complaint. Nonetheless, as noted above, the Motion is untimely and procedurally defective. With respect to the untimely nature of the Motion, I direct your attention to *In re: M.A.S. Realty Corporation*, 326 B.R. 31 (Bkrtcy.D.Mass.2005); *Smith v. Robertshaw Controls Company*, 2004 WL 1260097 (D.Mass.2004); and *Monohan Corporation v. Whitty*, 319 F.Supp.2d 227 (D.Mass.2004). With respect to the procedural deficiencies, I direct your attention to *In re Hannigan*, 2005 WL 3263923, *1 (Bkrtcy.D.Mass.2005) and *United States v. M.A. Mortenson Company*, 2006 WL 696196, *1 (D.Maine 2006).

June 21, 2006

I would point out that at least two Federal District Courts in the 1st Circuit (one in Massachusetts) have suggested and determined that sanctions are appropriate for motions that are not in compliance with Rule 11.  Govern yourself and your client's interests accordingly.

Frankly Doug, I neither take satisfaction nor have any interest in creating or escalating feelings of animosity in this case.  Harvard obviously used Mr. Gentile and has now thrown him to the wolves.  I respectfully suggest and request that you withdraw your client's Motion and this episode can be brought to an amicable and uneventful conclusion.  Please understand however that I will not be bullied or threatened with frivolous motions and will proceed if I am required to file my Opposition.

Sincerely,

Dictated, Read, but not signed in Mr. Charlip's absence

David H. Charlip, Esq.

DHC/sr