## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                                  Case No. 05-11594 RCL
                                                       Honorable Reginald C. Lindsay

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

### PLAINTIFF, GERALDINE FAVALORO'S, REPLY TO GENTILE'S OPPOSITION TO FAVALORO'S MOTION FOR ATTORNEY'S FEES AND COSTS AS SANCTIONS PURSUANT TO RULE 11, FED.R.CIV.P.

    Plaintiff, Geraldine Favaloro, by and through her undersigned counsel, files her Reply to John J. Gentile's Opposition to her Motion for Rule 11 Sanctions as follows herein below.

### Mr. Gentile's Authorities Actually Support Ms. Favaloro's Request For Relief

    Even the most cursory review of the authorities cited in Mr. Gentile's Opposition clearly demonstrates that Ms. Favaloro is entitled to the relief sought in her Rule 11 Motion. Mr. Gentile has wholly failed to provide an explanation or legal substantiation for the patently untimely filing of his Rule 11 Motion and his failure to provide even the semblance of an opportunity for "safe-harbor" to Ms. Favaloro. Charged with knowledge of this law and the

explicit requirements of Rule 11, future acts by Mr. Gentile and his counsel should be deterred through sanctions.

Particularly, the case of <u>Monahan Corporation N.V. v. Whitty</u>, 319 F.Supp.2d 227 (D.Mass. 2004) holds that the filing of a Rule 11 motion two months after entry of a summary judgment and one month after the entry of a final and separate judgment was untimely. Further, filing the motion more than one year after the movants became aware of the basis for the motion essentially did not comply with Rule 11's "safe-harbor" requirements and precluded relief under the Rule. 1993 advisory notes and relevant case law endorse the requirement of "promptly" filing the motion. <u>Monahan</u> at 232. The determinations of this Court ring as true in this instance as they did over two years ago. "By the time Imageware filed its motion, the offending complaint had long since been dismissed." <u>Monahan</u> at 233. In this case, Mr. Gentile's motion was filed more than six (6) months after Ms. Favaloro's complaint was dismissed. <u>Monohan</u> also holds that Ms. Favaloro was never provided the opportunity for safe-harbor required under the Rule. "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion." <u>Monahan</u> at 233. "At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case." <u>Monahan</u> at 234, n. 12.

Mr. Gentile's next case, <u>In re M.A.S. Realty Corporation</u>, 326 B.R. 31 (D.Mass.2005) reinforces the requirement of "timeliness" and the additional requirement of an opportunity for "safe-harbor" as absolute predicates for Rule 11 relief. "A party cannot wait to seek sanctions until after the contention has been judicially disposed." <u>In re M.A.S. Realty Corporation</u> at 39. "By waiting until after the judgment entered to file its motion for sanctions, the Debtor

essentially rendered the safe harbor a nullity." *In re M.A.S. Realty Corporation* at 39. This deprivation of the opportunity for safe-harbor was the basis upon which the Court determined that it was "precluded" from imposing sanctions. *In re M.A.S. Realty Corporation* at 40.

Finally, Mr. Gentile relies upon a Rhode Island District Court decision. How this somehow defeats Ms. Favaloro's Rule 11 Motion is baffling. In *Fusco v. Medeiros*, 965 F.Supp. 230 (D.R.I. 1996) the Court actually applied the provisions of Rule 11 prior to its 1993 amendments, including the requirement for "safe-harbor." Its applicability as a defense to Ms. Favaloro's Rule 11 Motion is surreal.

## Conclusion

As is readily apparent from a reading of Mr. Gentile's Rule 11 Motion, he is seeking "compensation." Conversely, Ms. Favaloro has presented her Rule 11 Motion only in response to this patent harassment by Mr. Gentile and his counsel. She legitimately seeks to "deter" future harassment and abuse. "The purpose of sanctions under the new Rule 11 'is to deter rather than compensate.' Fed.R.Civ.P. 11 advisory committee notes." *Fusco* at 236.

Dated this 22nd day of August, 2006.

/s/ David H. Charlip
David H. Charlip
Admitted *Pro Hac Vice*
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile
dcharlip@charliplawgroup.com

**Certificate of Service**

    I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 22nd day of August, 2006.

/s/ David H. Charlip_____
David H. Charlip
Admitted *Pro Hac Vice*