**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

GERALDINE FAVALORO, for herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                            Case No. 05-11594 RCL
                                                   Honorable Reginald C. Lindsay

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, BAYVIEW CREMATORY, LLC,
a New Hampshire Limited Liability Company,
LINDA STOKES, TRUSTEE OF THE DEKES
REALTY TRUST OF 107 SOUTH BROADWAY,
LAWRENCE, MASSACHUSETTS, and JOHN J.
GENTILE,

    Defendants.
_____/

## **PLAINTIFF, GERALDINE FAVALORO'S, MOTION FOR VOLUNTARY DISMISSAL, WITHOUT PREJUDICE**

Plaintiff, Geraldine Favaloro ("Ms. Favaloro"), by and through her undersigned counsel, pursuant to F.R.C.P. 41 (a) (2), moves this Honorable Court for entry of an order dismissing the above-styled action as to the remaining Defendants, Bayview Crematory, LLC, a New Hampshire Limited Liability Company ("Bayview") and Linda Stokes, Trustee of The Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts ("Stokes, Trustee"), without prejudice.  In support of this Motion, Ms. Favaloro asserts:

1

1. Rule 41 (a) of the Federal Rules of Civil Procedure provides:

> **(a) Voluntary Dismissal: Effect Thereof.**
>
> **(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
>
> **(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. <u>Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.</u>

(Emphasis added).

2. Pursuant to Local Rule 7.1, Ms. Favaloro has previously requested that the Defendants, Bayview and Stokes, Trustee join in a stipulation for dismissal of this action, without prejudice pursuant to Rule 41 (a) (1) (ii). Counsel for the Defendant, Bayview, has declined to join in the requested stipulation for dismissal, unless the dismissal is <u>with</u> prejudice. Ms. Favaloro may become a member of a class certified by this Court in other proceedings currently pending before it, or by a court of the Commonwealth of Massachusetts. Ms. Favaloro may also wish to reinstitute this action against Bayview and/or Stokes, Trustee at some time in the future. Accordingly, a dismissal with prejudice is not appropriate.

3. Ms. Favaloro now seeks dismissal of the claims against these Defendants "By Order of Court" under Rule 41 (a) (2). No counterclaim has been asserted against Ms. Favaloro and there are no circumstances mandating dismissal with prejudice. In this situation, dismissal under Rule 41 (a) (2) should properly be without prejudice.

WHEREFORE, Geraldine Favaloro respectfully requests that this Honorable Court enter its order dismissing this cause as to the remaining Defendants, Bayview Crematory, LLC, a New Hampshire Limited Liability Company and Linda Stokes, Trustee of The Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, without prejudice.

Dated this 3rd day of November, 2006.

/s/ David H. Charlip
David H. Charlip
Admitted *Pro Hac Vice*
Florida Bar No.: 329932
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
dcharlip@charliplawgroup.com

And

/s/ Lisa DeBrosse Johnson
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
debrossejohnson@comcast.net

## Certificate of Service

I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 3rd day of November, 2006.

/s/ David H. Charlip_____
David H. Charlip