UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CASE NO.: 05-11594 RCL
Honorable Reginald C. Lindsay

GERALDINE FAVALORO, for herself and on behalf of all others similarly situated, )
    Plaintiff, )
)
vs. )
)
PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS, and JOHN J. GENTILE, )
    Defendants )

**OPPOSITION OF DEFENDANT, JOHN J. GENTILE, ("MR. GENTILE") TO MOTION OF PLAINTIFF, GERALDINE FAVALORO, ("MS. FAVALORO") TO DISMISS, WITHOUT PREJUDICE, AS TO DEFENDANTS, BAYVIEW CREMATORY, LLC, A NEW HAMPSHIRE LIMITED LIABILITY COMPANY ("BAYVIEW") AND LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF SOUTH BRODWAY, LAWRENCE, MASSACHUSETTS ("STOKES, TRUSTEE")**

    Mr. Gentile opposes the plaintiff's motion on the following grounds:

1.     On December 19, 2005, the Court dismissed Ms. Favaloro's claim against Mr. Gentile (and Harvard), with prejudice.

2.     On May 4, 2006, the Court ruled that an appeal of the dismissal of the claims against Harvard (and implicitly, Mr. Gentile) were not ripe, as the claims against the Bayview defendants were still pending.

3.     If the Bayview defendants are dismissed, then the plaintiff appeals the dismissal as to Mr. Gentile, and the Appeals Court reverses Gentile's dismissal, then Mr. Gentile's

       subsequent answer would include a third-party claim for contribution against the Bayview defendants pursuant to M.G.L. c. 231(B) §1.

4. During the interim, if Ms. Favaloro follows through with her stated intent to re-file as to the Bayview defendants in state Court, and then prevails on her appeal as to Mr. Gentile, the Bayview defendants would be forced to defend against the same claim, in two different cases, in two different courts.

5. Mr. Gentile would be prejudiced by having to pursue his contribution rights by a third-party claim instead of a cross-claim.

6. The best solution to this conundrum is for Ms. Favaloro to waive any appeal as to Mr. Gentile (and implicitly, Harvard), as a condition to asking the Court to dismiss as to the Bayview defendants.

7. Alternatively, Ms. Favaloro may simply pursue her current case, to conclusion, against the current defendants.

8. Ms. Favaloro's stated request, to pursue the Bayview defendants in a separate action, while presumably pursuing an appeal as to Mr. Gentile and Harvard in this case, violates all prohibitions against claim splitting and potentially leaves Bayview defending the same claim twice, once as a direct defendant and once as a contribution defendant. Such a result would violate both the spirit and letter of Federal Rules 41 and 54, and cannot be countenanced.

                                        /s/ Douglas A. Robertson
                                        Douglas A. Robertson, B.B.O. No. 552315
                                        Attorney for John J. Gentile
                                        MARTIN, MAGNUSON, MCCARTHY &
                                             KENNEY
                                        101 Merrimac Street
                                        Boston, MA  02114

DATED: <u>November 8, 2006</u>         (617) 227-3240