UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 05-11594-RCL

|  |  |
|---|---|
| GERALDINE FAVALORO, for herself and on behalf of all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BAYVIEW CREMATORY, LLC, a New Hampshire Limited Liability Company, LINDA STOKES, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, and JOHN J. GENTILE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LINDA STOKES, TRUSTEE OF THE DEKES REALTY TRUST OF 107 SOUTH BROADWAY, LAWRENCE, MASSACHUSETTS', OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

NOW COMES defendant Linda Stokes, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts ("Ms. Stokes"), and hereby opposes Plaintiff's Motion For Voluntary Dismissal Without Prejudice. If plaintiff wishes to dismiss her case against Stokes, the dismissal should be with prejudice, or in the alternative, entered subject to certain conditions, including the payment of Ms. Stokes' attorney's fees and costs for certain portions of this action.

In support of this Opposition, Ms. Stokes states as follows:

1. Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon *such terms and conditions as the court deems proper.*" Fed.R.Civ.P. 41(a)(2) (emphasis added). The purpose of the Rule is to permit a plaintiff to dismiss an action "as long

as no other party will be prejudiced." Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000) (internal quotations and citations omitted).

2. In ruling on a Rule 41(A)(2) motion, the court must "keep in mind the defendant's interests, for it is [its] position which should be protected." Ritchey v. Ledoux, 164 F.R.D. 186, 189 (E.D.La. 1995) (internal quotations and citations omitted). When the plaintiff seeks a Rule 41 dismissal without prejudice in order to "circumvent the effect of the court's previous ruling", the dismissal should be denied because the defendants would be prejudiced by the dismissal. National American Insurance Co. of California v. Cigna Property & Casualty Companies, 144 F.R.D. 117, 118 (D.Kan. 1992).

3. The plaintiff in this action seeks to circumvent the effect of this Court's previous rulings granting defendants Harvard and Gentile's Motions to Dismiss, denying the plaintiff's motion for separate and final judgment, and/or denying the plaintiff's motion for remand. As plaintiff coyly indicated in her Motion for Voluntary Dismissal, she intends to pursue her claims against Bayview and Stokes in another action. Dismissal of this action without prejudice would circumvent this Court's prior orders and result in piecemeal litigation, with the plaintiff pursuing two simultaneous actions (one in the First Circuit Court of Appeals, and one wherever the plaintiff files her new action). The possible result would be the litigation of the same claim twice, prejudicing the defendants. (See Gentile's Objection to Plaintiff's Motion to Dismiss Without Prejudice, Docket Document 62).

4. Plaintiff argues that the dismissal should be without prejudice because (a) plaintiff may become a member of a class in purported class actions pending in this court (See, Hunt v. Bayview Crematory LLC. et. al., No. 05-11140-RCL and Andersen et. al. v. Bayview Crematory LLC. et. al., No. 05-11904-RCL) and (b) plaintiff may

become a member of a class in a Massachusetts state court proceeding.  (See, Anzalone v. Bayview Crematory LLC. et. al., Essex County Superior Court No. 05-00789).

5.\tTo the extent that plaintiff wishes to preserve her right to participate in the purported class actions pending in this Court, she should move to join the cases.  To the extent that plaintiff wishes to participate in the state court proceeding, she is out of luck because class certification was denied and no interlocutory appeal has been taken.  (See Exhibit 1, Memorandum and Order on Plaintiff's Motion for Class Certification).

6.\tIf plaintiff's case is dismissed without prejudice she will be able to re-file the action, as an individual case or a class action, in any state or federal court with jurisdiction over the parties.  To the extent that plaintiff wishes to proceed in a representative capacity, the case is properly in federal court and should be resolved in this venue without dismissing the current action.

7.\tTo the extent the plaintiff wishes to proceed individually, the plaintiff should amend her complaint in this action and proceed accordingly.  Otherwise, this Court should impose conditions on the plaintiff's request for voluntary dismissal without prejudice.

8.\tA court can impose conditions on a motion to dismiss without prejudice.  Ritchey, 164 F.R.D. at 189; Fed.R.Civ.P. 41(a)(2).  Most often, the conditions imposed include requiring the plaintiff to bear the attorney's fees and costs of the dismissed defendants.  Id.; Doe, 216 F.3d 157; Therrien v. New England Tel. & Tel. Co., 102 F.Supp. 350 (1951).

9.\tIn this action, the proper conditions to impose, should this Court be inclined to grant the plaintiff's Motion,  include the awarding of attorneys fees and

costs to Ms. Stokes for the expenses incurred in opposing the plaintiff's motion to remand, in moving to dismiss the complaint, in answering the plaintiff's complaint, in responding to the premature appeal, and in opposing the instant motion.  <u>Therrien</u>, 102 F. Supp. 350.

    WHEREFORE, defendant Linda Stokes, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts, respectfully requests this Court deny plaintiff's motion for voluntary dismissal without prejudice.  In the alternative, Ms. Stokes requests this Court award her attorney's fees and costs incurred in opposing the plaintiff's motion to remand, in moving to dismiss the complaint, in answering the plaintiff's complaint, in responding to the premature appeal, and in opposing the instant motion, to be determined at such time as this Court Orders.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

  /s/ Mandi Jo Hanneke
William F. Ahern, Jr. (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA  02142
(617) 494-1920

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November 2006, a true and correct copy of this Opposition of the Defendant, Linda Stokes, Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence Massachusetts to the Plaintiff's Motion for Voluntary Dismissal Without Prejudice, was served on all counsel of record in this matter.

### *By Electronic Mail via CM/ECF*

David H. Charlip, Esq.
1930 Harrison Street
Suite 208
Hollywood, FL 33020
954-921-2131
954-921-2191 (facsimile)

Lisa DeBrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, MA 02110
617-854-3740
Counsel for Plaintiff

Dona Feeney, Esq.
Andrew R. Schulman, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
3 Executive Park Drive, Suite 9
Bedford, NH 03110
603-634-4300
Counsel for Bayview Crematory, LLC

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
617-227-3240 ext. 315
Counsel for John J. Gentile

Donald Frederico, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000
Counsel for President and Fellows of Harvard College

Edward Leibensperger, Esq.
Melissa Nott, Esq.
McDermott, Will & Emery
28 State Street
Boston, MA 02109
617-535-4000
Counsel for President and Fellows of Harvard College

    _/s/   Mandi Jo Hanneke_____
    Mandi Jo Hanneke

5

# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                              CIVIL ACTION
                                                              No. 05-789

PAUL ANZALONE, et al.

vs.

BAYVIEW CREMATORY, LLC, et al.

\*\*\*\*
MEMORANDUM AND ORDER ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

After hearing, and after careful review and consideration of the materials submitted by all parties, the plaintiffs' Motion for Class Certification is DENIED.

The motion requires examination of the six requirements for certification of any class action under Mass. R. Civ. P. 23 or under Fed. R. Civ. P. 23(b)(3): numerosity, commonality, typicality, adequacy, predominance, and superiority. The primary sticking-points here are predominance and superiority.

The plaintiffs allege emotional distress, inflicted recklessly and/or negligently by Bayview Crematorium and various funeral homes and funeral directors that did business with Bayview. The case is fundamentally unlike those which have become paradigmatic of class action practice: the securities, antitrust, consumer fraud, or other case in which economic damages result from conduct

having a common, and mathematically calculable, financial effect on class members,[1] or the case in which purely equitable relief is sought.[2] By contrast,

> "[a] 'mass accident' resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple law-suits separately tried."

Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 604 n.8 (1985), quoting the Advisory Committee Notes to the 1966 Revision of Fed. R. Civ. P. 23(b)(3); see also Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381, 399 n.19 (2004) (in product liability action for personal injuries,

---

[1] See, e.g., among Massachusetts cases: Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381 (2004) (class of smokers allege deceptive practices by manufacturers of "light cigarettes, and seek "benefit of the bargain" economic damages, eschewing personal injury claims; class certified under G.L. c. 93A, ¶9(2)); Eldridge v. Provident Companies, Inc., 2000 WL 289640 (Mass. Super. 2000; Toomey, J.) (class of insurance brokers complaining of insurer's manner of calculating commissions; Olson v. Energy North, Inc., 1999 WL 1332362 (Mass. Super. 1999; Gants, J.) (class of consumers who purchased unbranded or adulterated gasoline).

In referencing these cases I do not, of course, mean to suggest that the divide between cases that are appropriate or inappropriate for class action certification falls neatly along the line between economic and non-economic damages. See, e.g., Weld v. Glaxo-Wellcome Inc., 431 Mass. 81, 92 (2001) (affirming certification of consumer class in action complaining of pharmacy chain's release of personal medical information to drug manufacturers for promotional purposes; even assuming (without deciding) that "an individualized inquiry is necessary to determine damages for invasion of privacy ... such a necessity at the damages stage does not preclude class certification where all other requirements are met"). Nonetheless, the complexity and individuality of individualized damage determinations in a personal injury case – particularly when combined with individualized liability issues – is a significant factor disfavoring class treatment. See Fletcher, 394 Mass. at 603.

[2] See, e.g., Haverty v. Commissioner of Correction, 437 Mass. 737 (2002).

"unique and different experiences of each individual member of the class would require litigation of substantially separate issues and would defeat the commonality of interests in the certified class").

These observations – and the <u>Fletcher</u> court's further admonition that "[t]he usefulness of the class action mechanism is even less apparent in cases ... which involve allegations of misconduct by one or more defendants over an extended period of time," <u>id.</u> – ring particularly true in this case. It appears that there will be liability issues that are unique to particular class members.[3] Beyond this, the questions of whether, and to what extent, and on account of what conduct, any particular member of this proposed class has suffered compensable emotional distress promises to be a highly individualized inquiry. Although there certainly may be some questions of law and fact that will be common to many or all claims, the predominance of individual over common issues makes these cases inappropriate for class action treatment.

**ORDER**

For the foregoing reasons, the plaintiffs' Motion for Class Certification is DENIED.

Thomas P. Billings, Associate Justice

---

[3] For example, at least one group of proposed class members -- the Johnson family, plaintiffs in Norfolk Superior Court Civil Action 05-1184 – asserts at this stage that they can show actual, physical mishandling of their decedent's remains. Whether the Johnsons and/or others will be able to make this showing remains to be seen. It appears that many plaintiffs do not purport, at this stage, to have proof of physical mishandling of their specific decedents' remains, but allege that reports of a generalized disrespect for remains at the Bayview Crematorium, and/or an inability to provide proof that the proper decedent's remains were returned, have caused them emotional distress.